**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., and SONTERRA CAPITAL MASTER FUND, LTD., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CITIBANK, N.A., CITIGROUP INC., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, THE ROYAL BANK OF SCOTLAND GROUP PLC, RBS SECURITIES JAPAN LIMITED, UBS AG, UBS SECURITIES JAPAN CO. LTD., ING GROEP N.V., ING BANK N.V., ING CAPITAL MARKETS LLC, BNP PARIBAS, S.A., BNP PARIBAS NORTH AMERICA, INC., BNP PARIBAS SECURITIES CORP., BNP PARIBAS PRIME BROKERAGE, INC., OVERSEA-CHINESE BANKING CORPORATION LTD., BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., DEUTSCHE BANK AG, CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, CREDIT AGRICOLE S.A., CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, CREDIT SUISSE INTERNATIONAL, STANDARD CHARTERED BANK, STANDARD CHARTERED PLC, DBS BANK LTD., DBS GROUP HOLDINGS LTD., DBS VICKERS SECURITIES (USA) INC., UNITED OVERSEAS BANK LIMITED, UOB GLOBAL CAPITAL, LLC, AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., ANZ SECURITIES, INC., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, HSBC BANK USA, N.A., HSBC HOLDINGS PLC, HSBC NORTH AMERICA HOLDINGS INC., HSBC USA INC., MACQUARIE BANK LTD., MACQUARIE GROUP LTD., COMMERZBANK AG, AND JOHN DOES NOS. 1-50,

Defendants.

Docket No. 1:16-cv-05263-AKH

**MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE**
**APRIL 11, 2018 ORDER DENYING MOTIONS TO SEAL**

Pursuant to Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("L.C.R. 6.3"), Plaintiffs submit this memorandum of law in support of their motion for reconsideration of this Court's April 11, 2018 Order ("April 11 Order") Denying Motions to Seal. ECF No. 281. Plaintiffs request that the Court reconsider its April 11 Order only as to Exhibits 34-35 of the Declaration of Geoffrey M. Horn dated November 27, 2017 ("Horn Decl.") (ECF No. 250). Plaintiffs do not seek reconsideration of the April 11 Order with respect to the three memoranda referencing Exhibits 34-35 (ECF Nos. 249, 255, 259) nor Exhibit 36 to the Horn Decl.

**BACKGROUND**

As part of their opposition to Defendants' motion to dismiss the Second Amended Class Action Complaint ("SAC"), Plaintiffs moved to file under seal their unredacted Memorandum of Law and Exhibits 34-36 to the Horn Decl. in Support of the Memorandum. *See* ECF Nos. 251-52.[1] Exhibits 34 and 35 are Asset Purchase Agreements ("APAs") containing "sensitive and confidential information related to" Fund Liquidation Holdings LLC's ("FLH") "business practices and strategies." ECF No. 252, at 2. FLH operates in an underdeveloped niche market, and the APAs reflect the heart of its business model in that market, including its pricing strategy for the acquisition of assets, the scope of assets and rights acquired, and the means by which FLH can enforce or recover on such assets and rights. FLH continues to use similar APAs in its business.

This Court denied the motions to seal all memoranda related to the motion to dismiss and Exhibits 34-36 relating to the relevant transactions and the APAs. ECF No. 281.

[1] Defendants also moved to file their unredacted reply memorandum containing references to Exhibits 34-36 under seal. ECF Nos. 256-57. Plaintiffs moved to file under seal their memorandum in support of their motion for leave to file a sur-reply. ECF Nos. 260-61.

## ARGUMENT

### I. The APAs Are Not Judicial Documents

Under L.C.R. 6.3, the Court has discretion to reconsider an earlier order after being advised of controlling decisions that may have been overlooked and that may be expected to alter the court's decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a case exists here. Extrinsic evidence submitted with a Rule 12(b)(1) and 12(b)(6) motion, the motion made here, are generally not considered judicial documents and therefore the presumption of public access does not attach. *See Standard Inv. Chartered, Inc. v. National Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 65-66 (S.D.N.Y. 2007) ("*Standard I*") (analyzing whether documents filed with Rule 12 motions are judicial documents). The APAs fall squarely in this category of documents for which there is no presumption of public access. Based on this precedent, Exhibits 34 and 35 may be sealed.

Further, the APAs do not detail the relevant transactions that underlie Plaintiffs' claims.[2] Therefore, they are not critical to the Court's adjudicative process, and provide marginal utility to the public's monitoring of the federal courts' adjudicative process. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). Plaintiffs are not seeking to seal the claims-related transaction information (including Exhibit 36 to the Horn Decl.) nor any of part of the parties' three memoranda referring to the APAs (*see* ECF Nos. 249, 255, 259). If any information from the APAs is necessary to resolve the present motion to dismiss, such information is contained in the briefing and will be available to the public. *See, e.g.*, *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 95 F. Supp. 3d 860, 884 (D. Md. 2015), *aff'd*, 885 F.3d 271 (4th Cir. 2018) (sealing unredacted versions of deposition testimony pertaining to commercially sensitive information filed with summary judgment motion where some information was tangential and any relevant information was contained

[2] Exhibit 36 to the Horn Decl., for which we do not seek reconsideration, reflects a specific, relevant transaction by Plaintiff Sonterra Capital Master Fund, Ltd.

elsewhere in the record). The references to the APAs in the briefs do less harm to FLH because they do not provide an outsider with sufficient context to replicate FLH's business model. Full disclosure of the APAs and how various sections work in concert with each other, in contrast, would effectively allow any other individual to enter this niche business space with no additional effort. This Court should permit the APAs to be sealed to protect FLH's significant commercial interests.

## II. Sealing of the APAs Is Appropriate to Protect Confidential Business Information

Even if the APAs were considered judicial documents, sealing the APAs will preserve higher values, in this case protecting FLH from competitive harm, and is narrowly tailored to serve that interest. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006) (citing *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

To determine whether to seal judicial documents, a court must examine the weight of the common law presumption of access, which balances the document's role in the exercise of Article III judicial power with the value of the information to the public's monitoring the federal courts. *Lugosch*, 435 F.3d at 119. Next, the court considers the weight of the presumption of access against any competing considerations. *Id.* at 120 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")).

Using this analysis, courts have found that confidential business information, such as the APAs, is appropriate for sealing. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 CIV. 2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("*Standard II*") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) and holding that a party's interest in protecting confidential business information outweighed the qualified First Amendment presumption of public access to the judicial Fairness Opinion documents); *see also Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 14 -CV-09765 (KPF)(SN), 2018 WL 739580, at *19 (S.D.N.Y. Jan 10, 2018) (holding that disclosure of proprietary, competitively sensitive business information would put the

parties at a competitive disadvantage and that competitive harm overcame the presumption of access). In *Standard II*, a court in this district evaluated several considerations in deciding whether to seal a document, including: the extent of the sealing sought; potential damages resulting from disclosure; significance of the public interest at stake; the extent to which the party seeking sealing intends to prove its case by relying on documents it seeks to withhold from public scrutiny; and whether the matter is integral or tangential to the adjudication. *Standard II*, 2008 WL 199537, at *8; *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x 615, 617 (2d Cir. 2009) ("*Standard III*") (summary order) (finding *Standard II*'s conclusion that such factors outweighed the presumption of public access not clearly erroneous and not an abuse of discretion).

Here, every factor analyzed in *Standard II* favors sealing of the APAs. The extent of the sealing sought is minimal because Plaintiffs only seek the sealing of the two APAs, not the three briefs, with their quoting of portions of the APAs, or Exhibit 36 to the Horn Decl. reflecting relevant transactions underlying the claims. Sealing the APAs satisfies the narrow tailoring requirement because redaction of the documents would leave nothing of substance. *See Standard II*, 2008 WL 199537, at *9.

The potential damages sustained by FLH flowing from disclosure of the APAs are enormous. The APAs reflect FLH's business model in an underdeveloped, niche market, the disclosure of which would subject FLH to financial harm and significant competitive disadvantage because FLH continues to use similar APA models in its current business. Courts in this district and others have found such information reflects sufficient privacy interests to overcome the presumption of public access. *See, e.g.*, *Royal Park Investments*, 2018 WL 739580, at *19; *W. Penn Allegheny Health Sys., Inc. v. UPMC*, No. 2:12-cv-0692(JFC), 2013 WL 12141532, at *12–13 (W.D. Pa. Sept. 16, 2013) (Special Master's Report). The age of the information contained within judicial documents is a non-factor in assessing a party's privacy interest where the information remains

relevant for use in future negotiations. *W. Penn*, 2013 WL 12141532 at *12 (finding that an assessment of a competitor's strategy was not stale because similar analyses relating to the competitor and similarly situated entities would likely be performed in the future). FLH continues to use agreements similar to the APAs and will be a party to similar negotiations in the future. Disclosure of the APAs would harm FLH by informing both its potential acquisitions and competitors as to FLH's negotiation positions and could harm FLH in future transactions. Where a competitor or similarly situated entity can access previous negotiation information, it may be able to exploit the information and cause FLH competitive injury. *See id.*

The public has a *de minimus* interest in FLH's internal and specific business strategies and information. *See W. Penn*, 2013 WL 12141532, at *13. In contrast, FLH faces serious risk of competitive and economic injury and has established a countervailing interest that overrides any public interest in the APAs' disclosure. *See Standard II*, 2008 WL 199537, at *8. Disclosure of sensitive business information that would put a party at a competitive disadvantage is "comparable to other harms that courts have recognized as potentially sufficient to defeat the presumption in favor of disclosure." *Royal Park Investments*, 2018 WL 739580 at *19 (citing *Standard II*, 2008 WL 199537, at *8).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting their Motion for Reconsideration concerning the filing under seal of Exhibits 34-35 of the Horn Decl.

Dated: April 25, 2018
White Plains, New York

Respectfully submitted,

LOWEY DANNENBERG, P.C.

/s/ Geoffrey M. Horn

Geoffrey M. Horn
Vincent Briganti
Peter D. St. Phillip
44 South Broadway
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
Email: ghorn@lowey.com
vbriganti@lowey.com
pstphillip@lowey.com

*Counsel for Plaintiffs*