# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

RECEIVED SEP 12 2018 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/18
By ECF

[Handwritten note: The decision of Judge Ramos is received. All dec in the letter is stricken, with the admonition that no letter briefing ends without leave of court briefing is the Reply Brief. 9-13-18 /s/ AKH]

September 11, 2018

Hon. Alvin K. Hellerstein,
    Daniel Patrick Moynihan United States Courthouse,
        500 Pearl Street,
            New York, New York 10007-1312.

    Re:   *FrontPoint Asian Event Driven Fund, L.P.* v. *Citibank, N.A.,*
           No. 16-cv-05263 (AKH) (S.D.N.Y.)

Dear Judge Hellerstein:

    Defendants in the above-referenced action respectfully submit Judge Ramos's recent decision in *In re SSA Bonds Antitrust Litig.*, 1:16-cv-03711 (ER), 2018 WL 4118979 (S.D.N.Y. Aug. 28, 2018) ("*SSA Bonds*") (attached as Exhibit A) as supplemental authority relevant to Defendants' pending motion to dismiss.[1] *SSA Bonds* confirms the Court's ruling at the April 12, 2018 hearing that Plaintiffs' failure to "set out the specific transactions" that they claim "caus[ed] injury to their business or property"[2] demonstrates that Plaintiffs' claims should be dismissed for failure to allege actual injury.

    The plaintiffs in *SSA Bonds* claimed that the defendants "conspired to not compete against each other for the sale of USD SSA bonds to customers, and instead to cooperate to achieve prices and terms more favorable to them and worse for the[ir] customers." *SSA Bonds*, 2018 WL 4118979, at *2. The plaintiffs alleged that they were injured by the defendants because, "at some point during the Class Period, they transacted with certain [of the defendants] for USD SSA bonds," and, similar to here, the plaintiffs asserted that "*every* . . . transaction with the [defendants] closed at a price that

---

[1] Unless otherwise specified, all internal quotation marks, internal citations and alterations are omitted and all capitalized terms have the same meaning ascribed to them in Defendants' merits brief. (*See* Defs.' Brief in Support of their Motion to Dismiss the Corrected Second Amended Class Action Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim (ECF No. 243) ("Defs. Merits Br.").)

[2] *See* Hr'g Tr. (Apr. 12, 2018) ("Tr.") at 37:10-13; *see also id.* at 37:21-38:2; 48:6-8.

Hon. Alvin K. Hellerstein         -2-

was artificially inflated or deflated by the antitrust conspiracy." *Id.* at *6 (emphasis added). In their complaint, the plaintiffs quoted extensively from transcripts of chats and phone calls produced by two of the defendants, each of which had settled that action, supposedly "evincing collusive behavior." *Id.* at *2, *6. But not one of the over 150 communications cited in the complaint related to a transaction to which any of the plaintiffs was a party. *Id.* at *3, *6.

In *SSA Bonds*, Judge Ramos granted the defendants' motion to dismiss, reasoning that the plaintiffs did not plausibly allege injury-in-fact and therefore failed to state an antitrust claim. *Id.* at *9. Relying on the Second Circuit's recent decision in *Harry v. Total Gas & Power North America, Inc.*, 889 F.3d 104 (2d Cir. 2018),[3] the Court held that, although the plaintiffs' allegations cleared the low threshold for pleading injury-in-fact to establish Article III standing, the plaintiffs failed to plausibly allege actual injury sufficient to plead antitrust standing because they "have not alleged any specific transactions that had an artificially unfavorable price that injured them." *SSA Bonds*, 2018 WL 4118979, at *4, *6.

The Court rejected the plaintiffs' allegations of market-wide harm based upon "academic literature" that expressed "the unsurprising theory that 'less competition among dealers increases spreads and prices' paid by investors." *Id.* at *7. The Court found that the plaintiffs' generalized allegations of harm were insufficient because the plaintiffs failed to demonstrate that the alleged collusion in the SSA bond market actually caused the plaintiffs *themselves* to pay artificial prices. *Id.* Further, the Court held that the allegation that one of the plaintiffs traded certain bonds on the same day that the same type of bond was discussed in an allegedly collusive chat was insufficient to allege actual injury because, "the fact that [p]laintiff may have traded in the same 24 hour period as traders discussed manipulation is simply too thin a basis for the Court to infer that it is plausible that the traders' employers caused the [p]laintiff actual damages." *Id.* at *7. The Court concluded that, "[b]ecause [p]laintiffs do not even present evidence that they traded at artificial prices, they have alleged no actual injury, let alone a connection between [d]efendants' unlawful conduct and that non-injury." *Id.*

Judge Ramos's reasoning applies with equal force to this case. The SAC should be dismissed because Plaintiffs fail to plausibly allege that they suffered any actual injury caused by Defendants' alleged conduct. (*See* Defs. Merits Br. at 19-24, 44-45, 50.)[4]

---

[3] *See* ECF No. 291 (Defendants' letter submitting *Total Gas* as supplemental authority).

[4] While *SSA Bonds* notes in passing that "statistical analysis of market prices and quotes . . . *may* suffice to allege the expected impact of a manipulative tactic on a given market and the expected frequency of manipulation," 2018 WL 4118979, at *7 (quoting *In re London Silver Fixing, Ltd., Antitrust Litig.*, 2018 WL 3585277, at *27 n.36 (S.D.N.Y. July 25, 2018) (emphasis added)), this Court has already rejected

Hon. Alvin K. Hellerstein -3-

Plaintiffs plead no salient facts regarding their trading positions—let alone facts showing that their trading positions were actually adversely impacted by any alleged sporadic, multidirectional manipulation. (*Id.* at 22-23; Tr. at 37:10-13). Sonterra, moreover, fails to plead *any* plausible link between the FX forwards it allegedly traded and USD SIBOR, SGD SIBOR or SOR. (Defs. Merits Br. at 25-29.) As a result, Plaintiffs' claims should be dismissed because "[P]laintiffs failed to allege any specific transactions that they entered into that harmed them through the [D]efendants' misconduct." *SSA Bonds*, 2018 WL 4118979, at *6 (collecting cases).[5]

Respectfully submitted,

/s/ Matthew J. Porpora

Matthew J. Porpora

*Attorney for Defendants Barclays PLC, Barclays Bank PLC and Barclays Capital Inc.*

cc: All Counsel of Record (via ECF)

---

Plaintiffs' "so-called 'economic evidence'" as "irrelevant." *FrontPoint Asian Event Driven Fund, L.P.* v. *Citibank, N.A*, 2017 WL 3600425, at *11 (S.D.N.Y. Aug. 18, 2017). Plaintiffs' efforts to breathe new life into this previously-rejected economic evidence fail for the reasons set forth in Defendants' brief. (*See* Defs. Merits Br. at 20-22.)

[5] While Judge Ramos's decision in *SSA Bonds* addressed antitrust claims, it applies with equal force to all of Plaintiffs' claims in this action. (Defs. Merits Br. at 19-23, 44-45, 49-50.)

Judge wrote:

"The decision of Judge Ramos is received. All else in the letter is stricken, with the admonition that, without leave of court, briefing ends with the Reply Brief.

9-13-18
Alvin K. Hellerstein"