UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., and SONTERRA CAPITAL MASTER FUND, LTD., on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>CITIBANK, N.A., CITIGROUP INC., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, THE ROYAL BANK OF SCOTLAND GROUP PLC, RBS SECURITIES JAPAN LIMITED, UBS AG, UBS SECURITIES JAPAN CO. LTD., ING GROEP N.V., ING BANK N.V., ING CAPITAL MARKETS LLC, BNP PARIBAS, S.A., BNP PARIBAS NORTH AMERICA, INC., BNP PARIBAS SECURITIES CORP., BNP PARIBAS PRIME BROKERAGE, INC., OVERSEA-CHINESE BANKING CORPORATION LTD., BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., DEUTSCHE BANK AG, CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, CREDIT AGRICOLE S.A., CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, CREDIT SUISSE INTERNATIONAL, STANDARD CHARTERED BANK, STANDARD CHARTERED PLC, DBS BANK LTD., DBS GROUP HOLDINGS LTD., DBS VICKERS SECURITIES (USA) INC., UNITED OVERSEAS BANK LIMITED, UOB GLOBAL CAPITAL LLC, AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., ANZ SECURITIES, INC., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, HSBC BANK USA, N.A., HSBC HOLDINGS PLC, HSBC NORTH AMERICA HOLDINGS INC., HSBC USA INC., MACQUARIE BANK LTD., MACQUARIE GROUP LTD., COMMERZBANK AG, AND JOHN DOES NOS. 1-50,<br>                              Defendants. | Docket No.: 1:16-cv-05263-AKH<br><br>**MEMORANDUM OF THE SINGAPORE BANKS IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, CERTIFICATION FOR INTERLOCUTORY APPEAL** |

DBS Bank Ltd ("DBS"), Oversea-Chinese Banking Corporation Limited ("OCBC"), and United Overseas Bank Limited ("UOB") (collectively, the "Singapore Banks"), by and through their undersigned counsel, respectfully submit this memorandum in support of their motion for reconsideration or, alternatively, certification for interlocutory appeal. The Singapore Banks join in, adopt, and incorporate by reference the arguments set forth in the Memorandum of The Hongkong and Shanghai Banking Corporation's Motion for Reconsideration Or, Alternatively, Certification for Interlocutory Appeal (the "HBAP Memorandum"), and in further support thereof, respectfully state as follows:

The Court's conclusion in its Opinion and Order Granting in Part and Denying in Part Defendants' Motions to Dismiss dated October 4, 2018 (the "Opinion") that "the assertion of personal jurisdiction would 'comport with fair play and substantial justice,'" overlooked that the Singapore Banks are <u>not</u> "alleged to have substantial presence in the U.S." Opinion at 19. Each of the Singapore Banks is a Singaporean financial institution organized and existing under the laws of Singapore, with its headquarters and principal place of business in Singapore. *See* Declaration of Debbie Lam Thuan Meng, dated Nov. 18, 2016 ("Meng Decl."), ECF No. 174, at ¶¶ 2-3; Declaration of Frederick Chong Shen, dated Nov. 16, 2016 ("Shen Decl."), ECF No. 165, at ¶ 2; Declaration of Beh Ean Lim, dated Nov. 17, 2016 ("Beh Decl."), ECF No. 171, at ¶ 2; *see also* SAC ¶¶ 112, 133, 135. Each of the Singapore Banks has a very limited United States presence, and plaintiffs do not, and cannot, allege otherwise. DBS's only United States office is a Representative Office in Los Angeles, California that employed only 31 of DBS's 21,800 employees worldwide and accounted for less than 1% of its total revenues in 2015. *See* Meng Decl. ¶¶ 4-5; *see also* SAC ¶ 133. Similarly, OCBC maintains two small agency offices, one in New York and one in California, which together employed only 32 of OCBC's 29,000

employees worldwide and contributed approximately 1.01% of its total net profit before income tax as of December 31, 2015. *See* Shen Decl. ¶¶ 3-4; *see also* SAC ¶ 113. UOB also maintains two small agency offices, one in New York and one in California, which collectively employed only 52 of UOB's approximately 25,000 employees worldwide and held approximately 3% of UOB's total global assets as of December 31, 2015. *See* Beh Decl. ¶¶ 3, 5; *see also* SAC ¶ 135. None of the Singapore Banks' United States offices or employees was involved in the determination or submission of SIBOR or SOR component benchmarks, which the Singapore Banks made entirely from Singapore. *See* Meng Decl. ¶¶ 6-7; Shen Decl. ¶ 8; Beh Decl. ¶¶ 4, 6. The Singapore Banks' limited contacts with the United States fall far short of a "substantial presence" and bear no relationship to plaintiffs' claims in the SAC.

Indeed, plaintiffs also do not allege (and could not allege) that any of these United States offices of the Singapore Banks actually engaged in any derivatives-related trading in the United States which involved financial instruments priced, benchmarked, and/or settled based on SIBOR or SOR. *See* SAC ¶ 70 & n.24; Meng Decl. ¶ 7 (DBS's "California Office . . . did not engage in trading of SIBOR-based derivatives or SOR-based derivatives during the relevant time period."); Shen Decl. ¶ 6 (OCBC's United States agency offices "do not and have not engaged in futures or derivatives trading of any kind."); Beh Decl. ¶ 6 ("UOB's United States agency offices do not engage in any derivatives-related trading in the United States which involved financial instruments priced, benchmarked, and/or settled based on SIBOR or SOR."). Thus, the Court's conclusion that "[t]here is little burden in requiring them to *answer the allegations that they entered into collusive transactions in the U.S.*" (Opinion at 20) (emphasis added) is not correct as to the Singapore Banks, because Plaintiffs do not and cannot allege a single relevant transaction by the Singapore Banks in the United States.

Moreover, in concluding that the United States trading activities of two other defendants "can form the basis of specific jurisdiction . . . for all the Panel Member defendants who participated in the conspiracy" (Opinion at 18), the Court overlooked the implausibility of the Singapore Banks' alleged participation in a conspiracy to manipulate financial products in the United States.  The Court noted that "[t]he jurisdictional relevance of an act depends on the goal of the conspiracy."  Opinion at 17.  But the Singapore Banks respectfully submit that if "U.S.-based trading" was "the object of the conspiracy" (*id*. at 19), there would be no reason for the Singapore Banks to have joined such a conspiracy.  *See* Meng Decl. ¶ 7; Shen Decl. ¶ 6; Beh Decl. ¶ 6.

During oral argument on the motion to dismiss plaintiffs' first amended complaint, the Court admonished plaintiffs: "You have to allege, to make out a specific jurisdiction claim, that the conspirators in Singapore intended to profit by their conspiracy and manipulation in derivative contracts made in New York.  You've got to allege that."  Transcript of Apr. 27, 2017 Proceedings, ECF No. 213, at 20:20-24.  Plaintiffs have failed to do so as to the Singapore Banks, which is fatal to the exercise of jurisdiction over them.

## CONCLUSION

For the foregoing reasons, and those set forth in the HBAP Memorandum, the Singapore Banks respectfully request that the Court grant their motion for reconsideration and dismiss the SAC in its entirety as against the Singapore Banks, or, in the alternative, certify the Opinion, with respect to this issue, for immediate appeal pursuant to 28 U.S.C. § 1292(b).

Dated: October 18, 2018

Respectfully submitted,

| | |
|---|---|
| /s Gary W. Kubek<br>Gary W. Kubek<br>Erica S. Weisgerber<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 909-6000<br>Fax: (212) 909-6836<br>gwkubek@debevoise.com<br>eweisgerber@debevoise.com<br><br>*Attorneys for defendant DBS Bank Ltd* | /s C. Fairley Spillman<br>C. Fairley Spillman<br>AKIN GUMP STRAUSS HAUER &<br>FELD LLP<br>1333 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone: (202) 887-4000<br>fspillman@akingump.com<br><br>Nicholas Adams<br>580 California Street<br>San Francisco, CA 94104<br>Telephone: (415) 765 9529<br>nadams@akingump.com<br><br>*Attorneys for defendant Oversea-Chinese Banking Corporation Limited* |
| /s Dale C. Christensen, Jr.<br>Dale C. Christensen, Jr.<br>Michael B. Weitman<br>SEWARD & KISSEL LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 574-1200<br>Fax: (212) 480-8421<br>christensen@sewkis.com<br>weitman@sewkis.com<br><br>*Attorneys for defendant United Overseas Bank Limited* | |