UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., and SONTERRA CAPITAL MASTER FUND, LTD., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITIBANK, N.A., CITIGROUP INC., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, THE ROYAL BANK OF SCOTLAND GROUP PLC, RBS SECURITIES JAPAN LIMITED, UBS AG, UBS SECURITIES JAPAN CO. LTD., ING GROEP N.V., ING BANK N.V., ING CAPITAL MARKETS LLC, BNP PARIBAS, S.A., BNP PARIBAS NORTH AMERICA, INC., BNP PARIBAS SECURITIES CORP., BNP PARIBAS PRIME BROKERAGE, INC., OVERSEA-CHINESE BANKING CORPORATION LTD., BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., DEUTSCHE BANK AG, CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, CREDIT AGRICOLE S.A., CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, CREDIT SUISSE INTERNATIONAL, STANDARD CHARTERED BANK, STANDARD CHARTERED PLC, DBS BANK LTD., DBS GROUP HOLDINGS LTD., DBS VICKERS SECURITIES (USA) INC., UNITED OVERSEAS BANK LIMITED, UOB GLOBAL CAPITAL LLC, AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., ANZ SECURITIES, INC., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, HSBC BANK USA, N.A., HSBC HOLDINGS PLC, HSBC NORTH AMERICA HOLDINGS INC., HSBC USA INC., MACQUARIE BANK LTD., MACQUARIE GROUP LTD., COMMERZBANK AG, AND JOHN DOES NOS. 1-50,<br><br>        Defendants. | Docket No.: 1:16-cv-05263-AKH<br><br>**REPLY MEMORANDUM OF THE SINGAPORE BANKS IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, CERTIFICATION FOR INTERLOCUTORY APPEAL** |

DBS Bank Ltd. ("DBS"), Oversea-Chinese Banking Corporation Ltd. ("OCBC"), and United Overseas Bank Limited ("UOB") (collectively, the "Singapore Banks"), by and through their undersigned counsel, respectfully submit this reply memorandum in further support of their motion for reconsideration or, alternatively, certification for interlocutory appeal. The Singapore Banks join in, adopt, and incorporate by reference the arguments set forth in the Reply Memorandum In Further Support of The Hongkong and Shanghai Banking Corporation Ltd.'s Motion for Reconsideration or, Alternatively, Certification for Interlocutory Appeal (the "HBAP Reply Memorandum"), and in further support thereof, respectfully state as follows:

The two separate arguments set forth in Plaintiff's Memorandum of Law in Opposition to the Singapore Banks' motion ("Opposition" or "Opp.") add nothing to the other arguments responded to in the HBAP Reply Memorandum. First, as with HBAP, Plaintiff does not dispute that the Court was incorrect in concluding that the Singapore Banks are "alleged to have substantial presence in the U.S." Opinion at 19. Instead, the Opposition incorrectly asserts, that this is "irrelevant." Opp. at 1. But the Court itself identified that erroneous belief as the basis for its holding that the second part of the due process test – that "the assertion of personal jurisdiction 'would comport with fair play and substantial justice'" – was "readily met." *Id.* (citation omitted).

As explained in the Singapore Defendants' opening brief, each of these defendants is a financial institution organized and existing under the laws of Singapore, with its headquarters and principal place of business in Singapore, and each had only a tiny presence in the United States, consisting of one or two small offices that employed in total only about 30 (DBS and OCBC) or 50 (UOB) people. None of those offices had any involvement in the submission of the SIBOR benchmark, and none engaged in any SIBOR- or SOR-based

derivatives trading in the United States.  *See* Opening Brief at 1-2.  In sum, the Singapore Banks did not have a "substantial presence" in the United States, and none engaged in activities here such that it "could foresee being haled into court [here]," *Licci ex re. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013), for claims having nothing to do with its extremely limited activities in this country.  Plaintiff offers no authority for its assertion that the exercise of jurisdiction satisfies due process simply because these are "three wealthy multinational banks" that "would have the resources to defend a lawsuit in the United States."  Opp. at 1-2.

Second, Plaintiff mistakenly argues that "the Singapore Banks misunderstand the nature of the conspiracy Plaintiff has alleged." Opp. at 2.  But it is Plaintiff that mischaracterizes the nature of the allegations against the Singapore Banks in its SAC.  Plaintiff claims that "the Court expressly found that Plaintiff had plausibly alleged that all Panel Members conspired to manipulate financial products in the United States, '*whether or not they themselves traded derivatives in the U.S.*'" *Id*. (emphasis added in Opp.)  However, the SAC contains no such allegations with respect to the Singapore Defendants.  Indeed, the SAC does not even allege *any* trading of SIBOR- or SOR-based derivatives by the Singapore Defendants during the alleged class period, whether in New York or elsewhere, either in the paragraphs of the SAC that identify and describe the Singapore Defendants, s*ee* SAC ¶¶ 112-13 (OCBC), 133 (DBS), 135 (UOB), or in any other part of the SAC.  Although Plaintiff alleges that various Defendants used certain cities as "hubs for their interest rate and/or foreign exchange derivatives trading," the three Singapore Banks are notably absent from those allegations.  SAC ¶ 25.  In addition, although Heading 4 above paragraph 70 of the SAC asserts that "Each Defendant Purposefully Availed Itself of the Privilege of Trading SIBOR- and SOR- Based Derivatives with U.S. Investors," the succeeding paragraphs contain no references to any such trading by the Singapore

Defendants in any location during the alleged class period.[1] Moreover, while the SAC contains allegations of trading of SIBOR-based derivatives by certain Defendants in the U.S. or with U.S. customers, *see, e..g.*, ¶¶ 6, 22, 24, 26, 29, 33, 38, none of those allegations mentions trading by any of the Singapore Banks or alleges that the Singapore Banks profited through SIBOR-based derivatives trading anywhere.

Given this absence of allegations against the Singapore Defendants, Plaintiff lacks any support for its contention that "by helping some Panel Members profit from manipulated trades in the United States, they obtained insider knowledge of the rates and the chance to be assisted in turn on their own trades in the future." Opp. at 2. Similarly, there is no support for Plaintiff's assertion that the SAC "plausibly alleged that [the Singapore Banks] conspired to manipulate financial products in the United States." *Id*.

---

[1] Plaintiff's allegation that various defendants, including OCBC, "are listed" on Bloomberg as offering SIBOR- or SOR-based derivatives relies on screenshots from October 28, 2016, which are irrelevant to OCBC's alleged activities during the alleged class period, which ended almost five years earlier. SAC, Ex. G.

3

## CONCLUSION

For the foregoing reasons, and those set forth in the HBAP Reply Memorandum, the Singapore Banks respectfully request that the Court grant their motion for reconsideration and dismiss the SAC in its entirety as against the Singapore Banks, or, in the alternative, certify the Opinion, with respect to this issue, for immediate appeal pursuant to 28 U.S.C. § 1292(b).

Dated: November 8, 2018

Respectfully submitted,

| | |
|---|---|
| /s/ Gary W. Kubek | /s/ C. Fairley Spillman |
| Gary W. Kubek | C. Fairley Spillman |
| Erica S. Weisgerber | AKIN GUMP STRAUSS HAUER & |
| DEBEVOISE & PLIMPTON LLP | FELD LLP |
| 919 Third Avenue | 1333 New Hampshire Avenue, N.W. |
| New York, New York 10022 | Washington, D.C. 20036 |
| Telephone: (212) 909-6000 | Telephone: (202) 887-4000 |
| Fax: (212) 909-6836 | fspillman@akingump.com |
| gwkubek@debevoise.com | |
| eweisgerber@debevoise.com | Nicholas Adams |
| | 580 California Street |
| *Attorneys for Defendant DBS Bank Ltd.* | San Francisco, CA 94104 |
| | Telephone: (415) 765 9529 |
| | nadams@akingump.com |
| | |
| | *Attorneys for Defendant Oversea-Chinese Banking Corporation Limited* |

 /s/ Dale C. Christensen, Jr.
Dale C. Christensen, Jr.
Michael B. Weitman
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Fax: (212) 480-8421
christensen@sewkis.com
weitman@sewkis.com

*Attorneys for Defendant United Overseas Bank Limited*