IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P. et al.,

    Plaintiffs,

-against-

CITIBANK, N.A. et al.,

    Defendants.

Docket No. 16-cv-05263 (AKH)

**[PROPOSED] ORDER
PRELIMINARILY APPROVING CLASS ACTION SETTLEMENTS WITH CITIBANK,
N.A., CITIGROUP INC., JPMORGAN CHASE & CO., AND JPMORGAN CHASE
BANK, N.A., AND CONDITIONALLY CERTIFYING A SETTLEMENT CLASS**

UPON the Stipulation and Agreement of Settlement as to Defendants Citibank, N.A. and Citigroup Inc. ("Citi") dated May 22, 2018 (the "Citi Agreement") between Representative Plaintiffs and Citi, and the Stipulation and Agreement of Settlement as to Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan") dated November 14, 2018 (the "JPMorgan Agreement" and collectively with the Citi Agreement, the "Settlement Agreements") between Representative Plaintiffs and JPMorgan;

UPON all submissions in connection with Plaintiffs' Motion for Preliminary Approval of Class Action Settlements with Citi and JPMorgan;

UPON the consent of Citi and JPMorgan to the relief requested in such motion; and

UPON all prior proceedings herein;

NOW, THEREFORE, pursuant to the Federal Rule of Civil Procedure 23,

IT IS HEREBY ORDERED that:

1. Except for the terms defined herein, the capitalized terms used shall have the meanings set forth in the Settlement Agreements. Representative Plaintiffs, Citi, and JPMorgan are collectively referred to as the "Settling Parties."

2. The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreements, including all exhibits thereto, and the respective Settlements contained therein, under 28 U.S.C. § 1331, and that it has personal jurisdiction over the Parties and all members of the Settlement Class for purposes of approving the Settlements.

3. The Court preliminarily approves these Settlements, as set forth in the respective Settlement Agreements, as being entered into at arm's length by experienced counsel and within the range of what may be found to be fair, reasonable, and adequate to the Settlement Class for the claims against Citi and JPMorgan, and finds that notice of the Settlements should be given to members of the Settlement Class. This preliminary approval is subject to the right of any such

member of the Settlement Class to challenge the fairness, reasonableness, or adequacy of the Settlements and to show cause, if any exists, why a final judgment dismissing the action against Citi and JPMorgan, and ordering the release of the Released Claims against the Released Parties should not be entered after due and adequate notice to such Settlement Class. The procedure for such notice to members of the Settlement Class shall be established in a later order.

4.     Solely for purposes of the Settlements, the Settlement Class is hereby preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court conditionally certifies the following Settlement Class solely for purposes of the Settlements of the claims against Citi and JPMorgan, respectively:

> All Persons (including both natural persons and entities) who purchased, sold, held, traded, or otherwise had any interest in SIBOR- and/or SOR-based Derivatives[1] during the period of January 1, 2007 to December 31, 2011. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

5.     Notwithstanding the sentence above that "[e]xcluded from the Settlement Class are the Defendants (as defined in the Settlement Agreements) and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government," and solely for purposes of these Settlements and this Settlement Class:

---

[1] "SIBOR- and/or SOR-Based Derivatives" means (i) a SIBOR- and/or SOR-based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (ii) an option on a SIBOR- and/or a SOR-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iii) a Singapore Dollar currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iv) a SIBOR- and/or SOR-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S; and/or (v) a SIBOR- and/or SOR-based foreign exchange swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.

(a) with respect to the Citi Agreement, Investment Vehicles[2] are not to be excluded from the Settlement Class.  However, to the extent that Citi directly or indirectly holds a beneficial interest in an Investment Vehicle, that interest held by Citi in the Investment Vehicle is excluded from the Settlement Class; and

(b) with respect to the JPMorgan Agreement, Investment Vehicles[3] are not to be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants.  However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class.

6. The Court appoints Lowey Dannenberg, P.C. as Class Counsel to such Settlement Class for purposes of the Settlements, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. The Court appoints Amalgamated Bank as Escrow Agent for purposes of the Settlement Funds defined in the Citi Agreement (the "Citi Settlement Fund") and the JPMorgan Agreement (the "JPMorgan Settlement Fund", and collectively with the Citi Settlement Fund, the "Settlement Funds").

---

[2] As to Citi: "Investment Vehicles" means any investment company, separately managed account or pooled investment fund managed or advised by Citi or an affiliate, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans as to which Citi or its affiliates acts as investment advisor or otherwise may be a fiduciary.

[3] As to JPMorgan: "Investment Vehicles" means any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans.

8. The Court preliminarily approves the establishment of the Settlement Funds as qualified settlement funds pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

9. FrontPoint Asian Event Driven Fund, L.P., Sonterra Capital Master Fund, Ltd., and Fund Liquidation Holdings LLC will serve as representatives of such Settlement Class for purposes of the Settlements.

10. The timing, plan, and forms of the Class Notice to the Settlement Class and the date of the Fairness Hearing before this Court to consider any member(s) of the Settlement Class's objections to final approval of the Settlements and to consider the fairness, adequacy and reasonableness of the proposed Settlements and Settlement Agreements shall all be determined by separate order of this Court.

11. At a later date, Class Counsel shall submit for the Court's approval a proposed plan of distribution of the Settlement Funds.

12. Neither this Order, the Settlement Agreements, the Settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreements or Settlements, whether or not the Settlements shall become final, is or shall be deemed or construed to be an admission, adjudication, or evidence of (i) any violation of any statute or law or of the validity of any claims, alleged wrongdoing, or liability of Citi, JPMorgan, or any Released Party; (ii) the incurrence of any damage, loss, or injury by Representative Plaintiffs or any Person; (iii) the existence or amount of any artificiality; (iv) any fault or omission of Citi or JPMorgan in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (v) the propriety of certification of a class other than solely for purposes of the Settlements. Further, neither this Order, the Settlement Agreements, nor the Settlements contained therein, whether or not the Settlements shall become final, nor any negotiations, documents and discussions

associated with them, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under either Settlement Agreement or an action in which either Settlement Agreement is asserted as a defense (in which case this paragraph does not apply to the relevant Settlement Agreement or Agreements). All rights of Citi, JPMorgan, and Representative Plaintiffs are reserved and retained if either Settlement does not become final in accordance with the terms of its respective Settlement Agreement.

13. Neither this Order, the Settlement Agreements, the Settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreements or the Settlements is or may be used as an admission or evidence that the claims of Representative Plaintiffs lacked merit in any proceeding against anyone other than Citi and JPMorgan in any court, administrative agency, or other tribunal.

14. In the event that either Settlement Agreement is terminated in accordance with its provisions, the terminated Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the governing Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties to the terminated Settlement Agreement, and the members of the Settlement Class.

15. Except as otherwise provided herein, in the event that one or both of the Settlement Agreements is terminated, vacated, not approved, or the Effective Date fails to occur for any reason, then the Parties to such Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date and the Settlement Amount, and all interest earned in the Settlement Fund on that Settlement Amount, shall be refunded, reimbursed, and repaid to the Settling Defendant(s) to the extent provided in the respective Settlement Agreements.

16. If either Settlement is terminated pursuant to Section 21 of the respective Settlement Agreements or if either Settlement is ultimately not approved or does not become final for any reason, the Court will modify any existing scheduling order to ensure that the Parties to that Settlement Agreement will have sufficient time to prepare for the resumption of litigation.

17. All proceedings in the action as to Citi and JPMorgan, other than proceedings as may be necessary to implement the proposed Settlements or to effectuate the terms of the Settlement Agreements, are hereby stayed and suspended until further order of this Court.

18. All members of the Settlement Class and their legally authorized representatives, unless and until they have submitted a timely request for exclusion from the Settlement Class pursuant to the instructions included in the Class Notice to be approved by this Court (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined from (i) filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Class (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; (iii) attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims; and (iv) assisting any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

19. The Court's preliminary certification of the Settlement Class and appointment of Representative Plaintiffs as class representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Representative Plaintiffs to certify a class. The Court's findings in this Preliminary Approval Order shall have no effect on the

Court's ruling on any motion to certify any class in this litigation, or appoint class representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

ENTERED this _____ day of _____, _____.

                                                                                 Hon. Alvin K. Hellerstein
                                                                                 United States District Judge