UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund L.P., on behalf of itself and all others similarly situated,<br><br>       *Plaintiff*,<br><br> v.<br><br>CITIBANK, N.A., *et al.*,<br><br>       *Defendants*. | :<br>:<br>:<br>: Civil Action No.: 1:16-cv-05263-AKH<br>:<br>: Hon. Alvin K. Hellerstein<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DECLARATION OF BRIAN JAMES MADDIGAN IN SUPPORT OF AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD.'S MOTION TO DISMISS**

I, Brian James Maddigan, hereby declare:

  1.  I am a Senior Lawyer in the Dispute Resolution Group of Australia and New Zealand Banking Group Ltd. ("ANZBGL"). I submit this declaration in further support of ANZBGL's motion to dismiss the above-captioned action. The facts set forth below are true and correct to the best of my knowledge based on: (a) certain publicly available documents; (b) certain pre-existing, reasonably accessible, and readily interrogable records centrally maintained by ANZBGL in the regular course of business; and (c) certain information made available to me within ANZBGL.

  2.  This declaration supplements the Declaration of Guy Gaudion dated November 18, 2016 (ECF No. 146) in order to detail the narrower subset of facts that remain potentially pertinent to the Court's assessment of issues as narrowed by its Opinion dated October 4, 2018, which dismissed all claims except those asserted by Fund Litigation Holdings, Ltd. as successor in interest to FrontPoint Asian Event Driven Fund, L.P. based on an alleged assignment of a claim arising out of certain swap trades that referenced the Singapore Dollar Singapore Interbank

Offered Rate ("SGD SIBOR Rate") in the period January to May 2010 (the "FrontPoint Trading Period").

3. ANZBGL is a financial institution incorporated under the laws of Australia. Its headquarters is and has been located in Melbourne, Australia. Since 2010, ANZBGL's headquarters has been located at 833 Collins Street, Docklands, Melbourne, Victoria 3008, Australia. ANZBGL's principal places of business are and have been Australia and New Zealand.

4. As of September 30, 2016, on a consolidated basis with its separately incorporated subsidiaries, ANZBGL operated in 34 markets globally and had approximately 1,127 branches, offices, representative offices, and agencies (collectively, "Points of Representation") worldwide. Approximately 984 of these Points of Representation were located in Australia and New Zealand and five were located in the United States, including one in New York and four in the U.S. territories of Guam and American Samoa.

5. As of September 30, 2016, ANZBGL's sole Point of Representation in New York was ANZBGL's federally licensed New York branch, located at 277 Park Avenue, 31st Floor, New York, New York.

6. As of September 30, 2016, ANZBGL had six active direct or indirect subsidiaries in the United States. These included ANZBGL's U.S. broker-dealer subsidiary, ANZ Securities, Inc., located in New York and five subsidiaries located in Guam and American Samoa.

7. As of September 30, 2016, on a consolidated basis with its separately incorporated subsidiaries, ANZBGL employed approximately 46,554 full-time equivalent employees, including fixed-term contractors. Approximately 27,820 of these employees were based in Australia and New Zealand and approximately 240 of these employees were based in

the United States, including approximately 140 employees in New York and approximately 100 employees in Guam and American Samoa. These figures were substantially similar in July 2016.

8. During the year ended September 30, 2016, ANZBGL's operations in the United States and the operations of ANZBGL's separately incorporated subsidiaries in the United States accounted for a small minority of ANZBGL's consolidated worldwide operations. For example:

    a. As of September 30, 2016, on a consolidated basis with its separately incorporated subsidiaries, ANZBGL had approximately US$696.856 billion of total assets. As of the same date, ANZBGL's New York branch had approximately US$15.119 billion of total claims on non-related parties, excluding all claims on related depository institutions, and ANZ Securities, Inc. had US$110.1 million of total assets.

    b. For the year ended September 30, 2016, approximately 2% of ANZBGL's consolidated total operating income was attributable to ANZBGL's New York branch and ANZ Securities, Inc.

    c. For the year ended September 30, 2016, approximately 2% of ANZBGL's consolidated profit before income tax was attributable to ANZBGL's New York branch and ANZ Securities, Inc.

9. There was no material change in the operations of ANZBGL's New York branch or ANZ Securities, Inc. in the period from July 1, 2016 through September 30, 2016.

10. ANZBGL has not had American Depositary Receipts ("ADRs") listed on the New York Stock Exchange ("NYSE") since 2007. ANZBGL's ADRs were listed on the NYSE on December 6, 1994. On June 20, 2007, ANZBGL announced its intention to withdraw this listing and also to fully deregister from the U.S. Securities and Exchange Commission's ongoing

reporting obligations.  ANZBGL's ADRs were delisted from the NYSE as of July 12, 2007, and thereafter moved to a Level 1 Sponsored Program pursuant to which it is possible for the ADRs to be traded in the over-the-counter securities market on the OTC Link LLC electronic platform operated by OTC Markets Group Inc. in the United States.

11. ANZBGL did not contribute to the SGD SIBOR Rate and was not a member of the panel of banks that did so contribute between January 2010 and May 2010, the only period during which FrontPoint Asian Event Driven Fund L.P. allegedly traded in SGD SIBOR-based swaps.  (*See* TAC ¶ 197.)

12. Out of the four-year class period of January 1, 2007 through December 31, 2011 alleged in the Third Amended Class Action Complaint (the "TAC" and the "Alleged Class Period"), ANZBGL contributed to the SGD SIBOR Rate only from July 19, 2010 through December 31, 2011 (the "Contribution Period").

13. To the limited extent that ANZBGL contributed, only ANZBGL's Singapore branch ("ANZ Singapore") formulated ANZBGL's SGD SIBOR Rate submissions and submitted them to the Association of Banks in Singapore or its agent.

14. Specifically, ANZBGL's SGD SIBOR Rate submissions:

   a. were formulated and submitted by traders in ANZ Singapore's Markets division who were physically located in Singapore;

   b. were not formulated or submitted by any employees of ANZBGL's New York branch; and

   c. were not submitted from any ANZBGL office in the United States.

15. ANZBGL, including ANZBGL's New York branch, did not initiate or enter into any trades in derivatives the price of which is calculated based on the SGD SIBOR Rate,

including interest rate swaps and forward rate agreements ("SGD SIBOR-Based Derivatives"), with any external counterparties, whether located in the United States or elsewhere, during any part of the Alleged Class Period, including but not limited to the Contribution Period or the FrontPoint Trading Period.

16.     I understand that Plaintiffs allege that Exhibit G to the TAC shows "screenshots of all 11 Defendants' dealer pages listing SIBOR- and SOR-based derivatives for sale on Bloomberg." (TAC ¶ 74.) Only page 2 of Exhibit G appears to relate to ANZBGL. The screenshot appears to have been taken on October 28, 2016, nearly five years after the Alleged Class Period, and appears to show a non-executable listing for "SGD Swaps."

17.     During neither the Alleged Class Period, nor the FrontPoint Trading Period, nor the Contribution Period did ANZBGL's dealer page on Bloomberg include any SGD SIBOR-Based Derivatives. To the extent ANZBGL's dealer page on Bloomberg included "SGD Swaps," those swaps would not have been calculated based on the SGD SIBOR Rate, but rather would have been calculated based on the Singapore Swap Offer Rate ("SOR"). In any event, as stated in paragraph 15 above, ANZBGL did not initiate or enter into any trades in SGD SIBOR-Based Derivatives with any external counterparties during the Alleged Class Period, the FrontPoint Trading Period or the Contribution Period.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of November, 2018 in Melbourne, Australia.

By: _____
Brian James Maddigan