

# LOWEY DANNENBERG, P.C.

[Handwritten note:
1. Def't's motion to dismiss the TAC is appropriately made + raises issues not previously decided.
2. The status conf. set for Nov. 28, 2018 is cancelled. A new date will be set at the determination of the motion.
11-21-18
/s/ Alvin K. Hellerstein]

November 19, 2018

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007-1312

Re: *FrontPoint Asian Event Driven Fund, L.P., et al. v. Citibank, N.A., et al.*, No. 16-cv-05263 (AKH)

Dear Judge Hellerstein:

We represent Plaintiff Fund Liquidation Holdings LLC ("Plaintiff" or "FLH") and write in response to Defendants' request to adjourn the November 28, 2018 status conference and to Defendants' Motion to Dismiss the Third Amended Class Action Complaint ("TAC"). ECF Nos. 318, 330. Both filings are transparent attempts to delay this action from proceeding to discovery. Plaintiff submits that the November 28 conference should proceed as scheduled.

Further, for the reasons set forth below, Defendants' motion to dismiss should immediately be stricken, as it violates Fed. R. Civ. P. 12(g) and the law of the case doctrine. Should the Court require more extensive briefing on Defendants' motion, Plaintiff respectfully requests a modest 11-day extension of time, from November 29 to December 10, to file an opposition brief.

### A. The November 28 Conference Should Proceed as Scheduled.

The November 28 conference should not be adjourned pending Defendants' motion to dismiss.[1] Instead, the Court and the parties should use that conference to confer about discovery, which Plaintiff believes should commence immediately with initial disclosures and requests for production of documents. Plaintiff has already provided Defendants with a draft discovery scheduling order that is modeled on other scheduling orders in similarly large and complex litigations in this District.[2] Plaintiff has also provided Defendants with a draft protocol for production of electronically

---

[1] There is no automatic stay of discovery pending a motion to dismiss. *E.g. Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 19, 2016) ("Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.") (quoting *Moran v. Flaherty*, No. 92 CIV 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)).

[2] A copy of the draft scheduling order is attached hereto as Exhibit A.

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777



# LOWEY DANNENBERG, P.C.
www.lowey.com

Ltr. to Hon. Alvin K. Hellerstein
November 19, 2018
Page 2

stored information, a draft protective order, and an overview of the topics on which Plaintiff intends to seek document discovery. Following preliminary approval of Plaintiff's settlements with Citibank N.A., Citigroup Inc., JPMorgan Chase & Co., and JPMorgan Chase Bank, N.A., Plaintiff will receive cooperation materials from those Defendants which will further inform Plaintiff's discovery efforts.

### B. Defendants' Third Motion to Dismiss Violates Fed. R. Civ. P. 12(g)(2) and the Law of the Case Doctrine, and Should Be Stricken.

This Court should immediately strike Defendants' motion to dismiss the TAC, and order Defendants to answer in 45 days.[3] The Federal Rules of Civil Procedure prohibit parties from filing multiple pre-answer Rule 12 motions by imposing a consolidation requirement: "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED R. CIV. P. 12(g)(2). Nor can Defendants use the filing of an amended complaint as an excuse to repeat arguments on which the Court has already ruled. *See, e.g., United States v. Catholic Health Sys. of Long Island Inc.*, No. 12-CV-4425 (MKB), 2018 WL 3825906, at *5 n.11 (E.D.N.Y. Aug. 10, 2018) ("The Court has already addressed Defendants' arguments as to the TAC, a materially similar complaint to the FAC. Because the TAC and FAC are similar in all material respects, Defendants essentially request multiple bites at the same apple. Under these circumstances, the law of the case doctrine precludes consideration of previously rejected arguments to later amended complaints with materially similar allegations.") (citing cases).

After two sets of motion to dismiss briefing, including a motion for reconsideration of the Court's decision on the first motion to dismiss, this Court issued its opinion in *SIBOR II*.[4] *SIBOR II* (1) "granted leave to amend to substitute the real party in interest [FLH] and allege the assignments of interest"; (2) upheld Plaintiff's antitrust claim against those Defendants who were SIBOR Panel Banks, with respect to manipulation of SGD SIBOR only; (3) dismissed the remainder of Plaintiff's antitrust claims; (4) dismissed Plaintiff's RICO claims; and (5) upheld Plaintiff's implied covenant claim. 2018 WL 4830087 at *11-12. It directed Plaintiff to file a third amended complaint "to amend the caption, and reflect the rulings in this opinion." *Id.* at *12. Plaintiff followed those instructions to the letter. Plaintiff amended the caption to substitute FLH, alleged the assignments by which FLH is the real party in interest (not a "new plaintiff" as Defendants contend), and deleted the allegations pertaining to claims the Court dismissed. The TAC does not contain a single new word beyond those specifically authorized by the Court, and therefore cannot possibly give rise to a valid motion to

---

[3] FED R. CIV. P. 12(f) provides that the Court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants' motion to dismiss is both "insufficient" and "redundant."

[4] *See FrontPoint Asian Event Driven Fund, L.P. v. Citibank, N.A.*, 16 Civ. 5263 (AKH), 2018 WL 4830087 (S.D.N.Y. Oct. 4, 2018).



**LOWEY DANNENBERG, P.C.**
www.lowey.com

Ltr. to Hon. Alvin K. Hellerstein
November 19, 2018
Page 3

dismiss. As set forth in more detail below, none of the bases on which Defendants attempt to move to dismiss have any merit.

### 1. FLH Is the Proper Plaintiff and Has Standing to Litigate this Action.

This Court has granted leave to substitute Plaintiff as the real party in interest, based on a finding that the Asset Purchase Agreement ("APA") "appear[s] to show a full assignment." *SIBOR II*, 2018 WL 4830087, at *11. Pursuant to Fed. R. Civ. P. 17(a)(3), "the action proceeds as if it had been originally commenced by the real party in interest," and FLH's claims relate back for statute of limitations purposes.[5] This Court has already rejected all the arguments Defendants now rehash about the purported deficiencies in the APA's assignment, FrontPoint's and Sonterra's purported lack of standing, and FLH's purported lack of class standing. *See id.* Had it not, it would not have granted leave for the substitution in the first place, and specifically ordered Plaintiff to amend the caption to reflect that ruling. To assist the Court in understanding the full extent of Defendants' repetition, Plaintiff has compiled a table (attached hereto as Exhibit B) listing Defendants' arguments in this third motion to dismiss, and showing where Defendants have made those arguments previously and lost. Forcing Plaintiff to repeat the exercise of re-addressing each of Defendants' baseless arguments is an enormous and unnecessary burden both for Plaintiff and for this Court.[6]

### 2. Plaintiff's Deletion of the Dismissed Claims Based on Manipulation of USD SIBOR and SOR—As Ordered by the Court—Does Not Give Rise to New Grounds to Move to Dismiss.

Plaintiff deleted allegations pertaining to USD SIBOR and SOR to comply with the Court's direction that Plaintiff file an amended complaint that "reflect[s] the rulings" of its order that claims based on manipulation of SGD SIBOR survive, while those based on manipulation of USD SIBOR and SOR do not. *See SIBOR II*, 2018 WL 4830087, at *5, *11. Defendants' position that this deletion somehow renders the SGD SIBOR-based claims implausible—when this Court has already ruled otherwise— makes no sense at all. Second Circuit law is clear that a plaintiff's dismissed claims are

---

[5] *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20-21 (2d Cir. 1997) ("claims will relate back to the date of the original complaint under the express terms of that Rule [Fed. R. Civ. P. 17(a)]").

[6] Equally frivolous are Defendants' claims that the TAC is subject to dismissal because Plaintiff did not attach the APA as an exhibit or quote its specific provisions. The Court did not order Plaintiff to do so, and in any event Defendants and the Court already have copies of the APA. The Court also demonstrated that it had thoroughly reviewed the APA at the motion to dismiss oral argument. *See* Tr. of Apr. 12, 2018 Hearing at 8:16-25, 10:18-25, 11:8-13. The TAC accurately summarizes, or "interprets," the relevant provisions and sets forth the basis on which FLH acquired FrontPoint's claims. *See* TAC ¶ 84. Nothing further is required.



**LOWEY DANNENBERG, P.C.**
www.lowey.com

Ltr. to Hon. Alvin K. Hellerstein
November 19, 2018
Page 4

preserved, even if they are deleted from later versions of the complaint. *See P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004). *See P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004) ("We will not require a party, in an amended complaint, to replead a dismissed claim in order to preserve the right to appeal the dismissal when the court has not granted leave to amend. Such a formalistic requirement serves no valid purpose.")[7] And to the extent Defendants' attack on the plausibility of the SGD SIBOR claims is *not* based on the deletion of the dismissed claims, but rather simply on arguments that the TAC's allegations are insufficiently detailed, Fed. R. Civ. P. 12(g)(2) and the law of the case doctrine clearly prohibit a motion on those grounds. The TAC's allegations are exactly the same as the ones on which this Court has already ruled and found that Plaintiff has stated a claim with respect to manipulation of SGD SIBOR.

### 3. This Court Has Already Properly Found Conspiracy Jurisdiction Over the Foreign Defendants.

In this portion of their brief, Defendants do not even *try* to package their arguments as responding to any purported differences between the TAC and the prior complaint. Instead, it is a pure argument of law on the standard for conspiracy jurisdiction generally. To the (very limited) extent it contains any points not already raised, those arguments are now barred by Fed. R. Civ. P. 12(g). Notably, a few Defendants chose to move for reconsideration of the Court's holding in *SIBOR II* on conspiracy jurisdiction. *See* ECF Nos. 303, 305. The deadline to do so has now long since passed, and the remaining Defendants may not take advantage of Plaintiff's filing of the TAC to attempt to evade it.

### C. In the Alternative, Plaintiff Requests a Modest 11-Day Extension to Respond to Defendants' Motion to Dismiss the TAC.

Should the Court require more extensive briefing on Defendants' motion to dismiss, and to accommodate holiday travel around Thanksgiving for attorneys with drafting responsibility, Plaintiff respectfully requests a modest 11-day extension, from November 29 to December 10, to file its opposition brief. This is Plaintiff's first request for an extension of time. Defendants consent to Plaintiff's request for an 11-day extension on the condition that Defendants receive a 4-day extension (to December 21), to file their reply brief.

---

[7] For this reason, courts in this District have stricken allegations pertaining to dismissed claims when plaintiffs have included them in amended complaints. *See, e.g., In re Alstom SA Secs. Litig.*, 454 F. Supp. 2d 187, 216-17 (S.D.N.Y. 2006) (striking allegations regarding dismissed claims because "they are immaterial" and "there is no need for Plaintiffs to maintain the allegations in the complaint in order to preserve their rights on appeal"); *Turk v. Chase Manhattan Bank USA, NA*, 2001 WL 736814, at *4 (S.D.N.Y. June 11, 2001) (same).



LOWEY DANNENBERG, P.C.
www.lowey.com

Ltr. to Hon. Alvin K. Hellerstein
November 19, 2018
Page 5

Respectfully submitted,

Vincent Briganti

cc:   Counsel of Record (via ECF)