# CLEARY GOTTLIEB STEEN & HAMILTON LLP



2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

NEW YORK

PARIS

BRUSSELS

LONDON

FRANKFURT

COLOGNE

MOSCOW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/18

ROME

MILAN

HONG KONG

BEIJING

BUENOS AIRES

SÃO PAULO

ABU DHABI

SEOUL

GEORGE S. CARY
MITCHELL S DUPLER
GIOVANNI P PREZIOSO
MICHAEL H. KRIMMINGER
MATTHEW D SLATER
DAVID I. GELFAND
MICHAEL A MAZZUCHI
MARK W NELSON
ROBIN M. BERGEN
DEREK M BUSH
BRIAN BYRNE
PAUL D MARQUARDT
JEREMY CALSYN
LEAH BRANNON
MATTHEW C. SOLOMON
KATHERINE MOONEY CARROLL
PAUL R ST LAWRENCE
ELAINE EWING
NOWELL D BAMBERGER
KENNETH S. REINKER
RESIDENT PARTNERS,
KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEC HINDS
SARA D. SCHOTLAND
WILLIAM B MCGURN III
JOHN S MAGNEY
MARK LEDDY
JOHN C. MURPHY, JR
DAVID M. BECKER
JANET L WELLER
LINDA J SOLDO
SENIOR COUNSEL
W. RICHARD BIDSTRUP
KATHLEEN WARD BRADISH
STEVEN J. KAISER
GUNZHEN HUANG··
MACEY LEVINGTON
COUNSEL
JOHN P. MCGILL, JR.
MATTHEW I BACHRACK
LARRY WORK DEMBOWSKI
ALEXIS COLLINS
CARL F EMIGHOLZ
PATRICK FULLER
SAIF I. SHAH MOHAMMED
SENIOR ATTORNEYS

BRANDON N ADKINS
NICHOLAS AMIN·
HANI BASHOUR
TAYLOR H. BATES
ZACHARY BAUM·
ELSBETH BENNETT
GRANT A BERMANN
LINDEN BERNHARDT
PRIYA L BHANU
SAMUEL H CHANG·
JILLIAN CHOU
LAURA K CONLEY
EVERETT K CORAOR
LISA M. DANZIG
KATHERINE DENBY·
OLIVIA C ESPY
BRANDON J FIGG
CHRISTOPHER M FITZPATRICK·
RACHEL FRANK·
ALAN B. FREEDMAN
ALEXANDER GEORGE GALICKI
CAROLINE R GEIST BENITEZ·
V. NOAH GIMBEL
MELISSA GOHLKE
REBECCA F. GREEN
DAVID GROTHOUSE
ANNE TITUS HILBY
CHRISTOPHER J. HILDEBRAND
EILEEN HO
RICHARD HUBER
JAMES HUNSBERGER
PHILLIP L HURST
BRENDAN JORDAN
BRIAN KESTEN·
BUDDY KHAN
PATRICK D. KIBBE
ANDREW L. KLINE
JOHN F. KOZAK
NATHANAEL F. KURCAB
GRACE KURLAND
ALEXIS R B LAZDA
CHINYELU K. LEE
BRANDON LEVEY
NICOLE'S LIM
CARL LAWRENCE MALM
MEREDITH LEIGH MANN
TANNER W MATHISON
ADAM MOTIWALA

MORGAN L MULVENON
DREW A. NAVIKAS
JOSHUA NIMMO
MUYIWA ODENIYIDE
KAREN O'NEILL-OCASIO
SAMUEL SHINHAM PARK
JENNIFER E PAUL
ROBIN RABINOWITZ
MARTINA RADNEY
RICK REDMOND
W. BENJAMIN REESE
MARK ROHAN
MICHAEL RUTHENBERG
MARSHALL
MICHAEL G SANDERS
WILLIAM SEGAL
OMAR SERAGELDIN
GARRETT D. SHINN
CAROLINE STANTON
SARAH M. STANTON
C NICHOLAS STEER
ERIC C. STEINHART
CHARLES STERLING
RYAN SUGG
NICOLE TATZ
TARA LYNN TAVERNIA
ZACH TSCHIDA
CATHERINE URFER
CHRISTOPHER A WETZEL
JIM WINTERING·
HUANBING XU·
JEANNIE·PALOMA ZELMATI
ASSOCIATES

· Admitted only to a bar other
than that of the District of
Columbia Working under the
supervision of principals of
the Washington office

· Special Légal Consultant,
qualified in the People's
Republic of China

D: +1 202-974-1752
nbamberger@cgsh.com

VIA ECF

Hon. Alvin K. Hellerstein
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

*Rejected as an letter, unauthorized letter, note the supplementary authority,*

*12-6-18*

December 5, 2018

Re:   FrontPoint Asian Event Driven Fund, L.P. v. Citibank N.A.,
      No. 16-cv-05263 (AKH) (S.D.N.Y.)

Dear Judge Hellerstein:

On behalf of The Hongkong and Shanghai Banking Corporation, Ltd. ("HBAP"), we write to draw the Court's attention to Judge Kaplan's recent decision in Dennis v. JPMorgan Chase & Co., No. 16-cv-6496 (LAK), 2018 WL 6169313 (S.D.N.Y. Nov. 26, 2018) ("Dennis") (attached as Exhibit A), as further authority in support of its Motion for Reconsideration or, Alternatively, Certification for Interlocutory Appeal filed on October 18, 2018 in this case.[1]

---

[1] The "Singapore Banks" – Defendants DBS Bank Ltd, Oversea Chinese Banking Corporation Limited and United Overseas Bank Limited – have authorized counsel for HBAP to state that they join in the arguments set forth herein in further support of their Motion for Reconsideration, ECF No. 306. Unless otherwise specified, defined terms have the same meaning as in HBAP's Opening Brief, ECF No. 304.

Hon. Alvin K. Hellerstein
December 5, 2018
Page 2

Dennis, a case filed on behalf of some of the same entities that are plaintiffs in this case, and by the same counsel, also concerns an interest rate benchmark called the Bank Bill Swap Rate ("BBSW"). BBSW is similar to the Singapore Interbank Offered Rate ("SIBOR"), except that it is set by a panel of banks in Australia, rather than Singapore. One of HBAP's affiliates, HSBC Bank Australia Limited ("HBAU") was a member of the contributing panel for BBSW in Australia, just as HBAP contributed to the SIBOR benchmark. In Dennis, the plaintiffs alleged that personal jurisdiction existed over HBAU on substantially the same bases as the plaintiffs in this case asserted jurisdiction over HBAP -- including the existence of a foreign conspiracy (in this case, in Australia) involving some members who traded BBSW-based derivatives in the United States. Dennis, 2018 WL 6169313, at *8. Similar to HBAP's declaration in this case, HBAU submitted a declaration in Dennis that it did not trade any interest rate or foreign exchange products whose prices were based on the BBSW benchmark in the U.S. or with U.S. counterparties. The Dennis plaintiffs, for their part, alleged having traded BBSW derivatives in the U.S. with certain panel banks, and that BBSW was a pricing component of derivatives traded globally, including in the United States. See id. at *5–6.

In addressing a motion to dismiss the complaint in Dennis, Judge Kaplan addressed certain of the issues that are currently before this Court as a result of HBAP's motion for reconsideration.

*First*, the court held that for personal jurisdiction over a foreign defendant to be premised on a conspiracy directed at the United States, the "defendant's conduct must have been 'expressly aimed' at the forum." Id. at *54; cf. Opening Br. at 9–10.

*Second*, the court held that the mere fact that manipulation of the BBSW benchmark could be expected to have an effect on derivatives traded in the United States was not sufficient to establish that foreign defendants "expressly aimed" their conduct at the United States. See Dennis, 2018 WL 6169313, at *54–55. Specifically, Judge Kaplan explained:

> There are no allegations that the Foreign Defendants expressly aimed their conduct at the forum – just that they expressly aimed their conduct at counterparties to BBSW-Based Derivative transactions around the world, some of whom happened to be in the United States. Plaintiffs' allegations that the United States was a substantial market for BBSW-Based Derivatives speak only to the foreseeability of the effect of the Foreign Defendants' conduct in the United States. Such contacts are therefore too 'random, fortuitous, [and] attenuated' to be a basis for the Court's exercise of personal jurisdiction over Foreign Defendants.

Id. at *55 (citation omitted). This conclusion amounts to a rejection of the theory also put forward by Plaintiffs in this case that the existence of an affected market for SIBOR derivatives "in the United States and elsewhere" is sufficient to establish that Singapore-based conduct was directed at the U.S. forum. Compare Opp. Br. at 3, 9 with Opening Br. at 10–13.

Hon. Alvin K. Hellerstein
December 5, 2018
Page 3

*Third,* Judge Kaplan necessarily rejected the argument that trading of derivatives in the United States by a small number of co-conspirators subjected all co-conspirators to personal jurisdiction here.  In Dennis, plaintiffs' theory of conspiracy relies on Morgan Stanley and Macquarie's trading of BBSW-based derivatives in the United States with plaintiffs to tie the alleged Australia-based manipulation to the United States, just as JPMorgan and Citigroup's trading is alleged to have done in this case. See Dennis, 2018 WL 6169313, at *6.  The court held, however, that "the relationship between the defendant and the forum must have arisen 'out of contacts that the "defendant *himself*,"' as opposed to the plaintiff or third parties, created with the forum," id. at *54, and "[t]hat plaintiffs and the purported class members were in the United States and suffered from diminished returns on their BBSW-Based Derivatives transactions does not serve to connect the Foreign Defendants to the United States for jurisdictional purposes," id. at *55. See also Opening Br. at 9–10.

Notably, the court in Dennis held itself to be bound by the Second Circuit's decision in Charles Schwab Corp. v. Bank of America Corp., 883 F.3d 68, (2d Cir. 2018) – which it recognized involved alleged manipulation that "was indeed motivated in part by financial incentives" similar to what is alleged here, Dennis, 2018 WL 6169313, at *53 – to conclude that it lacked personal jurisdiction "whether through the Foreign Defendants' direct transactions in BBSW-Based Derivatives with plaintiffs or through a conspiracy theory of jurisdiction," id.

Dennis involves facts and theories of liability that are on all fours with the arguments raised in HBAP's motion for reconsideration.  There, as here, the plaintiffs sought to bring foreign defendants alleged to have manipulated a foreign benchmark before the court based on insufficient allegations of a merely foreseeable impact on derivatives traded in the United States by certain alleged co-conspirators.  There, as here, the plaintiffs failed to plead that foreign defendants directed their conduct at the United States other than in the most general sense that manipulation of financial benchmarks might be expected to impact the United States and other major financial markets.  As in Dennis, this Court should hold on reconsideration that the lack of any allegations that HBAP directed its conduct at the U.S. forum – particularly in light of its lack of *any* relevant derivatives transactions in this forum – precludes the exercise of personal jurisdiction.

At a minimum, Dennis supports HBAP's motion to certify the decision in SIBOR II on personal jurisdiction for interlocutory appeal.  HBAP and HBAU are affiliated companies that were subject to virtually identical jurisdictional allegations in this case and in Dennis, and that – if this Court were to decline reconsideration – would be subject to irreconcilable rulings on personal jurisdiction.  See 28 U.S.C. § 1292(b) (certification where "substantial ground for difference of opinion"); In re A2P SMS Antitrust Litig., No. 12-CV-2656 (AJN), 2015 WL 876456, at *2 (S.D.N.Y. Mar. 2, 2015) (substantial grounds for difference of opinion where "there is conflicting authority on the issue") (quoting Capital Records, LLC v. Vimeo, LLC, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013).  Appellate review of these inconsistent resolutions concerning the legal sufficiency of materially-identical allegations would facilitate the resolution of these claims by allowing HBAP (and HBAU) to correctly price the likelihood of success in these cases, and would promote efficiency by avoiding the need to fully litigate this case through

Hon. Alvin K. Hellerstein
December 5, 2018
Page 4

discovery before obtaining appellate review of a legal question that would be in dispute among the judges of this District.

Respectfully submitted,

Nowell D. Bamberger

Enclosure

cc:     All counsel of record (via ECF)