UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund L.P., on behalf of itself and all others similarly situated,<br><br>                                                           Plaintiff,<br><br>              -against-<br><br>CITIBANK, N.A., BANK OF AMERICA, N.A., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, UBS AG, BNP PARIBAS, S.A., OVERSEA-CHINESE BANKING CORPORATION LTD., DEUTSCHE BANK AG, CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, CREDIT SUISSE AG, STANDARD CHARTERED BANK, DBS BANK LTD., UNITED OVERSEAS BANK LIMITED, AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, AND JOHN DOES NOS. 1-50<br>                                                           Defendants. | Docket No. 16-cv-05263 (AKH)<br><br>ECF Case |

**DECLARATION OF T.A. MCKINNEY**

I, T.A. McKinney, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I was General Counsel of FrontPoint Partners, LLC ("FrontPoint Partners"), an investment advisor which had its principal place of business in Greenwich, Connecticut.

2. Through its subsidiaries, FrontPoint Partners managed several investment funds, including FrontPoint Asian Event Driven Fund, L.P. (the "Fund").

3. The Fund began voluntarily winding up operations in 2011 in order to cease operating, distribute all remaining assets and dissolve.

4. A part of that liquidation process, Fund Liquidation Holdings, LLC ("FLH") purchased certain assets held by the Fund. The terms of that transaction were set forth in an Asset Purchase Agreement ("APA"), which I executed on behalf of the general partner managing the Fund.

5. The APA transferred to FLH the Fund's right, title, and interest in: (a) existing legal claims; (b) future legal claims; and (c) any recovery rights, arising out of or related to its transactions in certain financial instruments.

6. The APA expressly carved out certain claims that the Fund did not intend to transfer as part of this transaction. These exclusions were limited to claims that: (a) related to the bankruptcy of Lehman Brothers; and (b) were unrelated to transactions in financial instruments, *e.g.*, employment claims, that arose under state or federal common law claims. Any claims not specifically excluded were included. The Fund did not intend to exclude antitrust claims or Commodity Exchange Act claims from the APA.

7. The APA also provided to FLH all rights and powers necessary to maximize the value of the assets transferred pursuant to the APA, including, but not limited to the right to initiate litigation in the name, place and stead of the Fund.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2018

_____
T.A. McKinney