CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

ROBERT A. ALESSI
HELENE R. BANKS
ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BONDI
BROCKTON B. BOSSON
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
AYANO K. CREED
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL
PIERRE M. GENTIN

CHARLES A. GILMAN
ARIEL GOLDMAN
JASON M. HALL
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER*
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0)20 7920 9800

WRITER'S DIRECT NUMBER

(212) 701-3120

JOEL H. LEVITIN
GEOFFREY E. LIEBMANN
BRIAN T. MARKLEY
WILLIAM J. MILLER
NOAH B. NEWITZ
MICHAEL J. OHLER
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
JAMES ROBINSON
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN

MICHAEL A. SHERMAN
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
SEAN P. TONOLLI*
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
S. PENNY WINDLE
DAVID WISHENGRAD
COREY WRIGHT
JOSHUA M. ZELIG
DANIEL J. ZUBKOFF

*ADMITTED IN DC ONLY

March 5, 2019

Re:   Fund Liquidation Holdings LLC v. Citibank, N.A., No 16-cv-05263 (AKH) (S.D.N.Y.)

Dear Judge Hellerstein:

We represent defendant Credit Suisse AG in the above-referenced matter and write on behalf of the Non-Settling Defendants[1] regarding the letter filed by Plaintiff Fund Liquidation Holdings ("FLH") on February 22, 2019 (Dkt. 373) reminding the Court of its "unopposed motion seeking preliminary approval of the Citi and JPMorgan settlements" (the "Motion for Preliminary Approval") (Dkt. 314). To the extent that Plaintiff's February 22, 2019 letter can be read as urging the Court to rule on the Motion for Preliminary Approval as soon as possible and prior to the resolution of the four motions to be addressed at the May 2, 2019 oral argument, the Non-Settling Defendants write to note that the Court should first determine whether it has subject matter jurisdiction over this case, which will not occur until after this Court hears argument on the pending motions, before ruling on the Motion for Preliminary Approval.

As the Court is aware, the motions to be addressed at the May 2, 2019 hearing raise a number of issues, including whether this Court has subject matter jurisdiction over this case. *See* Dkt. 319, at Part I; Dkt. 346, at Part I; Dkt. 359, at Parts I-II. "Without jurisdiction[,] the court cannot proceed at all in any cause," *Steel Co.* v. *Citizens for a Better Environment*, 523 U.S. 83, 94 (1998), including consideration of Plaintiff's Motion for Preliminary Approval, *see, e.g., Schumacher* v. *SC Data Center, Inc.*, 912 F.3d 1104, 1105 (8th Cir. 2019) (holding that the "district

---

[1] The Non-Settling Defendants are Bank of America, N.A., The Royal Bank of Scotland plc, UBS AG, BNP Paribas, S.A., Oversea-Chinese Banking Corporation Ltd., Deutsche Bank AG, Credit Agricole Corporate and Investment Bank, Credit Suisse AG, Standard Chartered Bank, DBS Bank Ltd., United Overseas Bank Limited, Australia and New Zealand Banking Group, Ltd., The Bank of Tokyo-Mitsubishi UFJ, Ltd., and The Hongkong and Shanghai Banking Corporation Limited.

CAHILL GORDON & REINDEL LLP

- 2 -

court erred by not assessing standing before enforcing the settlement agreement," and explaining that the district court's obligation to ensure that standing exists "applies to settlements of class actions because '[a]n approved settlement takes the form of a judgment of the court, and without both Article III power and proper subject-matter jurisdiction the court cannot act'"); *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 116, 122 n.2 (2d Cir. 2007) (similar), *rev'd and remanded sub nom. on other grounds, Reed Elsevier, Inc.* v. *Muchnick*, 559 U.S. 154 (2010); *Zink* v. *First Niagara Bank, N.A.*, 155 F. Supp. 3d 297 (W.D.N.Y. 2016) ("[U]ncertainty as to subject matter jurisdiction cannot be treated merely as a factor to be weighed in the settlement equation. Unless subject matter jurisdiction is established, [a court] cannot even consider [a motion for preliminary approval of class action settlement or conditional certification of a proposed settlement class], much less approve it."); *Martens* v. *Smith Barney, Inc.*, 181 F.R.D. 243, 250–51 (S.D.N.Y. 1998) ("The court can only proceed to examine whether the parties' settlement is fair, adequate, and reasonable . . . if it has subject matter jurisdiction over plaintiffs' suit."); *Cronin* v. *Browner*, 898 F. Supp. 1052, 1057 (S.D.N.Y. 1995) (discussing "threshold analysis of subject matter jurisdiction that [courts] are obliged to undertake" in "the context of a proposed settlement"). Plaintiff appears to acknowledge this requirement, as the proposed approval order requires the Court to find "that it has subject matter jurisdiction to preliminarily approve the Settlement Agreements." Dkt. 317 ¶ 2. Non-Settling Defendants therefore respectfully submit that the Court should defer consideration of Plaintiff's Motion for Preliminary Approval until after the Court has decided Non-Settling Defendants' pending challenge to the Court's subject matter jurisdiction.

Respectfully submitted,

*/s/ Joel Kurtzberg*

Joel Kurtzberg

The Honorable Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

BY ECF

cc:   Counsel of Record (via ECF)