


March 8, 2019

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
Danial Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *Fund Liquidation Holdings LLC v. Citibank N.A.*, No. 16-cv-05263 (AKH)

Dear Judge Hellerstein:

We represent Plaintiff and write in response to the Non-Settling Defendants'[1] letter dated March 5, 2019 (ECF No. 376). The Non-Settling Defendants urge this Court to delay ruling on Plaintiff's motion for preliminary approval of its settlements with the Citi and JPMorgan Defendants despite the fact that they are not parties to those settlements and have no interest in the outcome of Plaintiff's motion. Their gratuitous advice to the Court on how and when to resolve Plaintiff's motion should carry no weight. And even if, contrary to fact, the Non-Settling Defendants had standing to respond to Plaintiff's motion, which was filed on November 15, 2018, the time to do so has long since passed. *See* Local Civil Rule 6.1(b)(2) (time to oppose motions is 14 days).

The Non-Settling Defendants are also wrong on the law. In *Ehrheart v. Verizon Wireless*, 609 F.3d 590 (3d Cir. 2010), the Third Circuit held that the district court retains "the ability and the authority to approve the [class] settlement" separate and apart from its subject matter jurisdiction over the underlying claims because, prior to approval of the settlement, the settling parties "still [have] a 'personal stake in the outcome'" of the litigation, *i.e.*, their interest in the settlement agreement itself. *Id.* at 596. Moreover, "the strong judicial policy in favor of class action settlement," including the need for "complete assurance that a settlement agreement is binding once it is reached," is so strong that this interest is not affected even if the underlying cause of action is no longer valid. *Id.* at 595–96. The Second Circuit has recently followed this logic in permitting the district court to retain jurisdiction over settling defendants to consider approval of their settlements with plaintiffs, even while a dispute over subject matter jurisdiction is ongoing. In *Sonterra Capital Master Fund Ltd. v. UBS AG*, the district court held that plaintiffs lacked Article III standing to pursue their antitrust claims because they had not definitively shown that the Yen FX forwards they traded incorporated Yen LIBOR as a price component, and because they had not alleged that the swaps and swaptions they traded at artificial prices were "paid out" or "exercised." *See Sonterra Capital Master Fund Ltd. v. UBS*, No. 15-cv-5844 (GBD) (HBP) (S.D.N.Y.) ("*Sonterra SDNY*"), 2017

[1] The self-styled "Non-Settling Defendants" are Bank of America, N.A., The Royal Bank of Scotland plc, UBS AG, BNP Paribas, S.A., Oversea-Chinese Banking Corporation Ltd., Deutsche Bank AG, Credit Agricole Corporate and Investment Bank, Credit Suisse AG, Standard Chartered Bank, DBS Bank Ltd., United Overseas Bank Limited, Australia and New Zealand Banking Group, Ltd., The Bank of Tokyo-Mitsubishi UFJ, Ltd., and The Hongkong and Shanghai Banking Corporation Limited.

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777






WL 1091983, at *2–3. Plaintiffs appealed this ruling (which is of course contrary to Your Honor's finding in this matter and to black letter law on the pleading standard for Article III standing), and the appeal has now been fully briefed and remains pending. *See generally Sonterra Capital Master Fund Ltd. v. UBS AG*, No. 17-944 (2d Cir.) ("*Sonterra 2d Cir.*"). However, prior to the district court's ruling, plaintiffs had executed settlement agreements with two defendants, and the parties wished to move forward with approval of the settlements. Accordingly, plaintiffs moved the district court (citing *Ehrheart* in support) for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 that if the Second Circuit remanded the case, the district court would amend the judgment dismissing the case to retain jurisdiction over the settling defendants to consider approval of their settlements. *See* Pls. Mem. of Law in Support of Pls. Mot. on Consent to Amend the March 10, 2017 Judgment Pursuant to Fed. R. Civ. P. 60(a) and 60(b) and for an Indicative Ruling Under Fed. R. Civ. P. 62.1, *Sonterra SDNY*, ECF No. 323. The district court granted the motion and entered the indicative order. *See* Order, *Sonterra SDNY*, ECF No. 324. Plaintiffs moved the Second Circuit to remand the case to the district court to allow it to amend the judgment to retain jurisdiction over the settling defendants. *See* Pls.-Appellants' Mot. on Consent of Deutsche Bank and JPMorgan for Remand Pursuant to Fed. R. App. P. 12.1, *Sonterra Capital Master Fund Ltd. v. UBS* AG, No. 17-944 (2d Cir.) ("*Sonterra 2d Cir.*"), ECF No. 140. The Second Circuit granted the motion and remanded the case for that purpose. *See* Order, *Sonterra 2d Cir.*, ECF No. 151. The district court then amended the judgment in accordance with its indicative order and the parties litigated the settlements through to final approval. *See* Final Approval Order, *Sonterra SDNY*, ECF No. 389.

It is therefore clear that in this Circuit, a district court may consider and issue approval of settlements separately from, and prior to, final determination of its subject matter jurisdiction over the underlying claims. In this way, settling parties achieve the finality for which they bargained. Accordingly, the parties' ongoing dispute as to Plaintiff's standing to pursue this action poses no obstacle to this Court's adjudication of Plaintiff's motion for preliminary approval with the Citi and JPMorgan entities.

Respectfully submitted,

Vincent Briganti

cc: Counsel of Record (by ECF)