# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., and SONTERRA CAPITAL MASTER FUND, LTD., on behalf of themselves and all others similarly situated, | Docket No. 16-cv-05263 (AKH) |
| Plaintiffs, | |
| -against- | |
| CITIBANK, N.A., CITIGROUP INC., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, THE ROYAL BANK OF SCOTLAND GROUP PLC, RBS SECURITIES JAPAN LIMITED, UBS AG, UBS SECURITIES JAPAN CO. LTD., ING GROEP N.V., ING BANK N.V., ING CAPITAL MARKETS LLC, BNP PARIBAS, S.A., BNP PARIBAS NORTH AMERICA, INC., BNP PARIBAS SECURITIES CORP., BNP PARIBAS PRIME BROKERAGE, INC., OVERSEA-CHINESE BANKING CORPORATION LTD., BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., DEUTSCHE BANK AG, CRÉDIT AGRICOLE CORPORATE AND INVESTMENT BANK, CRÉDIT AGRICOLE S.A., CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, CREDIT SUISSE INTERNATIONAL, STANDARD CHARTERED BANK, STANDARD CHARTERED PLC, DBS BANK LTD., DBS GROUP HOLDINGS LTD., DBS VICKERS SECURITIES (USA) INC., UNITED OVERSEAS BANK LIMITED, UOB GLOBAL CAPITAL, LLC, AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., ANZ SECURITIES, INC., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, HSBC BANK USA, N.A., HSBC HOLDINGS PLC, HSBC NORTH AMERICA HOLDINGS INC., HSBC USA INC., MACQUARIE BANK LTD., MACQUARIE GROUP LTD., COMMERZBANK AG, AND JOHN DOES NOS. 1-50, | **STIPULATION AND AGREEMENT OF SETTLEMENT AS TO DEFENDANTS CITIBANK, N.A. AND CITIGROUP INC.** |
| Defendants. | |

## TABLE OF CONTENTS

1.  TERMS USED IN THIS AGREEMENT ................................................................. 3

2.  SETTLEMENT CLASS ....................................................................................... 10

3.  SETTLEMENT PAYMENT ................................................................................ 12

4.  CITI'S COOPERATION ..................................................................................... 12

5.  PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND APPLICATION FOR INCENTIVE AWARD ............................. 19

6.  APPLICATION FOR APPROVAL OF FEES, EXPENSES, AND COSTS OF SETTLEMENT FUND ADMINISTRATION ...................................................... 21

7.  NO LIABILITY FOR FEES AND EXPENSES OF PLAINTIFFS' COUNSEL ...... 22

8.  DISTRIBUTION OF AND/OR DISBURSEMENTS FROM SETTLEMENT FUND ................................................................................................................. 22

9.  DISBURSEMENTS PRIOR TO EFFECTIVE DATE ......................................... 23

10. DISTRIBUTION OF BALANCES REMAINING IN NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS ........................................................... 24

11. ADMINISTRATION/MAINTENANCE OF SETTLEMENT FUND ..................... 24

12. RELEASE AND COVENANT NOT TO SUE ...................................................... 26

13. MOTION FOR PRELIMINARY APPROVAL .................................................... 28

14. CLASS NOTICE ............................................................................................... 28

15. PUBLICATION ................................................................................................ 29

16. MOTION FOR FINAL APPROVAL AND ENTRY OF FINAL JUDGMENT ....... 30

17. BEST EFFORTS TO EFFECTUATE THIS SETTLEMENT ................................ 31

18. EFFECTIVE DATE ........................................................................................... 32

19. OCCURRENCE OF EFFECTIVE DATE ........................................................... 32

20. FAILURE OF EFFECTIVE DATE TO OCCUR ................................................ 33

21. TERMINATION ............................................................................................... 33

22. EFFECT OF TERMINATION ........................................................................... 35

23. SUPPLEMENTAL AGREEMENT .................................................................... 36

24. CONFIDENTIALITY PROTECTION ............................................................... 37

25. BINDING EFFECT ........................................................................................... 37

26. INTEGRATED AGREEMENT .......................................................................... 38

27. NO CONFLICT INTENDED ............................................................................. 38

28. NO PARTY IS THE DRAFTER ........................................................................ 38

**29.**     **CHOICE OF LAW** ............................................................................................ 38

**30.**     **EXECUTION IN COUNTERPARTS** ............................................................ 38

**31.**     **SUBMISSION TO AND RETENTION OF JURISDICTION** .................................. 39

**32.**     **RESERVATION OF RIGHTS** ........................................................................ 39

**33.**     **NOTICES** ............................................................................................... 39

**34.**     **AUTHORITY** .......................................................................................... 40

**35.**     **DISPUTES OR CONTROVERSIES** ............................................................. 40

## STIPULATION AND AGREEMENT OF SETTLEMENT AS TO DEFENDANTS CITIBANK, N.A. AND CITIGROUP INC.

THIS STIPULATION AND AGREEMENT OF SETTLEMENT (the **"Settlement Agreement"**) is made and entered into on May 22, 2018.  This Settlement Agreement is entered into on behalf of FrontPoint Asian Event Driven Fund, L.P., Sonterra Capital Master Fund, Ltd., Fund Liquidation Holdings LLC, and any subsequently named plaintiff(s) (collectively, the "Representative Plaintiffs", as defined in Section 1(HH) herein), and the Settlement Class (as defined in Section 1(G) herein), by and through Plaintiffs' Counsel (as defined in Section 1(BB) herein), and on behalf of Defendants Citibank, N.A. and Citigroup Inc. (collectively, "Citi," as defined in Section 1(F) herein), by and through their undersigned counsel of record in the Action (as defined in Section 1(A) herein).

WHEREAS, Representative Plaintiffs have filed a civil class action, *FrontPoint Asian Event Driven Fund, L.P., et al. v. Citibank, N.A., et al.,* No. 16-cv-05263 (AKH) (S.D.N.Y.), and have alleged, among other things, that Defendants (as defined in Section 1(M) herein), including Citi, from January 1, 2007, through at least December 31, 2011, acted unlawfully by, *inter alia*, manipulating, aiding and abetting the manipulation of, and conspiring, colluding or engaging in racketeering activities to manipulate the Singapore Interbank Offered Rate ("SIBOR"), the Singapore Swap Offer Rate ("SOR"), and the prices of SIBOR- and SOR-Based Derivatives (as defined in Sections 1(NN), 1(OO), and 1(PP) respectively herein), in violation of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq*., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and the common law;

WHEREAS, Representative Plaintiffs further contend that they and the Settlement Class suffered monetary damages as a result of Citi's and other Defendants' conduct;

WHEREAS, Citi denies each and all of the claims and allegations of wrongdoing in

1

Representative Plaintiffs' pleadings, expressly incorporates its responsive pleadings, as applicable, and maintains that it has good and meritorious defenses to the claims of liability and damages made by Representative Plaintiffs;

WHEREAS, arm's-length settlement negotiations have taken place between Representative Plaintiffs, Plaintiffs' Counsel, and Citi, and this Settlement Agreement has been reached, subject to the final approval of the Court;

WHEREAS, Citi agrees to cooperate with Representative Plaintiffs and Plaintiffs' Counsel as set forth below in this Settlement Agreement;

WHEREAS, Plaintiffs' Counsel conducted an investigation of the facts and the law regarding the Action, considered the Settlement (as defined in Section 1(II) herein) set forth herein to be fair, reasonable, adequate and in the best interests of Representative Plaintiffs and the Settlement Class, and determined that it is in the best interests of the Settlement Class to enter into this Settlement Agreement in order to avoid the uncertainties of complex litigation and to assure a benefit to the Settlement Class;

WHEREAS, Citi, while continuing to deny that it is liable for the claims asserted against it in the Action and that it has good and meritorious defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and distraction of burdensome and protracted litigation, thereby putting this controversy to rest and avoiding the risks inherent in complex litigation and to obtain complete dismissal of the Action as to Citi and a release of claims as set forth herein;

WHEREAS, Representative Plaintiffs, for themselves individually and on behalf of each Settling Class Member, and Citi agree that neither this Settlement Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any

2

violation of any statute or law or of any liability or wrongdoing by Citi or of the truth of any of the claims or allegations in the Action;

NOW, THEREFORE, Representative Plaintiffs, on behalf of themselves and the Settlement Class by and through Plaintiffs' Counsel, and Citi, by and through the undersigned counsel, agree that the Action and Released Claims (as defined in Section 1(EE) herein) be settled, compromised, and dismissed on the merits and with prejudice as to Citi and without costs as to Representative Plaintiffs, the Settlement Class, or Citi, subject to the approval of the Court, on the following terms and conditions:

## 1.       Terms Used In This Agreement

The words and terms used in this Stipulation and Settlement Agreement, which are expressly defined below, shall have the meaning ascribed to them.

(A)       **"Action"** means *FrontPoint Asian Event Driven Fund, L.P., et al. v. Citibank, N.A., et al.,* No. 16-cv-05263 (AKH) (S.D.N.Y.) and any actions that may be consolidated thereunder in the future.

(B)       **"Agreement"** or **"Settlement Agreement"** means this Stipulation and Agreement of Settlement, together with any exhibits attached hereto, which are incorporated herein by reference.

(C)       **"Any"** means one or more.

(D)       **"Authorized Claimant"** means any Class Member who, in accordance with the terms of this Agreement, is entitled to a distribution from the Net Settlement Fund (as defined in Section 1(X) herein) pursuant to any Distribution Plan or order of the Court.

(E)        **"Business Days"** means any days from Monday through Friday, inclusive, that are not holidays in the United States.

(F)      **"Citi"** means Citibank, N.A. and Citigroup Inc., collectively.

(G)      **"Class"** or **"Settlement Class"** means all Persons (including both natural persons and entities) who purchased, sold, held, traded, or otherwise had any interest in SIBOR- and/or SOR-Based Derivatives during the Class Period, provided that, if Representative Plaintiffs expand the Class in any subsequent amended complaint, class motion, or settlement, the defined Class in this Agreement shall be expanded so as to be coterminous with such expansion.  Excluded from the Settlement Class are the Defendants (as defined in Section 1(M) herein) and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

(H)      **"Class Member"** means a Person who is a member of the Class.

(I)      **"Class Period"** means the period of January 1, 2007 through December 31, 2011.

(J)      **"Class Notice"** means the form of notice of the proposed Settlement to be distributed to the Settlement Class as provided in this Agreement.

(K)      **"Cooperation Materials"** means those materials described in Section 4 of this Settlement Agreement.

(L)      **"Court"** means the United States District Court for the Southern District of New York.

(M)      **"Defendants"** means the defendants currently named in the Action and any parties that may be added to the Action as defendants through amended or supplemental pleadings.

(N)      **"Distribution Plan"** means the plan of allocation of the Net Settlement Fund developed by Representative Plaintiffs and Plaintiffs' Counsel and submitted to the Court for approval, whereby the Net Settlement Fund shall in the future be distributed to

Authorized Claimants.

(O)     **"Effective Date"** means the date when this Settlement Agreement becomes final as set forth in Section 18 of this Settlement Agreement.

(P)     **"Escrow Agent"** means any Person designated by Plaintiffs' Counsel with the consent of Citi and approved by the Court to act as escrow agent for the Settlement Fund (as defined in Section 1(LL) herein), who Plaintiffs' Counsel anticipates will be Amalgamated Bank.

(Q)     **"Execution Date"** means the date on which this Agreement is executed by the last Party to do so.

(R)     **"Fairness Hearing"** means a hearing scheduled by the Court following the issuance of the Preliminary Approval Order (as defined in Section 1(CC) herein) to consider the fairness, adequacy and reasonableness of the proposed Settlement and Settlement Agreement.

(S)     **"Final"** means, with respect to any court order, including, without limitation, the Final Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  An order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  Any appeal or other proceeding pertaining solely to any order adopting or approving the Distribution Plan, and/or any order issued in respect of an application for attorneys' fees and expenses

pursuant to Sections 5 and 6 below, shall not in any way delay or prevent the Final Judgment from becoming Final.

(T)     **"Final Approval Order"** means an order from the Court, the form of which shall be mutually agreed upon by the Parties and submitted to the Court, approving of the Settlement following (i) preliminary approval of the Settlement Agreement, (ii) the issuance of the Class Notice pursuant to the Preliminary Approval Order, and (iii) the Fairness Hearing.

(U)     **"Final Judgment"** means the order of judgment and dismissal of the Action with prejudice as to Citi, the form of which shall be mutually agreed upon by the Parties and submitted to the Court for approval thereof.

(V)     **"Incentive Award"** means any award by the Court to Representative Plaintiffs as described in Section 5.

(W)     **"Investment Vehicles"** means any investment company, separately managed account or pooled investment fund managed or advised by Citi or an affiliate, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans as to which Citi or its affiliates acts as investment advisor or otherwise may be a fiduciary.

(X)     **"Net Settlement Fund"** means the Settlement Fund less Court-approved disbursements, including: (i) notice, claims administration and escrow costs; (ii) any attorneys' fees and/or expenses awarded by the Court; (iii) any Incentive Award(s) awarded by the Court; and (iv) all other expenses, costs, taxes and other charges approved by the Court.

(Y)     **"Other Settlement"** means any settlement Representative Plaintiffs reach with

6

any other Defendant involving the Action that will be submitted to the Court for notice and approval purposes at the same time as this Settlement.

(Z) **"Parties"** means Citi and Representative Plaintiffs collectively, and "**Party"** applies to each individually.

(AA) **"Person"** means a natural person, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint-stock company, estate, legal representative, trust, unincorporated association, proprietorship, municipality, state, state agency, entity that is a creature of any state, any government, governmental or quasi-governmental body or political subdivision, authority, office, bureau, agency or instrumentality of the government, any business or legal entity, or any other entity or organization; and any spouses, heirs, predecessors, successors, representatives or assigns of any of the foregoing.

(BB) **"Plaintiffs' Counsel"** means Lowey Dannenberg, P.C.

(CC) **"Preliminary Approval Order"** means an order by the Court, the form of which shall be mutually agreed upon by the Parties and submitted to the Court, issued in response to the Motion for Preliminary Approval in Section 13 providing for, *inter alia*, preliminary approval of the Settlement, including certification of the Settlement Class for purposes of the Settlement only, and for a stay of all proceedings in the Action against Citi until the Court renders a final decision on approval of the Settlement.

(DD) **"Proof of Claim and Release"** means the form to be sent to Class Members, upon further order(s) of the Court, by which any Class Member may make a claim against the Net Settlement Fund.

(EE) **"Released Claims"** means those claims described in Section 12 of this Settlement

Agreement.

(FF)   **"Released Parties"** means Citi, its predecessors, successors and assigns, its past, present, and future direct and indirect parents, subsidiaries, affiliates, and joint ventures and its respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Citi), shareholders (in their capacity as shareholders of Citi), attorneys, insurers, or legal or other representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.  For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than Citi.

(GG)   **"Releasing Parties"** means each and every Representative Plaintiff and each and every Settling Class Member (as defined in Section 1(MM) herein) on their own behalf and on behalf of their respective past, present, or future predecessors, successors and assigns, direct and indirect parents, subsidiaries, affiliates, officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment under the Net Settlement Fund.  With respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party.  For the avoidance of doubt, the "Releasing Parties" include all Persons

entitled to bring or release claims on behalf of Settling Class Members, relating to their transactions in SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR or SOR held by Representative Plaintiffs or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.).

(HH)   **"Representative Plaintiffs"** means FrontPoint Asian Event Driven Fund, L.P., Sonterra Capital Master Fund, Ltd., Fund Liquidation Holdings LLC, and any other Person named as a plaintiff in the Action who was not subsequently withdrawn as a named plaintiff, and any named plaintiff who may be added to the Action through amended or supplemental pleadings.  This Settlement Agreement is entered into with each and every Representative Plaintiff.  In the event that one or more Representative Plaintiff(s) fails to secure Court approval to act as a Representative Plaintiff, the validity of this Settlement Agreement as to the remaining Representative Plaintiffs, the Settlement Class, and Plaintiffs' Counsel shall be unaffected.

(II)   **"Settlement"** means the settlement of the Released Claims set forth herein.

(JJ)   **"Settlement Administrator"** means any Person that the Court approves to perform the tasks necessary to provide notice of the Settlement to the Class and to otherwise administer the Settlement Fund, as described further herein.

(KK)   **"Settlement Amount"** means nine million nine hundred ninety thousand U.S. dollars ($9,990,000.00).

(LL)   **"Settlement Fund"** means the Settlement Amount plus any interest that may accrue.

(MM)   **"Settling Class Members"** means Representative Plaintiffs and other members of

the Settlement Class who do not timely and validly exclude themselves from the Settlement pursuant to FED. R. CIV. P. 23(c) and in accordance with the procedure to be established by the Court.

(NN)   **"SIBOR"** means the Singapore Interbank Offered Rate.

(OO)   **"SOR"** means the Singapore Swap Offered Rate.

(PP)   **"SIBOR- and/or SOR-Based Derivatives"** means (i) a SIBOR- and/or SOR-based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (ii) an option on a SIBOR- and/or a SOR-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iii) a Singapore Dollar currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iv) a SIBOR- and/or SOR-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S; and/or (v) a SIBOR- and/or SOR-based foreign exchange swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.

(QQ)   **"U.S. Person"** means a citizen, resident, or domiciliary of the United States or its territories; a corporation, including a limited liability company, either incorporated or headquartered in the United States or its territories; a partnership created or resident in the United States or its territories; any other Person or entity created and/or formed under the laws of the United States, including any state or territory thereof; or any other Person or entity residing or domiciled in the United States or its territories.

### 2. Settlement Class

Representative Plaintiffs will file an application seeking the certification of the Settlement Class as described herein pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil

Procedure.  Notwithstanding the sentence in Section 1(G) above that "[e]xcluded from the Settlement Class are the Defendants (as defined in Section 1(M) herein) and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a defendant, and the United States Government," and solely for purposes of this Settlement and this Settlement Class, the Parties agree that Investment Vehicles are not excluded from the Settlement Class. However, to the extent that Citi directly or indirectly holds a beneficial interest in an Investment Vehicle, that interest held by Citi in the Investment Vehicle is excluded from the Settlement Class.

The Parties' agreement as to certification of the Class is solely for purposes of effectuating the Settlement and for no other purpose. Citi retains all of its objections, arguments, and defenses with respect to class certification, and reserves all rights to contest class certification, if the Settlement set forth in this Settlement Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Class becomes null and void *ab initio*, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying a class for any purpose related to this or any other proceeding.

### 3.        Settlement Payment

Citi shall pay by wire transfer to the Escrow Agent the Settlement Amount within fifteen (15) Business Days after the Court grants preliminary approval of the Settlement.  This 15 Business Day time period shall not begin to run unless and until Plaintiffs' Counsel have provided appropriate wire instructions and a Form W-9 to Citi's counsel.  All interest earned by any portion of the Settlement Amount paid into the Settlement Fund shall be added to and become part of the Settlement Fund.  Upon occurrence of the Effective Date, no funds may be returned to Citi through a reversion or other means.  The Escrow Agent shall only act in accordance with instructions mutually agreed upon by the Parties in writing, except as otherwise provided in this Agreement.  Other than the payment of the Settlement Amount as set forth in this Section 3, Citi shall have no responsibility for any interest, costs, or other monetary payment, including any attorneys' fees and expenses, taxes, or costs of notice or claims administration, except that Citi shall be responsible for notice as required by 28 U.S.C. § 1715, as set forth in Section 14(C).

### 4.        Citi's Cooperation

(A)     Citi has agreed to provide Representative Plaintiffs with Cooperation Materials as enumerated below.  The Cooperation Materials will be provided after preliminary approval of the Settlement by the Court.  Any dispute concerning whether Citi has performed its obligations to provide Representative Plaintiffs with such Cooperation Materials that the Parties cannot themselves resolve by meeting and conferring shall be decided in accordance with the alternative dispute resolution process set forth in Section 35 below.

(B)     Citi shall provide reasonable cooperation in the Action, including discovery cooperation, requested by Plaintiffs' Counsel, to benefit the Class, as provided herein.  All cooperation shall be coordinated in such a manner so that all unnecessary duplication and expense

is avoided.  Plaintiffs' Counsel shall tailor its requests for the production of documents with a view towards minimizing unnecessary burdens and costs to Citi in connection with collecting, reviewing and producing materials that have not already been collected in the course of the Action, related settlements, reports and/or investigations by regulatory agencies.

(C)     Notwithstanding any other provision in this Agreement, Citi shall have no obligation to produce any document or provide any information that is privileged under the attorney-client privilege, work-product doctrine, joint-defense privilege, common-interest doctrine, bank examination privilege, and/or other applicable privilege or immunity from disclosure.  None of the cooperation provisions set forth herein are intended to, nor do they waive any such privileges or immunities.  Citi agrees that its counsel will meet with Plaintiffs' Counsel as is reasonably necessary to discuss any applicable privilege.  Any disputes regarding privilege that cannot be resolved amongst the Parties shall be reserved for resolution pursuant to the alternative dispute resolution procedures set forth in Section 35 below.  At a reasonable time to be negotiated in good faith, Citi agrees to provide Representative Plaintiffs, through Plaintiffs' Counsel, with (a) privilege logs for any relevant documents reasonably requested by Representative Plaintiffs as cooperation discovery in accordance with this Settlement Agreement that Citi withholds on the basis of any privilege, doctrine, immunity or regulatory objection, if and to the extent such privilege logs are reasonably necessary to establish the basis for Citi's withholding of the documents; and (b) any existing privilege logs for documents that Citi withheld from government regulators (but not from any other regulatory agency, as applicable) as part of its investigation into Citi's alleged manipulation of SIBOR and/or SOR, to the extent such privilege logs relate to documents reasonably requested by Representative Plaintiffs as Cooperation Materials herein if and to the extent such privilege logs are reasonably necessary.

13

Citi's production of existing privilege logs, if any, will be made in such as a way so as not to identify the regulatory agency or agencies to which Citi provided the logged documents.  The Parties agree that their counsel shall meet and confer with each other regarding any dispute as to the privileges and protections described in this Section.  To the extent the Parties cannot resolve any such disputes, they shall be reserved for resolution pursuant to the alternative dispute resolution procedures set forth in Section 35 below.  If any document protected by the attorney-client privilege, work- product doctrine, the common interest doctrine, the joint defense privilege, the bank examination privilege, and/or any other applicable privilege or protection is accidentally or inadvertently produced, Representative Plaintiffs shall, upon notice from Citi, promptly cease reviewing the document and shall return the document and all copies of it to Citi's counsel within five (5) business days.  Representative Plaintiffs and Plaintiffs' Counsel shall also delete or destroy the portions of any other documents or work product which refer to or summarize the document. The document shall not be used or referred to in any way by Representative Plaintiffs or Plaintiffs' Counsel, and its production shall in no way be construed to have waived any privilege, protection or restriction attached to such document or information.

(D)     Notwithstanding any other provision in this Agreement, Citi shall have no obligation to produce any document or provide any information that is restricted from disclosure under any applicable domestic or foreign data privacy, bank secrecy, state secrets, or other law.  In the event that Plaintiffs' Counsel reasonably request documents or information otherwise within the scope of the Cooperation Materials to be provided under this Section that Citi reasonably believes in good faith to be restricted from disclosure under any applicable domestic or foreign data privacy, bank secrecy, state secret, or other law and the restriction can be avoided without undue burden to Citi through a reasonable workaround, such as by removing or anonymizing

identifying information, Citi shall cooperate in good faith with Representative Plaintiffs to implement such a workaround.

(E)     Notwithstanding any other provision of this Agreement, in the event that Citi believes that Plaintiffs' Counsel has requested cooperation of a kind or to an extent that is not reasonable or not within the scope of Citi's obligations as set forth herein, Citi's counsel and Plaintiffs' Counsel agree to meet and confer with each other regarding such disagreement and to seek resolution pursuant to the alternative dispute resolution procedures set forth in Section 35 below.

(F)     Plaintiffs' Counsel agree to use any and all of the information and documents obtained from Citi only for the purpose of the Action.  For the avoidance of doubt, Plaintiffs' Counsel expressly agrees that the documents, materials and/or information provided by Citi, including without limitation oral presentations, may be used directly or indirectly by Plaintiffs' Counsel solely in connection with the prosecution of the Action against the non-settling Defendants, but not for the institution or prosecution of any other action or proceeding against any Released Party or for any other purpose whatsoever, including, but not limited to, actions or proceedings in jurisdictions outside the United States.

(G)     **Document Production.**  Subject to the restrictions set forth above, Citi will provide cooperation to Representative Plaintiffs by producing to Plaintiffs' Counsel the following categories of documents in an equivalent format to that in which they were produced to government regulators, including any metadata included in such production or, with respect to any documents not previously produced to government regulators, in a format to be agreed, to the extent that such documents are reasonably available and accessible to Citi and have not already been produced to Representative Plaintiffs in the Action.  Unless otherwise indicated, the time period of the documents subject to production shall be January 1, 2007 – December 31, 2011.

(i)      All documents and data produced by Citi to U.S. governmental regulatory authorities (including, without limitation, the Department of Justice, the Commodity Futures Trading Commission, and the New York Department of Financial Services), and any non-U.S. governmental regulatory authority (including, without limitation, the Monetary Authority of Singapore (MAS)), in connection with such regulator's investigation of conduct related to SIBOR and/or SOR.

(ii)     To the extent not included within the documents and data produced pursuant to the above paragraph, or that which has already been produced Citi shall produce to Plaintiffs' Counsel:

a)       Communications between Citi employees, and communications between Citi employees and employees of other financial institutions, including SIBOR and/or SOR panel banks and other entities, concerning (1) possible requests to or among other panel banks for SIBOR and SOR submissions to be made at a certain level or in a certain direction; and (2) requests to engage in other conduct to attempt to cause SIBOR and SOR to be set at a certain level or to move in a certain direction.

b)       Reasonably available trade data pertaining to Citi's transactions in Singapore Dollar-denominated inter-bank money market instruments, both secured and unsecured, including but not limited to loans, repurchase agreements, deposits and certificates of deposits, for the years 2007 through 2011 (Citi will produce transaction information for 2006 to the extent it is reasonably available to Citi).

c)       Reasonably available trade data pertaining to Citi's transactions conducted in SIBOR- and SOR-Based Derivatives for the years 2007 through 2011. Citi will produce counterparty information in such trade data for any U.S. counterparty to

16

the extent the counterparty information is reasonably available and not prohibited or protected from disclosure by any applicable data privacy or other legal obligation. For any counterparty (domestic or foreign) whose identity Citi reasonably believes in good faith to be protected from disclosure under any applicable foreign data privacy, bank secrecy, or other law, Citi shall anonymize the counterparty using a unique code for each counterparty to the extent permissible under applicable data privacy and bank secrecy rules, provided, however, that Representative Plaintiffs may raise with the neutral pursuant to Section 35 below any concern as to whether counterparty information has been properly withheld with respect to domestic counterparties.  Additionally, Citi shall use a unique identifier for each counterparty that is a Defendant identifying the entity as a Defendant, to the extent that such information is available to Citi and reasonably accessible.  For any transactions with an affiliate of Citi, Citi will specifically identify that affiliated entity unless prohibited by applicable law.

d)      Documents reflecting SIBOR and SOR reporting rules or standards.

e)      Reasonably available SIBOR and SOR submissions made by Citi.

(iii)   Non-privileged declarations, affidavits, or other sworn or unsworn written statements of former and/or current Citi directors, officers or employees concerning the allegations set forth in the Action with respect to SIBOR, SOR, and SIBOR- and/or SOR-Based Derivatives to the extent such documents exist, are reasonably accessible to Citi, and may be disclosed under applicable confidentiality or regulatory restrictions.

(H)     Subject to ¶ D above, and subject to Section 25(a) of this Settlement Agreement, Representative Plaintiffs may request as Cooperation Materials such further documents and

17

information as Plaintiffs' Counsel may reasonably request that are relevant to the claims or defenses in the Action and are reasonably accessible to Citi and not unduly burdensome to produce. Citi will consider such requests in good faith but Citi need not agree to any such requests.  In the event that Citi believes Plaintiffs' Counsel has unreasonably requested cooperation, or Plaintiffs' Counsel believes Citi has unreasonably withheld cooperation, Citi and Plaintiffs' Counsel agree to meet and confer regarding such disagreement and seek resolution if necessary pursuant to the alternative dispute resolution procedures set forth in Section 35 below.  If such alternative dispute resolution is sought, the disputed aspect of cooperation shall be held in abeyance until such resolution by the procedures set forth in Section 35, and such abeyance shall not constitute a breach of the Settlement Agreement.

(I)     **Other Information.**   Citi will cooperate to provide reasonably available information necessary for Representative Plaintiffs to authenticate or otherwise make usable at trial the aforementioned documents or other documents as Representative Plaintiffs may request. Citi also will provide Representative Plaintiffs with an attorney proffer concerning Citi's knowledge of the SIBOR and SOR-related conduct alleged in Representative Plaintiffs' complaints.  Citi also will provide Representative Plaintiffs with a description of the data fields included in any trade data produced by Citi to the extent reasonably requested by Representative Plaintiffs.

(J)     **Witnesses.**   Citi shall designate witness(es) to serve as Citi's corporate representative pursuant to the framework of Rule 30(b)(6) of the Federal Rules of Civil Procedure in connection with any depositions, hearing or trial of the Defendants without issuance of a subpoena.  Citi will work in good faith with Representative Plaintiffs to designate such witness(es) to the extent reasonably necessary and only to the extent that the information sought by

Representative Plaintiffs cannot be otherwise obtained, such as through written statements. With respect to any production of documents arising from Citi's obligations under this settlement, Citi will cooperate in providing declarations to authenticate documents Plaintiffs may seek to introduce as evidence at proceedings in this Action.

(K)     **Timing of Production.**     Citi agrees to begin a rolling production of documents and data, pursuant to this Section 4, within ten (10) Business Days of the Court entering the Preliminary Approval Order.

(L)     **Continuation, Scope, and Termination of Citi's Obligation.**  Citi's obligations to cooperate are continuing until and shall terminate upon the earlier of: (i) the date when final judgment has been rendered with no remaining rights of appeal, in the Action against all defendants; or (ii) four (4) years after the Court enters the Preliminary Approval Order.

## 5.     Payment of Attorneys' Fees and Reimbursement of Expenses, and Application for Incentive Award

(A)     Subject to Court approval, Representative Plaintiffs and Plaintiffs' Counsel shall be reimbursed and paid solely out of the Settlement Fund for all fees and expenses including, but not limited to, attorneys' fees, and past, current or future litigation expenses, and any Incentive Award approved by the Court.  Citi shall have no responsibility for any costs, fees, or expenses incurred for or by Representative Plaintiffs' or Class Members' respective attorneys, experts, advisors, agents, or representatives.  Nothing in this provision shall expedite the date(s) for Citi's payment as set forth in Section 3.

(B)     Plaintiffs' Counsel may apply to the Court for an award from the Settlement Fund of attorneys' fees, plus interest.  Plaintiffs' Counsel also may apply to the Court for reimbursement from the Settlement Fund of Plaintiffs' Counsel's litigation expenses, plus interest.  Citi shall take no position with respect to Plaintiffs' Counsel's motion for attorneys' fees and expenses.

Representative Plaintiffs may make an application to the Court for an award in connection with their representation of the Settlement Class in this litigation, which amount constitutes the Incentive Award.

(C)     The Released Parties shall have no responsibility for, and no liability with respect to, the attorneys' fees, litigation expenses, or Incentive Award that the Court may award in the Action.

(D)     The procedures for, and the allowance or disallowance by the Court of, any application for approval of fees, expenses and costs or an Incentive Award (collectively, "Fee and Expense Application") are not part of the Settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Agreement.  Any order or proceeding relating to a Fee and Expense Application, or the reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Judgment and the Settlement of the Action as set forth herein.  No order of the Court or modification or reversal on appeal of any order of the Court concerning any Fee and Expense Application or the Distribution Plan shall constitute grounds for termination of this Agreement.

(E)     Prior to the Fairness Hearing, Plaintiffs' Counsel and Representative Plaintiffs shall file any motions seeking awards from the Settlement Fund for payment of attorneys' fees and reimbursement of costs and expenses, and for the payment of an Incentive Award as follows:

(i)      Plaintiffs' Counsel shall seek attorneys' fees of no more than one-third of the Settlement Fund;

(ii)     Plaintiffs' Counsel shall seek reimbursement for their costs and expenses incurred as of the date the Motion for Final Approval and

20

Entry of Final Judgment is filed pursuant to Section 16; and

      (iii)     Representative Plaintiffs may make an application to the Court for an award in connection with their representation of the Settlement Class in this litigation, which amount constitutes the Incentive Award.

(F)     Upon the Court's approval of an award of attorneys' fees, costs and expenses, such approved amount from Subsections (E)(i) and (E)(ii), above, shall be paid from the Escrow Account within ten (10) Business Days after their approval by the Court.  If an event occurs that will cause the Settlement Agreement not to become final pursuant to Section 18 or if Representative Plaintiffs or Citi terminates the Settlement Agreement pursuant to Sections 21 through 23, then within ten (10) Business Days after receiving written notice of such an event from counsel for Citi or from a court of appropriate jurisdiction, Plaintiffs' Counsel shall refund to the Settlement Fund any attorneys' fees, costs and expenses (not including any non-refundable expenses as described in Section 9(B)) that were withdrawn plus interest thereon at the same rate at which interest is accruing for the Settlement Fund. In the event the Settlement is terminated, Plaintiffs' Counsel including each of the law firm's individual partners and/or principals shall be jointly and severally liable for the return to Citi of any sums paid as attorneys' fees and expenses.

### 6.     Application for Approval of Fees, Expenses, and Costs of Settlement Fund Administration

Plaintiffs' Counsel may apply to the Court, at the time of any application for distribution to Authorized Claimants, for an award from the Settlement Fund of attorneys' fees for services performed and reimbursement of expenses incurred in connection with the administration of the Settlement after the date of the Fairness Hearing.  Plaintiffs' Counsel reserves the right to make additional applications to the Court for payment from the Settlement Fund for attorneys' fees for

services performed and reimbursement of expenses incurred.  Any such applications are subject to Court approval.

### 7. No Liability for Fees and Expenses of Plaintiffs' Counsel

The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment(s) to Plaintiffs' Counsel for attorneys' fees, costs and expenses and/or to any other Person who may assert some claim thereto, or any fee and expense award the Court may make in the Action.

### 8. Distribution of and/or Disbursements from Settlement Fund

The Settlement Administrator, subject to such supervision and direction by the Court and/or Plaintiffs' Counsel as may be necessary, shall administer the Proof of Claim and Release forms submitted by the Settling Class Members and shall oversee the distribution of the Settlement Fund pursuant to the Distribution Plan.  Upon the Effective Date (or earlier if provided in Section 5 herein), the Settlement Fund shall be applied in the order and as follows:

(i) to pay costs and expenses associated with the distribution of the Class Notice and administration of the Settlement as provided in this Section and Section 6, including all costs and expenses reasonably and actually incurred in assisting Class Members with the filing and processing of claims against the Net Settlement Fund at any time after Citi makes payments described in Section 3;

(ii) to pay Escrow Agent costs;

(iii) to pay taxes assessed on the Settlement Fund, and tax preparation fees in connection with such taxes;

(iv) to pay any attorneys' fees, costs and expenses approved by the

Court upon submission of a Fee and Expense Application, as provided in Section 5;

(v)     to pay the amount of any Incentive Award for Representative Plaintiffs, as provided in Section 5; and

(vi)     to pay the Net Settlement Fund to Authorized Claimants as allowed by the Agreement, any Distribution Plan, or order of the Court.

## 9.     Disbursements Prior to Effective Date

(A)     Except as provided in Subsection (B) herein or by Court order, no distribution to any Class Member or disbursement of fees, costs and expenses of any kind may be made from the Settlement Fund until the Effective Date.  As of the Effective Date, all fees, costs and expenses and Incentive Awards as approved by the Court may be paid out of the Settlement Fund.

(B)     Upon written notice to the Escrow Agent by Plaintiffs' Counsel with a copy to Citi, the following may be disbursed prior to the Effective Date: (i) reasonable costs of Class Notice and administration may be paid from the Settlement Fund as they become due (up to a maximum of $500,000); (ii) reasonable costs of the Escrow Agent may be paid from the Settlement Fund as they become due; (iii) taxes and tax expenses may be paid from the Settlement Fund as they become due; and (iv) Plaintiffs' Counsel's attorneys' fees and costs and expenses as approved by the Court (in accordance with Section 5(F)).  In the event the Settlement is terminated or does not become final for any reason, Citi shall be entitled to return of all such funds, plus all interest accrued thereon, except for up to $500,000 for reasonable costs of Class Notice and administration that have been actually disbursed prior to the date the Settlement was terminated or otherwise does not become final for any reason, on the terms specified in Section 22.

(C)      Plaintiffs' Counsel will attempt in good faith to minimize the costs of the Escrow Agent, Class Notice and administration.

**10.      Distribution of Balances Remaining in Net Settlement Fund to Authorized Claimants**

The Net Settlement Fund shall be distributed to Authorized Claimants and, except as provided in Section 9(B), there shall be no reversion to Citi.  The distribution to Authorized Claimants shall be in accordance with the Distribution Plan that has been or hereafter is to be approved by the Court upon such notice to the Class as may be required.  Plaintiffs' Counsel will develop the Distribution Plan that will be submitted to the Court.  Citi shall take no position with respect to the Distribution Plan or any revisions to the Distribution Plan.  The Distribution Plan is not a part of this Agreement.  No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the later of (i) the Effective Date; or (ii) the date by which the Distribution Plan has received final approval and the time for any further appeals with respect to the Distribution Plan has expired.  Should there be any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Plaintiffs' Counsel shall submit an additional distribution plan to the Court for its approval.

**11.      Administration/Maintenance of Settlement Fund**

The Settlement Fund shall be maintained by Plaintiffs' Counsel under supervision of the Court and shall be distributed solely at such times, in such manner, and to such Persons as shall be directed by subsequent orders of the Court (except as provided for in this Agreement) consistent with the terms of this Settlement Agreement.  The Parties intend that the Settlement Fund be treated as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  Plaintiffs' Counsel shall ensure that the Settlement Fund at all times complies with Treasury Regulation § 1.468B-1 in order to maintain its treatment as a qualified settlement fund.  To this end, Plaintiffs'

24

Counsel shall ensure that the Settlement Fund is approved by the Court as a qualified settlement fund and that any Escrow Agent, Settlement Administrator or other administrator of the Settlement Fund complies with all requirements of Treasury Regulation § 1.468B-2.  Any failure to ensure that the Settlement Fund complies with Treasury Regulation § 1.468B-2, and the consequences thereof, shall be the sole responsibility of Plaintiffs' Counsel, and Citi and its counsel shall have no responsibility or liability for any act, omission, or determination of the Escrow Agent or the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

The Settlement Fund shall be invested exclusively in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund and bank accounts that are either: (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC");  or (b) secured by instruments backed by the full faith and credit of the United States Government.  The proceeds of these accounts shall be reinvested in similar instruments at their then-current market rates as they mature.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

Any Class Member who does not submit a valid proof of claim and release form will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Settlement Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for herein, and will be barred from bringing any action or proceeding against the Released Parties concerning the Released Claims.

## 12.    Release and Covenant Not To Sue

(A)    The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties concerning any SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR or SOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of SIBOR and/or SOR under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to SIBOR and/or SOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law).  The following claims shall not be

released by this Settlement: (i) any claims against former Citi employees arising solely from those former employees' conduct that occurred while not employed by Citi; (ii) any claims against the Defendants in this Action other than Citi; or (iii) any claims against any Defendant not affiliated with Citi who may be subsequently added in this Action.  For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

Although the foregoing release is not a general release, the foregoing release constitutes a waiver by the Parties and each Settling Class Member of any and all rights and provisions under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. Releasing Parties and Settling Class Members shall be deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect

notwithstanding any mistake of fact or law.

Upon the Effective Date, each of the Releasing Parties shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in prosecuting any Released Claims against any Released Party.

### 13.      Motion for Preliminary Approval

As soon as practicable after the Execution Date, at a time to be mutually agreed by Citi and Plaintiffs' Counsel, Plaintiffs' Counsel shall submit this Settlement Agreement to the Court and shall file a motion for entry of the Preliminary Approval Order.

### 14.      Class Notice

(A)      Plaintiffs' Counsel shall be responsible for selecting a Settlement Administrator to be approved by the Court, and Citi shall not object to Plaintiffs' Counsel's selection.  Subject to approval by the Court, in accordance with FED. R. CIV. P. 23(e), Plaintiffs' Counsel shall provide reasonable notice of the Settlement (the "Class Notice") to the Class Members whose identities can be determined after reasonable efforts, with notice of the date of the Fairness Hearing.  The Class Notice may be sent solely for this Settlement or combined with notice of Other Settlements. The Class Notice shall explain the general terms of the Settlement Agreement, the general terms of the proposed Distribution Plan, the general terms of the Fee and Expense Application, and a description of Class Members' rights to object to the Settlement, request exclusion from the Class and appear at the Fairness Hearing.  The text of the Class Notice shall be agreed upon by the Parties before its submission to the Court for approval thereof. The cost of providing the Notice to Class Members in the manner set forth above shall be paid out of the Settlement Fund, and the Settlement Administrator shall administer dissemination of the Notice.

(B)     Citi agrees to provide Plaintiffs' Counsel with reasonably available contact information for counterparties to SIBOR- or SOR-Based Derivatives they transacted with during the Class Period, to the extent not prevented from doing so by any court order or any law, regulation, policy, or other rule of any regulatory agency or governmental body restricting disclosure of such information.  If necessary as a result of data protection, privacy, or bank secrecy law requirements or any other law, rule, or regulation, Representative Plaintiffs will consult with Citi concerning the possibility of (i) a third-party agent being retained to provide the Class Notice to counterparties to SIBOR- or SOR-Based Derivatives Citi transacted with during the Class Period who cannot be included in the general class-wide notice process; or (ii) Citi providing counterparty information only to the Settlement Administrator for purposes of distributing the Class Notice, to the extent that Citi reasonably concludes in good faith that such steps are required or advisable based on such counterparty information being subject to any applicable domestic or foreign data protection, privacy, or bank secrecy law requirements, or any other law, rule, or regulation.

(C)     In the event that the Court preliminarily approves the Settlement, Citi shall bear the costs and responsibility for timely serving notice of the Settlement as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.  Citi shall also cause a copy of such CAFA notice and proof of service of such notice to be provided to Plaintiffs' Counsel.

(D) In the event that the Settlement is not approved, Representative Plaintiffs will not be required to return to Citi any sums paid from the Settlement Fund for the reasonable costs of Notice, up to a maximum of $500,000.

### 15.        Publication

Plaintiffs' Counsel shall cause to be published a summary in accord with the Class Notice

submitted to the Court by the Parties and approved by the Court.  Citi shall have no responsibility

for providing publication or distribution of the Settlement or any notice of the Settlement to Class

Members or for paying for the cost of providing notice of the Settlement to Class Members except

as provided for in Section 9(B).  The Parties shall mutually agree on any content relating to Citi

that will be used by Plaintiffs' Counsel and/or the Settlement Administrator in any Settlement-

related press release or other media publication, including on websites.

### 16.        Motion for Final Approval and Entry of Final Judgment

(A)     After Class Notice is issued, and prior to the Fairness Hearing, Plaintiffs' Counsel

shall move for entry of a Final Approval Order and Final Judgment:

    (i)       finally certifying solely for settlement purposes the Settlement

Class;

    (ii)      finding that the Class Notice constituted the best notice

practicable under the circumstances and complied in all respects with the

requirements of Rule 23 of the Federal Rules of Civil Procedure and due

process;

    (iii)     finally approving this Settlement Agreement and its terms as

being a fair, reasonable and adequate settlement of the Settlement Class'

claims under Rule 23 of the Federal Rules of Civil Procedure;

    (iv)      directing that, as to the Released Parties, the Action be

dismissed with prejudice and without costs as against the Settling Class

Members;

    (v)       discharging and releasing the Released Claims as to the

Released Parties;

(vi)     barring claims by any Person against the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise;

(vii)     determining pursuant to FED. R. CIV. P. 54(b) that there is no just reason for delay and directing that the judgment of dismissal shall be final and appealable;

(viii)     reserving the Court's continuing and exclusive jurisdiction over the Settlement and this Agreement, including the administration and consummation of this Agreement; and

(ix)     containing such other and further provisions consistent with the terms of this Agreement to which Citi and Representative Plaintiffs expressly consent in writing.

(B)     Prior to the Fairness Hearing, as provided in Section 5, Plaintiffs' Counsel will timely request by separate motion that the Court approve its Fee and Expense Application. The Fee and Expense Application and the Distribution Plan are matters separate and apart from the Settlement between the Parties. If the Fee and Expense Application or the Distribution Plan are not approved, in whole or in part, it will have no effect on the finality of the Final Approval Order approving the Settlement and the Final Judgment dismissing the Action with prejudice as to Citi.

## 17.     Best Efforts to Effectuate This Settlement

The Parties agree to cooperate with one another to the extent reasonably necessary to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Agreement.

31

### 18.        Effective Date

Unless terminated earlier as provided in this Settlement Agreement, this Settlement Agreement shall become effective and final as of the date upon which all of the following conditions have been satisfied:

(A)     The Settlement Agreement has been fully executed by Citi and Representative Plaintiffs through their counsel;

(B)     The Court has certified a Settlement Class, and entered the Preliminary Approval Order, substantially in the form to be agreed to by the Parties, approving this Settlement Agreement, and approving the program and form for the Class Notice;

(C)     Class Notice has been issued as ordered by the Court;

(D)     The Court has entered the Final Approval Order finally approving the Settlement Agreement in all respects as required by Rule 23(e) of the Federal Rules of Civil Procedure; however, this required approval does not include the approval of the Fee and Expense Application and the Distribution Plan;

(E)     The Court has entered its Final Judgment of dismissal with prejudice as to the Released Parties with respect to Representative Plaintiffs and Settling Class Members; and

(F)     Upon the occurrence of the later of the following: (i) the resolution of any and all appeals regarding the Settlement (subject to Section 21 below) or (ii) the time to appeal or seek permission to appeal from the approval of the Settlement has expired.

### 19.        Occurrence of Effective Date

Upon the occurrence of all of the events in Section 18, any and all remaining interest or right of Citi in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and

the Net Settlement Fund shall be transferred from the Escrow Agent to the Settlement Administrator at the written direction of Plaintiffs' Counsel.

### 20.        Failure of Effective Date to Occur

If any of the conditions specified in Section 18 are not satisfied, then this Agreement shall be terminated, subject to and in accordance with Section 21, unless the Parties mutually agree in writing to continue with it for a specified period of time.

### 21.        Termination

(A)     Citi shall have the right, but not the obligation, in its sole discretion, to terminate this Settlement Agreement by providing written notice to Plaintiffs' Counsel  within twenty-five (25) Business Days of any of the following events:

    (i)          the Court enters an order declining to enter the Preliminary Approval Order or the Final Approval Order in any material respect;

    (ii)          the Court enters an order refusing to approve the Settlement Agreement or any material part of it;

    (iii)          the Court enters an order declining to enter the Final Judgment and order of dismissal in any material respect;

    (iv)          the Court enters an alternative judgment;

    (v)          the Final Judgment and order of dismissal is modified or reversed by a court of appeal or any higher court in any material respect; or

    (vi)          an alternative judgment is modified or reversed by a court of appeal or any higher court in any material respect.

(B)     Plaintiffs' Counsel, acting on behalf of the Representative Plaintiffs, shall also have the right, but not the obligation, in their sole discretion, to terminate this Settlement Agreement by

providing written notice to Citi's counsel within twenty-five (25) Business Days of any of the following events, provided that the occurrence of the event substantially deprives Plaintiffs of the benefit of the Settlement:

> (i)      the Court enters an order declining to grant Representative Plaintiffs' Motion for Preliminary Approval pursuant to Section 13 or the Motion for Final Approval pursuant to Section 16 in any material respect;

> (ii)     the Court enters an order refusing to approve the Settlement Agreement or any material part of it;

> (iii)    the Court enters an order declining to enter the Final Judgment and order of dismissal in any material respect;

> (iv)     the Court enters an alternative judgment;

> (v)      the Final Judgment and order of dismissal is modified or reversed by a court of appeal or any higher court in any material respect;

> (vi)     an alternative judgment is modified or reversed by a court of appeal or any higher court in any material respect; or

> (vii)    Citi, for any reason, fails to comply with Section 3 and fails to cure such non-compliance as contemplated by Section 21(C) below.

(C)      Notwithstanding the Parties' respective termination rights under paragraphs (A) and (B) of this Section, if the Court declines to approve Plaintiffs' Motion for Preliminary Approval under Section 13 because the Settlement Agreement does not contain a plan for providing Class Notice to the Settlement Class, Plaintiffs' Counsel will have the right to file another Motion for Preliminary Approval that incorporates a Class Notice plan. In the above case, a Court order declining to enter the Preliminary Approval Order because it lacks a Class Notice

plan will not trigger either Party's termination rights.

(D)     In the event that Citi, for any reason, fails to comply with Section 3, then on ten (10) Business Days' written notice to Citi's counsel, during which ten-day period Citi shall have the opportunity to cure the default without penalty, Representative Plaintiffs, by and through Plaintiffs' Counsel, may terminate this Settlement Agreement or elect to enforce it as provided by the Federal Rules of Civil Procedure.

### 22.        Effect of Termination

Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Agreement should terminate or be cancelled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not finally approved by the Court or the Final Judgment is reversed or vacated following any appeal, then:

(A)     Within ten (10) Business Days after written notification of such event is sent by counsel for Citi or Plaintiffs' Counsel to all Parties and the Escrow Agent, the Settlement Amount, and all interest earned in the Settlement Fund will be refunded, reimbursed, and repaid by the Escrow Agent to Citi, except as provided in Section 9(B).

(B)     The Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to Citi, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund;

(C)     The Parties shall be returned, to the maximum extent possible, to their respective positions in the Action as of immediately prior to the execution of the Settlement Term Sheet dated April 9, 2018, with all of their respective legal claims and defenses preserved as they existed at that time; and

(D)     Upon termination of this Settlement Agreement, then:

(i)     this Agreement shall be null and void and of no further effect, and none of Citi, the Representative Plaintiffs, or members of the Settlement Class shall be bound by any of its terms;

(ii)     any and all releases shall be of no further force and effect;

(iii)     the Parties shall be restored to their respective positions in the Action as of the Execution Date, with all of their respective legal claims and defenses preserved as they existed on that date; and

(iv)     any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

(E)     Unless the Settlement is terminated, Citi shall take no position with respect to any motion for class certification that Representative Plaintiffs anticipate filing and/or file in connection with their claims against other Defendants in the Action.  Nothing in this Settlement Agreement shall preclude Citi from opposing motions for class certification or from taking positions in actions other than the Action.

## 23.     Supplemental Agreement

In addition to the provisions contained in Section 21(A) herein, Citi shall have the right, but not the obligation, in its sole discretion, to terminate this Agreement pursuant to the Supplemental Agreement as to Defendants' Citibank, N.A. and Citgroup Inc. ("Supplemental Agreement") to be executed by the parties contemporaneously with the execution of this Agreement.  The Supplemental Agreement shall not be submitted to the Court except in the event of a dispute thereunder, in which case the parties shall seek to file it only under seal.

## 24.        Confidentiality Protection

Representative Plaintiffs, Plaintiffs' Counsel, and Citi agree to keep private and confidential the terms of this Settlement Agreement, except for disclosure at the Court's direction or disclosure *in camera* to the Court, until this document is filed with the Court, provided, however, that nothing in this Section shall prevent Citi from making any disclosures it deems necessary to comply with any relevant laws, subpoena or other form of judicial process. Nothing in this provision shall preclude Citi from disclosing, without notice to Plaintiffs' Counsel, the fact, amount, or terms of the Settlement as a result of a good faith determination that such disclosure is required or advisable pursuant to bank regulatory requirements, SEC requirements, or other legal or regulatory requirements, or from disclosing the fact, amount, or terms of the Settlement to its regulators, insurers, or external auditors.

## 25.        Binding Effect

(A)        The Parties intend this Settlement Agreement to be binding upon, and inure to the benefit of, the successors and assigns of Citi, the Released Parties, the Representative Plaintiffs, and Settling Class Members. The Parties enter into this Settlement Agreement with full knowledge that adverse or favorable court decisions and/or other events, including those pertaining to any of the Representative Plaintiffs' capacity to serve as litigants or class representatives, may take place in the future that might affect the positions of either or both parties, including prior to Final Approval of the Settlement. The Parties intend to be bound by this Settlement Agreement notwithstanding the possibility or occurrence of any such future events or changes in position.

(B)        The waiver by any Party of any breach of this Settlement Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

26.       **Integrated Agreement**

This Settlement Agreement, including any exhibits hereto and agreements referenced herein, contains the entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and is not subject to any condition not provided for or referenced herein.  This Settlement Agreement supersedes all prior or contemporaneous discussions, agreements, and understandings among the Parties to this Settlement Agreement with respect hereto, including the Term Sheet executed on April 9, 2018.  This Settlement Agreement may not be modified in any respect except by a writing that is executed by all the Parties hereto.

27.       **No Conflict Intended**

The headings used in this Settlement Agreement are for the convenience of the reader only and shall not have any substantive effect on the meaning and/or interpretation of this Settlement Agreement.

28.       **No Party is the Drafter**

None of the Parties shall be considered to be the drafter of this Settlement Agreement or any provision herein for the purpose of any statute, case law, or rule of interpretation or construction that might cause any provision to be construed against the drafter.

29.       **Choice of Law**

All terms within the Settlement Agreement and its exhibits hereto shall be governed by and interpreted according to the substantive laws of the State of New York, without regard to its choice of law or conflict of laws principles, including N.Y. General Obligations Law § 15-108.

30.       **Execution in Counterparts**

This Settlement Agreement may be executed in one or more counterparts.  Facsimile and scanned/PDF signatures shall be considered valid signatures.  All executed counterparts shall be

deemed to be one and the same instrument.  There shall be no agreement until the fully signed counterparts have been exchanged and delivered on behalf of all Parties.

### 31.	Submission to and Retention of Jurisdiction

The Parties, Released Parties, and the Settlement Class irrevocably submit, to the fullest extent permitted by law, to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement, or the exhibits hereto.  For the purpose of such suit, action, or proceeding, to the fullest extent permitted by law, the Parties, Released Parties and the Settlement Class irrevocably waive and agree not to assert, by way of motion, as a defense, or otherwise, any claim or objection that they are not subject to the jurisdiction of such Court, or that such Court is, in any way, an improper venue or an inconvenient forum or that the Court lacked power to approve this Settlement Agreement or enter any of the orders contemplated hereby.

### 32.	Reservation of Rights

This Settlement Agreement does not settle or compromise any claims by Representative Plaintiffs or any Class Member asserted against any Defendant or any potential defendant other than Citi and the Released Parties.  The rights of any Class Member against any other Person other than Citi and the Released Parties are specifically reserved by Representative Plaintiffs and the Class Members.

### 33.	Notices

All notices and other communications under this Settlement Agreement shall be sent to the Parties to this Settlement Agreement at their address set forth on the signature page herein, *viz*, if to Representative Plaintiffs, then to: Vincent Briganti & Geoffrey M. Horn, Lowey Dannenberg, P.C., 44 South  Broadway, Suite 1100, White Plains, New York 10601 and if to Citi, then to

39

Andrew Ruffino, Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018, or such other address as each party may designate for itself, in writing, in accordance with this Settlement Agreement.

### 34.     Authority

In executing this Settlement Agreement, Plaintiffs' Counsel represent and warrant that they have been fully authorized to execute this Settlement Agreement on behalf of the Representative Plaintiffs and the Settlement Class (subject to final approval by the Court after notice to all Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken.   Citi represents and warrants that the undersigned is fully empowered to execute the Settlement Agreement on behalf of Citi, and that all actions necessary for the execution of this Settlement Agreement have been taken.

### 35.     Disputes or Controversies

(A)     Any dispute or controversy arising out of or relating to the cooperation or termination provisions of this Settlement Agreement shall be resolved first by discussion among counsel for the parties and, failing that, by confidential mediation, or, if mediation fails to resolve the dispute, by arbitration, in each case administered by a sole neutral arbitrator agreed upon by all parties at JAMS, Inc., formerly known as Judicial Arbitration and Mediation Services ("JAMS"), in accordance with its procedures and Comprehensive Arbitration Rules & Procedures then in effect ("Rules") and in accordance with the Expedited Procedures in those Rules (or such other alternative dispute resolution organization as all parties shall agree), except as modified herein.   If the Parties are unable to agree on the sole arbitrator within thirty (30) calendar days from the date on which the arbitration is commenced, JAMS shall appointment the sole arbitrator. The seat of arbitration shall be New York, New York.

(B)     The arbitration shall be conducted on a strictly confidential basis, and the parties shall not disclose the existence or nature of any claim; any documents, correspondence, briefing, exhibits, or information exchanged or presented in connection with any claim; or any rulings, decisions, or results in the context of arbitration (collectively, "Arbitration Materials") to any third party, except as otherwise required by law.

(C)     The arbitral decision shall be final and binding upon the parties hereto.  Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction.  The Parties shall share JAMS's administrative fees and the mediator's or arbitrator's fees and expenses.  Each party shall be responsible for such party's attorneys' fees and costs.  Either party may commence litigation in any state or federal court of competent jurisdiction located in New York County, New York to obtain injunctive relief in aid of arbitration, to compel arbitration, or to confirm or vacate an arbitrator's award.  The parties agree to take all steps necessary to protect the confidentiality of the Arbitration Materials in connection with any such proceeding, agree to use their best efforts to file all confidential information (and documents containing confidential information) under seal, and agree to the entry of an appropriate protective order encompassing the confidentiality terms of any settlement agreement.

Dated:  May 22, 2018          By: _____
                              Vincent Briganti
                              Geoffrey M. Horn
                              LOWEY DANNENBERG, P.C.
                              44 South Broadway
                              White Plains, New York 10601
                              Telephone: (914) 997-0500
                              vbriganti@lowey.com

                              *Counsel for Representative Plaintiffs and the Proposed
                              Class*


Dated:  May 22, 2018          By: _____
                              Andrew A. Ruffino
                              COVINGTON & BURLING LLP
                              The New York Times Building
                              620 Eighth Avenue
                              New York, NY 10018
                              Telephone: (212) 841-1000
                              aruffino@cov.com

                              Alan M. Wiseman
                              Thomas A. Isaacson
                              Andrew D. Lazerow
                              850 Tenth Street, N.W.
                              Washington, D.C. 20001
                              Telephone: (202) 662-6000
                              awiseman@cov.com
                              tisaacson@cov.com
                              alazerow@cov.com

                              Lev L. Dassin
                              CLEARY GOTTLIEB STEEN &
                              HAMILTON LLP
                              One Liberty Plaza
                              New York, NY 10006
                              Telephone: (212) 225-2790
                              ldassin@cgsh.com

                              *Counsel for Citi*