# EXHIBIT 8

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund L.P., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITIBANK, N.A., et al., <br><br> Defendants. | Case No.: 1:16-cv-5263 (AKH) |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENTS, [DATE], 2022 FAIRNESS HEARING THEREON, AND CLASS MEMBERS' RIGHTS**

**This Notice of Proposed Class Action Settlements, [Date], 2022 Fairness Hearing Thereon and Class Members' Rights ("Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  It is not junk mail, an advertisement, or a solicitation from a lawyer.  You have not been sued.**

***PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THE ABOVE-CAPTIONED ACTION ("ACTION"). THIS NOTICE ADVISES YOU OF YOUR RIGHTS AND OPTIONS WITH RESPECT TO THIS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE PROCEEDS OF THE SETTLEMENTS.  TO CLAIM YOUR SHARE OF THE SETTLEMENTS, YOU MUST SUBMIT YOUR PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") ONLINE NO LATER THAN [DATE] OR MAIL YOUR CLAIM FORM TO THE ADDRESS IN QUESTION 12 SO THAT IT IS POSTMARKED NO LATER THAN [DATE].***

TO:   ALL PERSONS (INCLUDING BOTH NATURAL PERSONS AND ENTITIES) WHO PURCHASED, SOLD, HELD, TRADED, OR OTHERWISE HAD ANY INTEREST IN SIBOR- AND/OR SOR-BASED DERIVATIVES DURING THE PERIOD FROM JANUARY 1, 2007 THROUGH DECEMBER 31, 2011 (THE "CLASS PERIOD")

"SIBOR- and/or SOR-Based Derivatives" means (i) a SIBOR- and/or SOR-based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (ii) an option on a SIBOR- and/or a SOR-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iii) a Singapore Dollar currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within

the U.S.; (iv) a SIBOR- and/or SOR-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; and/or (v) a SIBOR- and/or SOR-based foreign exchange swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.

"SIBOR" means the Singapore Interbank Offered Rate.  This term includes USD SIBOR and SGD SIBOR.  "SOR" means the Singapore Swap Offer Rate ("SOR").

The purpose of this Notice is to inform you of proposed settlements in this Action (the "Settlements") with Defendants Citibank, N.A. and Citigroup Inc. ("Citi"), JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan"), ING Bank N.V. ("ING"), Deutsche Bank AG ("Deutsche Bank"), The Hongkong and Shanghai Banking Corporation Limited ("HSBC"), and Credit Suisse AG ("Credit Suisse"). Representative Plaintiffs entered into the Settlement Agreements: with Citi on May 22, 2018; with JPMorgan on November 14, 2018; with ING on March 17, 2022; with Deutsche Bank on March 17, 2022; with Credit Suisse on April 22, 2022; and with HSBC on May 3, 2022. Citi, JPMorgan, ING, Deutsche, HSBC, and Credit Suisse are collectively referred to as the "Settling Defendants."

You are receiving this Notice because records indicate that you may have transacted in one or more SIBOR- and/or SOR-Based Derivatives during the Class Period and may be a Class Member in this Action.

**Please do not contact the Court regarding this Notice.** Inquiries concerning this Notice, the Claim Form, or any other questions by Class Members should be directed to:

SIBOR/SOR Class Action Settlement
c/o [Settlement Administrator]
P.O. Box XXXXXX
[City, State ZIP Code]
Tel: XXXX
Email: XXXXX
Website: www.siborsettlement.com

*If you are a brokerage firm, futures commission merchant, nominee or other person or entity who or which entered into SIBOR- and/or SOR-Based Derivatives transactions during the Class Period for the beneficial interest of persons or organizations other than yourself*, Plaintiffs' Counsel requests that you, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (i) provide to [Settlement Administrator] (the "Settlement Administrator") the name and last known address of each person or organization for whom or which you made SIBOR- and/or SOR-Based Derivatives transactions during the Class Period; or (ii) request from the Settlement Administrator sufficient copies of the Notice to forward directly to beneficial owners of the SIBOR- and/or SOR-Based Derivatives transactions.  You may be reimbursed from the Settlement Fund for your reasonable out-of-pocket expenses.  Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Settlement Administrator at the address listed above.

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

Representative Plaintiffs allege that Defendants unlawfully and intentionally agreed, combined and conspired to rig SIBOR and SOR to fix the prices of SIBOR- and SOR-Based Derivatives in violation of the Sherman Act, 15 U.S.C. § 1, *et seq.*, Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and common law.

The Court has preliminarily approved the Settlements with the Setting Defendants.  To resolve all Released Claims against all Released Parties, the Settling Defendants have agreed to pay a total of **$64,458,000**. Citi has agreed to pay a total of $9,990,000; JPMorgan has agreed to pay a total of $10,989,000; ING has agreed to pay a total of $10,490,000; Credit Suisse has agreed to pay a total of $10,989,000; Deutsche Bank has agreed to pay a total of $11,000,000; and HSBC has agreed to pay a total of $11,000,000. Class Members who or which do not opt out of the Settlements will release their claims against all Defendants in the Action.

The following table contains a summary of your rights and options regarding the Settlements. More detailed information about your rights and options can be found in the Settlement Agreements and Distribution Plan, which are available at www.siborsettlement.com (the "Settlement Website").

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS | |
|---|---|
| **DO NOTHING** | If you do nothing in connection with the Settlements, you will receive no payment from the Settlements *and* you will be bound by past and any future Court rulings, including rulings on the Settlements, if approved, and the settlement release.  *See* question 18. |
| **FILE A CLAIM FORM** | The only way to receive your share of the Net Settlement Fund is to complete and electronically submit a valid Claim Form to the Settlement Administrator online no later than **[DATE]**, or to mail your completed Claim Form so that it is postmarked no later than **[DATE]**.  *See* question 12. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT(S)** | If you wish to exclude yourself from the Settlement Class for any of the Settlements, you must submit by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) or deliver a written request to the Settlement Administrator so that it is received by **[DATE]**.  If you exclude yourself, you will not be bound by the Settlements, if approved, or settlement releases, and you will not be eligible for any payment from the Settlements.  *See* questions 19 - 23. |
| **OBJECT TO THE SETTLEMENT(S)** | If you wish to object to any of the Settlements, you must file a written objection with the Court and serve copies on Plaintiffs' Counsel and Settling Defendants' counsel so that the written objection is received by **[DATE]**. You must be and remain within the Settlement Class in order to object. *See* questions 24 and 25. |

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS | |
|---|---|
| **PARTICIPATE AT THE FAIRNESS HEARING** | You may ask the Court for permission to speak about the Settlements at the Fairness Hearing by including such a request in your written objection, which you must file with the Court and serve on Plaintiffs' Counsel and Settling Defendants' counsel so that it is received by **[DATE]**.  The Fairness Hearing is scheduled for **[DATE]**.  *See* questions 28 - 30. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense. *See* question 30. |

These rights and options and the deadlines to exercise them are explained in this Notice.  The capitalized terms used in this Notice are explained or defined below or in the Settlement Agreements, which are available on the Settlement Website, www.siborsettlement.com.

The Court has appointed the lawyers listed below ("Plaintiffs' Counsel") to represent you and the Settlement Class in this Action:

Vincent Briganti
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 733-7221
siborsettlement@lowey.com

Please regularly visit the Settlement Website, which can be found at **www.siborsettlement.com**, for updates relating to the Settlements.

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

4

# WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ................................................................................................ 6

   1.    What Is A Class Action Lawsuit? .................................................................................6

   2.    Why Did I Get This Notice? ..........................................................................................6

   3.    What Are The Definitions Used In This Notice? ...........................................................7

   4.    What Is This Action About?...........................................................................................7

   5.    What Is The History Of This Action? ............................................................................8

   6.    Why Are There Settlements? ........................................................................................9

   7.    How Do The Settlements Affect The Claims Against Settling Defendants? .........................10

WHO GETS MONEY FROM THE SETTLEMENTS ............................................................. 10

   8.    How Do I Know If I Am A Class Member? ..................................................................10

   9.    Are There Exceptions To Being Included In The Settlement Class? ..............................10

   10.   I'm Still Not Sure If I Am Included. ..........................................................................11

THE SETTLEMENT BENEFITS ....................................................................................... 11

   11.   What Do The Settlements Provide? ............................................................................11

   12.   How Will I Get A Payment? ......................................................................................11

   13.   How Much Will My Payment Be? .............................................................................12

   14.   What Is The Distribution Plan? .................................................................................12

   15.   When Will I Receive A Payment? .............................................................................12

   16.   What Do I Have To Do After I File A Claim Form? ....................................................12

   17.   What Am I Giving Up To Receive A Payment? ..........................................................13

   18.   What If I Do Nothing? ..............................................................................................21

EXCLUDING YOURSELF FROM THE SETTLEMENTS ....................................................... 22

   19.   What If I Do Not Want To Be In The Settlement Class?...............................................22

   20.   How Do I Exclude Myself From The Settlement Class For Any Of The Settlements? .........................22

   21.   If I Do Not Exclude Myself, Can I Sue The Settling Defendants And The Other Released Parties For The Same Thing Later?.....................................................................................23

   22.   If I Exclude Myself, Can I Get Money From The Settlements?.....................................23

   23.   If I Exclude Myself From The Settlements, Can I Still Object? ....................................23

OBJECTING TO THE SETTLEMENTS .............................................................................. 23

   24.   How Do I Tell The Court What I Think About The Settlements? ..................................23

   25.   What Is The Difference Between Objecting And Excluding Myself? ............................25

THE LAWYERS REPRESENTING YOU ............................................................................ 25

   26.   Do I Have A Lawyer In This Case? ...........................................................................25

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

27.     How Will The Lawyers Be Paid?........................................................................................................25

THE COURT'S FAIRNESS HEARING ......................................................................................... 26

28.     When And Where Will The Court Decide Whether To Approve The Settlements?............................26

29.     Do I Have To Participate At The Fairness Hearing?........................................................................26

30.     May I Speak At The Fairness Hearing? ..............................................................................................26

GETTING MORE INFORMATION............................................................................................... 27

31.     How Do I Get More Information?........................................................................................................27

## <u>BASIC INFORMATION</u>

**1.      What Is A Class Action Lawsuit?**

A class action is a lawsuit in which one or more representative plaintiffs (in this case, Representative Plaintiffs) bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who have similar claims against the defendants.  The representative plaintiffs, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are NOT individually responsible for payment of attorneys' fees or litigation expenses.  In a class action, attorneys' fees and litigation expenses are paid from the settlement fund (or the court-awarded judgment amount) and must be approved by the court.  If there is no recovery on behalf of the class, the attorneys do not get paid.

When a representative plaintiff enters into a settlement with a defendant on behalf of a class, such as in these Settlements with the Settling Defendants, the court will require that the members of the class be given notice of the settlement and an opportunity to be heard with respect to the settlement.  The court then conducts a hearing (called a Fairness Hearing) to determine, among other things, if the settlement is fair, reasonable, and adequate.

**2.      Why Did I Get This Notice?**

You received this Notice because you requested it or records indicate that you may be a Class Member.  As a potential Class Member, you have a right to know about the proposed Settlements with the Settling Defendants before the Court decides whether to approve the Settlements.

This Notice explains the Action, the Settlements, your legal rights, what benefits are available, who is eligible for them, and how you can apply to receive your portion of the benefits if you are eligible.  The purpose of this Notice is also to inform you of the Fairness Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlements and Distribution Plan and to consider requests for awards of attorneys' fees, litigation expenses and costs, and any Incentive Awards for Representative Plaintiffs from the Settlement Fund.

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

**3.      What Are The Definitions Used In This Notice?**

This Notice incorporates by reference the definitions in the Stipulations and Agreements of Settlement with the Settling Defendants (the "Settlement Agreements") and the Court's Preliminary Approval Orders for each of the Settlements.

The Settlement Agreements and the Court's Preliminary Approval Orders are posted on the Settlement Website.  All capitalized terms used, but not defined, shall have the same meanings as in the Settlement Agreements and the Court's Preliminary Approval Orders.

**4.      What Is This Action About?**

Representative Plaintiffs allege that Defendants,[1] including the Settling Defendants, unlawfully and intentionally manipulated two benchmark interest rates, the Singapore Interbank Offered Rate ("SIBOR") and the Singapore Swap Offer Rate ("SOR"), to fix the prices of SIBOR- and SOR-Based Derivatives in violation of the Sherman Act, 15 U.S.C. § 1, *et seq.*, Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"), and common law from at least January 1, 2007 through December 31, 2011 (the "Class Period").

Representative Plaintiffs allege that Defendants, as members of the panels that set SIBOR and SOR, made submissions to set these rates that did not reflect the true cost of borrowing funds in the Singapore market.  Representative Plaintiffs allege that the submissions were instead intended to fix SIBOR- and SOR-Based Derivatives at prices that would increase the profitability of Defendants' SIBOR- and/or SOR-Based Derivatives positions and caused investors located in or trading through the United States to be overcharged or underpaid in their SIBOR- and SOR-Based Derivatives transactions. Representative Plaintiffs transacted in SIBOR- and/or SOR-Based Derivatives during the Class Period.

The Settling Defendants maintain that they have good and meritorious defenses to Representative Plaintiffs' claims and would prevail if the case were to proceed.  Nevertheless, to settle the claims in this lawsuit, and thereby avoid the expense and uncertainty of further litigation, the Settling Defendants have agreed to pay a total of $64,458,000 in cash for the benefit of the proposed Settlement Class.  If the Settlements are approved, the respective Settlement Amounts, plus any interest (the "Settlement Funds"), less any Taxes, the reasonable costs of Class Notice and

---

[1] Defendants are: Citi; Bank of America Corporation; Bank of America, N.A. ("BOA"); JPMorgan; The Royal Bank of Scotland Group plc; The Royal Bank of Scotland plc (n/k/a NatWest Markets plc) ("RBS"); RBS Japan; UBS AG ("UBS"); ING; BNP Paribas, S.A. ("BNPP"); BNP Paribas North America, Inc.; BNP Paribas Securities Corp.; BNP Paribas Prime Brokerage, Inc.; The Oversea-Chinese Banking Corporation Ltd. ("OCBC"); Barclays PLC; Barclays Bank PLC ("Barclays"); Barclays Capital Inc.; Deutsche Bank; Credit Agricole Corporate and Investment Bank ("CACIB"); Credit Agricole S.A.; Credit Suisse Group; Credit Suisse; Credit Suisse International; Standard Chartered plc; Standard Chartered Bank ("SBC"); DBS Bank Ltd. ("DBS"); DBS Vickers Securities (USA) Inc.; United Overseas Bank Limited ("UOB"); UOB Global Capital, LLC; Australia and New Zealand Banking Group Ltd. ("ANZ"); ANZ Securities, Inc.; MUFG Bank Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.) ("MUFG"); HSBC; and Commerzbank AG ("Commerzbank").

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

administration, any Court-awarded attorneys' fees, litigation expenses and costs, Incentive Awards for Representative Plaintiffs, and any other costs or fees approved by the Court (the "Net Settlement Funds") will be divided among all Class Members who file timely and valid Claim Forms.

If the Settlements are not approved, the Defendants will remain as defendants in the Action, and Representative Plaintiffs will continue to pursue their claims against Defendants.

5.    **What Is The History Of This Action?**

On July 1, 2016, this litigation was initiated as a putative class action on behalf of the named Plaintiffs and other holders of SIBOR- and/or SOR-Based Derivatives. ECF No. 4. The original complaint named two representative Plaintiffs: FrontPoint Asian Event Driven Fund, LP ("FrontPoint"); and Sonterra Capital Master Fund, Ltd. ("Sonterra").

On October 31, 2016, Plaintiffs filed their First Amended Complaint ("FAC") and asserted claims under the Sherman Act, RICO, and common law. ECF No. 119. Defendants moved to dismiss based on lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim. ECF No. 144. On August 18, 2017, the district court issued an opinion denying in part and granting in part Defendants' motion to dismiss the FAC, with leave to file a further amended complaint. ECF No. 225.

On September 18, 2017, Plaintiffs filed the Second Amended Complaint. ECF No. 230, 237. Defendants again filed a motion to dismiss asserting lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim. ECF Nos. 238-45. On November 27, 2017, Plaintiffs filed their opposition to Defendants' motion. ECF No. 249.

While the motion to dismiss the SAC was pending, Citi and JPMorgan reached settlements in principle with Plaintiffs.  Plaintiffs and Citi executed a binding term sheet and notified the Court of the Citi Settlement in a letter dated April 9, 2018. ECF No. 280. Plaintiffs and JPMorgan executed a binding term sheet and notified the Court of the JPMorgan Settlement on June 5, 2018. ECF No. 301.

On October 4, 2018, the Court issued an opinion granting in part and denying in part the Defendants' motion to dismiss the SAC. ECF No. 302. The court dismissed with prejudice the RICO claims and the antitrust claims asserted against certain Defendants, but sustained the antitrust claims asserted against Defendants that were members of the panel that set SIBOR.  The Court also held that FrontPoint was an efficient enforcer of the antitrust laws for many of its claims, and that Sonterra was not an efficient enforcer.  Lastly, the Court held that the documents submitted appeared to show an assignment of rights by FrontPoint and Sonterra to Fund Liquidation Holdings LLC ("FLH"), which therefore had capacity to sue and granted leave to substitute FLH as plaintiff in a third amended complaint.  Prior to the filing of this initial complaint, FLH had received assignments of claims and irrevocable powers of attorney from FrontPoint and Sonterra. FrontPoint and Sonterra then later dissolved. ECF No. 412.  On October 26, 2018, Plaintiffs filed their Third Amended Complaint ("TAC"), with the caption updated to name FLH as plaintiff. ECF No. 308.

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

On November 15, 2018, Plaintiffs sought preliminary approval for the two settlements reached with Citi and JPMorgan.  ECF Nos. 314-17. On the same day, Defendants moved to dismiss the TAC, arguing, among other things, that the case had been a legal nullity from its outset and FLH's claims could not relate back to the initial complaint, making the claims time-barred. ECF Nos. 318-29.  Plaintiff filed its opposition on December 10, 2018. ECF No. 344.

On December 26, 2018, Plaintiff FLH moved to file a fourth amended complaint to join two new representative plaintiffs from the Class, Moon Capital Partners Master Fund, Ltd. and Moon Capital Master Fund, Ltd. (the "Moon Plaintiffs"), who also transacted directly with the defendants and were injured by the exact same defendant conduct, to cure the specific antitrust standing deficiency identified by the Court in its October 4, 2018 opinion. ECF Nos. 347-48.

On July 26, 2019, the Court issued an opinion and judgment dismissing the TAC on the ground that it lacked subject-matter jurisdiction over the entire action from its outset. ECF No. 393. The Court also held that this lack of jurisdiction could not be remedied through substitution of a new class representative with standing to sue. ECF No. 393.

The Court also denied Plaintiffs' motions for preliminary approval of the settlements with Citi and JPMorgan based on its holding that the Court lacked jurisdiction over the Action. ECF No. 393.

On August 26, 2019, Plaintiffs filed a Notice of Appeal of the Court's July 26, 2019 opinion. ECF No. 397. After the parties fully briefed the issues, on March 17, 2021, the U.S. Court of Appeals for the Second Circuit issued a decision vacating the Court's July 26, 2019 opinion. ECF No. 412. The Second Circuit held that the Court had and always had subject-matter jurisdiction over the Action and that any issues related to capacity of certain of the Plaintiffs could be cured through substitution. The Second Circuit also stated that the Court should allow for the filing of the Fourth Amended Complaint and the addition of the Moon Plaintiffs.

Between August 2021 and October 2021, Plaintiffs reached individual agreements in principle with ING, Credit Suisse, HSBC and Deutsche Bank to settle the claims against them in the Action.

On October 22, 2021, the Court granted FLH and the Moon Plaintiffs leave to file their Fourth Amended Complaint ("4AC"), which they filed on October 25, 2021. ECF Nos. 436-37. On November 24, 2021, Defendants moved to dismiss the 4AC on the grounds that: the Court lacks subject-matter jurisdiction, the Court lacks personal jurisdiction over certain foreign Defendants; and that Plaintiffs lack statutory antitrust standing or fail to allege an antitrust conspiracy. ECF Nos. 446-48. FLH and the Moon Plaintiffs opposed the motion. ECF No. 451.

On May 13, 2022, FLH and the Moon Plaintiffs moved for preliminary approval of the settlements with the Settling Defendants.  The Court granted preliminary approval of the Settlements on _____. ECF Nos. _____.

**6.     Why Are There Settlements?**

Representative Plaintiffs and Plaintiffs' Counsel believe that Class Members have been damaged by Defendants' conduct.  The Settling Defendants believe that they have meritorious defenses to Representative Plaintiffs' allegations and believe that Representative Plaintiffs' claims would have

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

been rejected prior to trial, at trial (had Representative Plaintiffs successfully certified a class and survived summary judgment motions), or on appeal.  As a result, Settling Defendants believe that Representative Plaintiffs would have received nothing if the litigation had continued to trial.

The Court has not decided in favor of either Representative Plaintiffs or Defendants.  Instead, Plaintiffs' Counsel engaged in negotiations with each Settling Defendant to reach a negotiated resolution of the claims against the Settling Defendant in the Action.  The Settlements allow both sides to avoid the risks and costs of lengthy litigation and the uncertainty of pre-trial proceedings, a trial, and appeals, and, if approved, will permit eligible Class Members who file timely and valid Claim Forms to receive some compensation, rather than risk ultimately receiving nothing.  Representative Plaintiffs and Plaintiffs' Counsel believe the Settlements are in the best interest of all Class Members.

The Settling Defendants have agreed to pay a total of $**64,458,000** in cash for the benefit of the proposed Settlement Class.  If the Settlements are approved, the Net Settlement Fund will be divided among all Class Members who file timely and valid Claim Forms.

**7.     How Do The Settlements Affect The Claims Against Settling Defendants?**

If all of the Settlements are approved, Representative Plaintiffs' claims against the Settling Defendants and any Released Parties will be released and the Action will be fully resolved.  If any of the Settlements are not approved, the respective Settling Defendant(s) will remain as a defendant(s) in the Action, and Representative Plaintiffs will continue to pursue their claims against the Settling Defendant(s).

## <u>WHO GETS MONEY FROM THE SETTLEMENTS</u>

**8.     How Do I Know If I Am A Class Member?**

In the Preliminary Approval Orders, the Court preliminarily approved the following Settlement Class:

> ALL PERSONS (INCLUDING BOTH NATURAL PERSONS AND ENTITIES) WHO PURCHASED, SOLD, HELD, TRADED, OR OTHERWISE HAD ANY INTEREST IN SIBOR- AND/OR SOR-BASED DERIVATIVES DURING THE PERIOD OF JANUARY 1, 2007 THROUGH DECEMBER 31, 2011 (THE "CLASS PERIOD").

Not everyone who fits this description will be a Class Member.  Please see question 9 for a discussion of exclusions from the Settlement Class.

**9.     Are There Exceptions To Being Included In The Settlement Class?**

Yes.  You are not included in the Settlement Class if you are a Defendant or any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator (whether or not that co-conspirator was named as a defendant). In addition, the United States government is excluded from the Settlement Class.

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

However, Investment Vehicles shall not be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class.  Under no circumstances may any Defendants (or any of their direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution for its own account from the Settlement Funds through an Investment Vehicle.

For purposes of the Citi Settlement, the term "Investment Vehicle" means any investment company, separately managed account, or pooled investment fund managed or advised by Citi or an affiliate, including but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds, and hedge funds; and (ii) employee benefit plans as to which Citi or its affiliates acts as investment advisor or otherwise may be a fiduciary.  For purposes of the remaining Settlements, the term "Investment Vehicle" means any investment company, separately managed account, or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, hedge funds, and employee benefit plans.

**10.     I'm Still Not Sure If I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call toll-free 1-xxx-xxx-xxxx (if calling from outside the United States or Canada, call 1-xxx-xxx-xxxx) or visit the Settlement Website, www.siborsettlement.com, for more information.

## THE SETTLEMENT BENEFITS

**11.     What Do The Settlements Provide?**

The Settling Defendants have paid a total of $64,458,000 (Citi: $9,990,000; JPMorgan: $10,989,000; ING: $10,490,000; Credit Suisse: $10,989,000; Deutsche Bank: $11,000,000; and HSBC: $11,000,000) to be held for disbursement to the Settlement Class and to pay for Court-approved fees and expenses if the Settlements are approved.

These are not claims-made settlements, and the Settling Defendants are not involved in the development of the Distribution Plan for the Settlements.  The Settlements do not provide for a reversion of any Settlement Funds to Settling Defendants. The Net Settlement Funds will be distributed to Settling Class Members to the fullest extent possible.

**12.     How Will I Get A Payment?**

If you are a Class Member and do not exclude yourself, you are eligible to file a Claim Form to receive your share of money from the Net Settlement Funds.  Claim Forms must be submitted online at the Settlement Website on or before 11:59 p.m. Eastern time on **[DATE]** **OR** postmarked by **[DATE]** and mailed to:

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

11

SIBOR/SOR Class Action Settlement
c/o [Settlement Administrator]
P.O. Box XXXXXX
[City, State ZIP Code]
www.siborsettlement.com

Following the timely submission and receipt of your Claim Form, the Settlement Administrator will send you a "Confirmation of Claim Receipt," which will acknowledge receipt of your Claim and will inform you of important next steps.

**Please keep all data and documentation related to your eligible SIBOR- and/or SOR-Based Derivatives.  Having data and documentation may be important to substantiating your Claim Form.**

If you do not file a Claim Form, you will not receive any payments under the Settlements.

**13.    How Much Will My Payment Be?**

The amount of your payment will be determined by the Distribution Plan, if it is approved, or by such other plan of distribution that is approved by the Court.  At this time, it is not known precisely how much each Authorized Claimant will receive from the Net Settlement Fund or when payments will be made. For more information on the Distribution Plan see question 14.

**14.    What Is The Distribution Plan?**

The Distribution Plan is available for review on the Settlement Website, www.siborsettlement.com.  Changes, if any, to the Distribution Plan based on newly available data or information or any Court order will be promptly posted on the Settlement Website.  Please check the Settlement Website for the most up-to-date information about the Distribution Plan.

**15.    When Will I Receive A Payment?**

The Court will hold the Fairness Hearing on **[DATE], 2022** to decide whether to approve the Settlements and Distribution Plan.  Even if the Court approves the Settlements and Distribution Plan, there may be appeals after that. It can sometimes take a year or more for the appellate process to conclude.

Please be patient; status updates will be posted on the Settlement Website.

**16.    What Do I Have To Do After I File A Claim Form?**

After you file a Claim Form, the Settlement Administrator will evaluate your Claim Form to determine if you have provided sufficient information to validate your membership in the Settlement Class and your claim.  If the Settlement Administrator determines that your Claim Form is deficient or defective, it will contact you. If you subsequently provide information that satisfies the Settlement Administrator concerning the validity of your Claim Form, you will not have to do anything else. If any disputes cannot be resolved, Plaintiffs' Counsel will submit them to the Court, and the Court will make a final determination as to the validity of your Claim Form.

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

**Please keep all data and documentation related to your eligible transactions in SIBOR- and/or SOR-Based Derivatives.  Having data and documentation may be important to substantiating your Claim Form.**

17.   **What Am I Giving Up To Receive A Payment?**

Unless you exclude yourself, you remain a Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit about the Released Claims in this Action against the Settling Defendants and/or any of the Released Parties.  Upon the Effective Date of the Settlements, Representative Plaintiffs and each of the Releasing Parties shall release and be deemed to release and forever discharge and shall be forever enjoined from prosecuting the Released Claims against the Released Parties.

Although the releases in the Settlement Agreements are not general releases, the releases do constitute a waiver by the Parties and each Settling Class Member of any and all rights and provisions under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.

The capitalized terms used in this paragraph are defined in the Settlement Agreements, Preliminary Approval Orders, or this Notice.  For easy reference, certain of these terms are copied below.

With respect to the Settlement Agreement with Citi:

- "Released Parties" means Citi, its predecessors, successors and assigns, its past, present, and future direct and indirect parents, subsidiaries, affiliates, and joint ventures and its respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Citi), shareholders (in their capacity as shareholders of Citi), attorneys, insurers, or legal or other representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than Citi.

- "Releasing Parties" means each and every Representative Plaintiff and each and every Settling Class Member on their own behalf and on behalf of their respective past, present, or future predecessors, successors and assigns, direct

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

and indirect parents, subsidiaries, affiliates, officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment under the Net Settlement Fund. With respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring or release claims on behalf of Settling Class Members, relating to their transactions in SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR or SOR held by Representative Plaintiffs or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.).

- "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties concerning any SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR or SOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of SIBOR and/or SOR under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to SIBOR and/or SOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against former Citi employees

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

14

arising solely from those former employees' conduct that occurred while not employed by Citi; (ii) any claims against the Defendants in this Action other than Citi; or (iii) any claims against any Defendant not affiliated with Citi who may be subsequently added in this Action. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

With respect to the Settlement Agreement with JPMorgan:

- "Released Parties" means JPMorgan, its predecessors, successors and assigns, its past, present, and future direct and indirect parents, subsidiaries, and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of JPMorgan), shareholders (in their capacity as shareholders of JPMorgan), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than JPMorgan.

- "Releasing Parties" means each and every Representative Plaintiff and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment under the Net Settlement Fund. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring or release claims on behalf of Settling Class Members, relating to their transactions in SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR and/or SOR held by Representative Plaintiffs or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.).

- "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities,

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

15

demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties concerning any SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR or SOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of SIBOR and/or SOR under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to SIBOR and/or SOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against former JPMorgan employees arising solely from those former employees' conduct that occurred while not employed by JPMorgan; (ii) any claims against the named Defendants in this Action other than JPMorgan; or (iii) any claims against any Defendant not affiliated with JPMorgan who may be subsequently added in this Action. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

With respect to the Settlement Agreement with ING, Credit Suisse, Deutsche Bank, and HSBC:

- "Releasing Parties" means each and every Representative Plaintiff, FrontPoint Asian Event Driven Fund, L.P., and Sonterra Capital Master Fund, Ltd., and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such,

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

16

whether or not they object to the Settlement or make a claim for payment under the Net Settlement Fund.  Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party.  For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring or release claims on behalf of Settling Class Members, relating to their transactions in SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR and/or SOR held by Representative Plaintiffs, FrontPoint Asian Event Driven Fund, L.P., and Sonterra Capital Master Fund, Ltd., or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.).

With respect to the Settlement Agreement with ING:

- "Released Parties" means ING, ING Groep N.V., and ING Capital Markets LLC and their predecessors, successors and assigns, their past, present, and future direct and indirect parents, subsidiaries, and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of ING, ING Groep N.V., or ING Capital Markets LLC), shareholders (in their capacity as shareholders of ING, ING Groep N.V., or ING Capital Markets LLC), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.  For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than those listed in this paragraph.

- "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties concerning any SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked,

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

17

or settled to SIBOR or SOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of SIBOR and/or SOR under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to SIBOR and/or SOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against former ING employees arising solely from those former employees' conduct that occurred while not employed by ING; (ii) any claims against the named Defendants in this Action other than the Released Parties; or (iii) any claims against any Defendant not affiliated with ING who may be subsequently added in this Action. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

With respect to the Settlement Agreement with Credit Suisse:

- "Released Parties" means Credit Suisse, and its predecessors, successors and assigns, its past, present, and future direct and indirect parents, subsidiaries, and affiliates, and each of its respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Credit Suisse), shareholders (in their capacity as shareholders of Credit Suisse), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, which, for the avoidance of doubt, includes but is not limited to previously named but since dismissed defendants Credit Suisse Group AG and Credit Suisse International. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than those listed in this paragraph.

- "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

18

unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties concerning any SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR or SOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of SIBOR and/or SOR under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to SIBOR and/or SOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law).   The following claims shall not be released by this Settlement: (i) any claims against former Credit Suisse employees arising solely from those former employees' conduct that occurred while not employed by Credit Suisse; (ii) any claims against the named Defendants in this Action other than the Released Parties; or (iii) any claims against any Defendant not affiliated with Credit Suisse who may be subsequently added in this Action.   For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

With respect to the Settlement Agreement with Deutsche Bank:

- "Released Parties" means Deutsche Bank, its predecessors, successors and assigns, its past, present, and future direct and indirect parents, subsidiaries, and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Deutsche Bank), shareholders (in their capacity as shareholders of Deutsche Bank), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.   As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than Deutsche Bank.

- "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

19

constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties concerning any SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR or SOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of SIBOR and/or SOR under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to SIBOR and/or SOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law).  The following claims shall not be released by this Settlement: (i) any claims against former Deutsche Bank employees arising solely from those former employees' conduct that occurred while not employed by Deutsche Bank; (ii) any claims against the named Defendants in this Action other than Deutsche Bank; or (iii) any claims against any Defendant not affiliated with Deutsche Bank who may be subsequently added in this Action.  For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

With respect to the Settlement Agreement with HSBC:

- "Released Parties" means HSBC, and its predecessors, successors and assigns, its past, present, and future direct and indirect parents, subsidiaries, affiliates, and joint ventures, and each of its respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of HSBC), shareholders (in their capacity as shareholders of HSBC), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  Without limiting the foregoing, "Released Parties" specifically includes HSBC Bank USA, N.A., HSBC Holdings plc, HSBC North America Holdings Inc., and HSBC USA Inc. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.  For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than HSBC.

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

- "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties concerning any SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR or SOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of SIBOR and/or SOR under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to SIBOR and/or SOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against former HSBC employees arising solely from those former employees' conduct that occurred while not employed by HSBC; (ii) any claims against the named Defendants in this Action other than HSBC; or (iii) any claims against any Defendant not affiliated with HSBC who may be subsequently added in this Action. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

## 18.    What If I Do Nothing?

You are automatically a member of a Settlement Class if you fit the Settlement Class description. However, if you do not submit a timely and valid Claim Form, you will not receive any payment from the Settlements. You will be bound by past and any future Court rulings, including rulings on the Settlements and releases. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be a part of any other lawsuit against the Settling Defendants or any of the other Released Parties on the basis of the Released Claims. Please see question 17 for a description of the Released Claims.

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

**19.     What If I Do Not Want To Be In The Settlement Class?**

If you are a Class Member, do not want to remain in the Settlement Class, and do not want a payment from the Settlements, then you must take steps to exclude yourself from the Settlements. This is also sometimes referred to as "opting out" of a class.  *See* question 20.

If you act to exclude yourself from the Settlement Class of which you would otherwise be a member, you will be free to sue the Settling Defendants or any of the other Released Parties on your own for the claims being resolved by the Settlements.  However, you will not receive any money from the Settlements, and Plaintiffs' Counsel will no longer represent you with respect to any claims against the Settling Defendants.

If you want to receive money from the Settlements, do not exclude yourself.  You must file a Claim Form in order to receive any payment from the Settlements.

**20.     How Do I Exclude Myself From The Settlement Class For Any Of The Settlements?**

You can exclude yourself by sending a written "Request for Exclusion."  You cannot exclude yourself by telephone or email.  Your written Request for Exclusion must be mailed by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) or delivered so that it is received by **[DATE]**, to:

SIBOR/SOR Class Action Settlement - EXCLUSIONS
c/o [Settlement Administrator]
P.O. Box XXXXXX
[City, State ZIP Code]

and (a) state the name, address, telephone number and email address of the Person or entity seeking exclusion, and in the case of entities, the name, telephone number, and email address of the appropriate contact person; (b) state that such Person or entity requests to be excluded from the Settlement Class in the Action (*Fund Liquidation Holdings LLC et al. v. Citibank, N.A., et al.,* Case No. 1:16-cv-5263 (AKH) (S.D.N.Y.)); and (c) provide one or more document(s) sufficient to prove membership in the Settlement Class, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative.

With respect to the kinds of documents that are requested under subsection (c) in the preceding paragraph, any Class Member seeking to exclude himself, herself or itself from the Settlement Class will be requested to provide document(s) evidencing eligible trading in SIBOR- and/or SOR-Based Derivatives during the Class Period (including for each transaction, the date, time and location of the transaction, the instrument type, direction (*i.e.*, purchase or sale) of the transaction, the counterparty, any transaction identification numbers, and the total amount transacted (in Singapore Dollars (SGD))).  Any Request for Exclusion must be signed by such Person or entity requesting the exclusion or an authorized representative and include proof of authorization to submit the Request for Exclusion if submitted by an authorized representative.  The Parties may

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

seek leave of the Court to ask any Person or entity that seeks to be excluded from any of the Settlements to provide documents sufficient to prove membership in the Settlement Class.

A Request for Exclusion that does not include all of the required information, does not contain the proper signature, is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid and the Person or entity filing such an invalid request shall be a Class Member and shall be bound by the Settlements, if approved.

All Persons or entities who submit valid and timely Requests for Exclusion in the manner set forth above shall have no rights under the Settlements, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlements.  In addition, such Persons or entities will not be entitled to object to the Settlements or participate at the Fairness Hearing.

**21.    If I Do Not Exclude Myself, Can I Sue The Settling Defendants And The Other Released Parties For The Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue the Settling Defendants and the other Released Parties for the Released Claims that the Settlements resolve.  If you decide to exclude yourself from any of the Settlements, your decision will apply to the respective Settling Defendant(s) and related Released Parties described in the Settlement(s) from which you are excluding yourself.

**22.    If I Exclude Myself, Can I Get Money From The Settlements?**

No.  You will not get any money from the Settlements if you exclude yourself.

**23.    If I Exclude Myself From The Settlements, Can I Still Object?**

No.  If you exclude yourself, you are no longer a Class Member and may not object to any aspect of the Settlements.

## <u>OBJECTING TO THE SETTLEMENTS</u>

**24.    How Do I Tell The Court What I Think About The Settlements?**

If you are a Class Member and you do not exclude yourself, you can tell the Court what you think about the Settlements.  You can object to all or any part of the Settlements, Distribution Plan, and/or application for attorneys' fees, reimbursement of litigation expenses and costs, and any Incentive Awards for Representative Plaintiffs.  You can give reasons why you think the Court should approve them or not.  The Court will consider your views. If you want to make an objection, you may enter an appearance in the Action, at your own expense, individually or through counsel of your own choice, by filing with the Clerk of the United States District Court for the Southern District of New York a notice of appearance and your written objection, and serving copies of your written objection on Plaintiffs' Counsel and the Settling Defendants' counsel such that your written objection is received by **[DATE]** to the following email and physical addresses:

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

| | | |
|---|---|---|
| Vincent Briganti<br>**Lowey Dannenberg, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601 | | |
| *Plaintiffs' Counsel*<br>*(Class Counsel)* | | |
| Alan C. Turner<br>**Simpson Thacher & Bartlett LLP**<br>425 Lexington Avenue<br>New York, NY 10017 | Andrew A. Ruffino<br>**Covington & Burling LLP**<br>620 Eighth Avenue<br>New York, NY 10018 | Karen P. Seymour<br>Amanda F. Davidoff<br>**Sullivan & Cromwell LLP**<br>125 Broad Street<br>New York, New York 10004 |
| *Counsel for JPMorgan* | *Counsel for Citi* | *Counsel for ING* |
| Joel Kurtzberg<br>**Cahill Gordon & Reindel LLP**<br>32 Old Slip<br>New York, New York 10005 | Elizabeth M. Sacksteder<br>**Paul, Weiss, Rifkind, Wharton & Garrison LLP**<br>1285 Avenue of the Americas<br>New York, New York 10019 | Nowell D. Bamberger<br>**Cleary Gottlieb Steen & Hamilton LLP**<br>2112 Pennsylvania Avenue, NW<br>Washington, DC 20037 |
| *Counsel for Credit Suisse* | *Counsel for Deutsche Bank* | *Counsel for HSBC* |

Any Class Member who does not enter an appearance will be represented by Plaintiffs' Counsel.

If you choose to object, you must file a written objection. You cannot make an objection by telephone or email. Your written objection must include: (i) the name, address, telephone number, and email address of the Person or entity objecting and must be signed by the Class Member (an attorney's signature is not sufficient); (ii) the name of the Action (*Fund Liquidation Holdings LLC, et al. v. Citibank, N.A., et al.,* Case No. 1:16-cv-5263 (AKH) (S.D.N.Y.)); (iii) a statement of your objection or objections, and the specific reasons for each objection, including any legal and evidentiary support you wish to bring to the Court's attention; (iv) whether the objection applies only to you, a specific subset of the Settlement Class, or the entire Settlement Class; (v) documents sufficient to prove your membership in the Settlement Class including a description of the SIBOR-and/or SOR-Based Derivatives transactions you entered into that fall within the Settlement Class definition; (vi) a statement of whether you intend to participate at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, telephone number, and email address; and (vii) a list of other cases in which you or your counsel has appeared either as an objector or counsel for an objector in the last five years. If you enter an appearance and desire to present evidence at the Fairness Hearing in support of your objection, you must also include in your written objection or notice of appearance the identity of any witnesses you may call to testify and any exhibits you intend to introduce into evidence at the hearing. Objectors may, in certain circumstances, be required to make themselves available for a deposition by any Party to take place within the Court's federal district in New York or in the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

If you do not timely and validly submit your written objection, your views will not be considered by the Court.  Check the Settlement Website, www.siborsettlement.com, for updates on important dates and deadlines relating to the Settlements.

**25.    What Is The Difference Between Objecting And Excluding Myself?**

Objecting is telling the Court that you do not like something about the Settlements.  You can object to the Settlements only if you remain a Class Member and do not exclude yourself from the Settlements.  Excluding yourself from the Settlements is telling the Court that you do not want to be a part of the Settlement Class.  If you exclude yourself, you have no right to object to the Settlements because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

**26.    Do I Have A Lawyer In This Case?**

The Court has appointed the lawyers listed below to represent you and the Settlement Class in this Action:

Vincent Briganti
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
siborsettlement@lowey.com

These lawyers are called Plaintiffs' Counsel (or Class Counsel). Plaintiffs' Counsel may apply to the Court for payment of attorneys' fees and litigation expenses and costs from the Settlement Fund.  You will not otherwise be charged for Plaintiffs' Counsel's services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**27.    How Will The Lawyers Be Paid?**

To date, Plaintiffs' Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs.  Any attorneys' fees and litigation expenses and costs will be awarded only as approved by the Court in amounts determined to be fair and reasonable.  The Settlements provide that Plaintiffs' Counsel may apply to the Court for an award of attorneys' fees and litigation expenses and costs out of the Settlement Fund.  Prior to the Fairness Hearing, Plaintiffs' Counsel will move for an award of no more than $21.486 million in attorneys' fees, which is one-third of the Settlement Fund, plus payment of litigation expenses and costs not to exceed $500,000, and for interest on such attorneys' fees and litigation expenses and costs at the same rate as the earnings in the Settlement Fund, accruing from the inception of the Settlement Fund until the attorneys' fees and litigation expenses and costs are paid.  Plaintiffs' Counsel may allocate any award of attorneys' fees and payment of litigation expenses and costs among Plaintiffs' Counsel in

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

25

proportion to their contributions to the case.  Representative Plaintiffs may also seek Incentive Awards from the Settlement Fund of up to $500,000 in the aggregate.

This is only a summary of the request for attorneys' fees and litigation expenses and costs. Any motions in support of the requests will be available for viewing on the Settlement Website after they are filed by **[DATE]**.  If you wish to review the motion papers, you may do so by viewing them at the Settlement Website, www.siborsettlement.com.

The Court will consider the motion for attorneys' fees and litigation expenses and costs at or after the Fairness Hearing.

## THE COURT'S FAIRNESS HEARING

**28.    When And Where Will The Court Decide Whether To Approve The Settlements?**

The Court will hold the Fairness Hearing on **[DATE]**, at **[TIME]**, in Courtroom 14D of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007.  The Fairness Hearing may be moved to a different date, time, or venue without notice to you; any changes to the date, time, or venue of the Fairness Hearing will be posted to the Settlement Website.  Although you do not need to participate, if you plan to do so, you should check the Settlement Website for any changes concerning the Fairness Hearing.

At the Fairness Hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate.  The Court will also consider whether to approve the Distribution Plan and requests for attorneys' fees, litigation expenses and costs, and any Incentive Awards for Representative Plaintiffs.  If there are any objections, the Court will consider them at this time.  We do not know how long the Fairness Hearing will take or when the Court will make its decision.  The Court's decision may be appealed.

**29.    Do I Have To Participate At The Fairness Hearing?**

No.  Plaintiffs' Counsel will answer any questions the Court may have.  You are, however, welcome to participate at the Fairness Hearing.  If you send an objection, you do not have to participate at the Fairness Hearing to talk about it.  As long as you file and serve your written objection on time, the Court will consider it.  You may also hire your own lawyer to participate, but you are not required to do so.

**30.    May I Speak At The Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  If you want to participate at the Fairness Hearing, you may also enter an appearance in the Action at your own expense, individually, or through counsel of your own choice, by filing with the Clerk of Court a notice of appearance and your objection, and serving copies of your objection on Plaintiffs' Counsel and Settling Defendants' counsel at the addresses set forth in in question 24, such that they are received no later than **[DATE]**, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Plaintiffs' Counsel.

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

## **GETTING MORE INFORMATION**

**31.    How Do I Get More Information?**

The Court has appointed [Settlement Administrator] as the Settlement Administrator. Among other things, the Settlement Administrator is responsible for providing this Notice of the Settlements and processing Claim Forms.

This Notice summarizes the Settlement Agreements. More details are in the Settlement Agreements and Distribution Plan, which are available for your review at the Settlement Website, www.siborsettlement.com. The Settlement Website also has answers to common questions about the Settlements, Claim Form, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.  You may also call toll-free 1-8xx-xxx-xxxx (if calling from outside the United States or Canada, call 1-xxx-xxx-xxxx) or write to the Settlement Administrator at:

SIBOR/SOR Class Action Settlement
c/o [Settlement Administrator]
P.O. Box XXXXXX
[City, State ZIP Code]
Tel: XXXX
Email: XXXXX

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please send your current information to the Settlement Administrator at the address/email address set forth above in the event the Settlement Administrator needs to contact you.

****_Please do not contact the Court or the Clerk's Office regarding this Notice or for additional information._****

DATED: _____, _____                          BY ORDER OF THE COURT

Questions? Visit www.siborsettlement.com or call 8xx-xxx-xxxx

27