# EXHIBIT 1

**EXECUTION VERSION**

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund L.P., MOON CAPITAL PARTNERS MASTER FUND LTD., and MOON CAPITAL MASTER FUND LTD., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A., BANK OF AMERICA, N.A., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, UBS AG, BNP PARIBAS, S.A., OVERSEA-CHINESE BANKING CORPORATION LTD., BARCLAYS BANK PLC, DEUTSCHE BANK AG, CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, CREDIT SUISSE AG, STANDARD CHARTERED BANK, DBS BANK LTD., ING BANK, N.V., UNITED OVERSEAS BANK LIMITED, AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, COMMERZBANK AG, AND JOHN DOES NOS. 1-50,<br><br>Defendants. | Docket No. 16-cv-05263 (AKH) |

**STIPULATION AND AGREEMENT OF SETTLEMENT AS TO DEFENDANTS AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., BANK OF AMERICA, N.A., BARCLAYS BANK PLC, BNP PARIBAS, S.A., COMMERZBANK AG, CRÉDIT AGRICOLE CORPORATE AND INVESTMENT BANK, DBS BANK LTD., MUFG BANK, LTD. (F/K/A THE BANK OF TOKYO-MITSUBISHI UFJ, LTD.), OVERSEA-CHINESE BANKING CORPORATION LIMITED, THE ROYAL BANK OF SCOTLAND PLC (N/K/A NATWEST MARKETS PLC), STANDARD CHARTERED BANK, UBS AG, AND UNITED OVERSEAS BANK LIMITED**

## TABLE OF CONTENTS

1.    TERMS USED IN THIS AGREEMENT ................................................................ 3

2.    SETTLEMENT CLASS ...................................................................................... 11

3.    SETTLEMENT PAYMENT ............................................................................... 13

4.    SETTLING DEFENDANTS' COOPERATION.................................................... 14

5.    PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND APPLICATION FOR INCENTIVE AWARD ...................................... 21

6.    APPLICATION FOR APPROVAL OF FEES, EXPENSES, AND COSTS OF SETTLEMENT FUND ADMINISTRATION .................................................. 23

7.    NO LIABILITY FOR FEES AND EXPENSES OF PLAINTIFFS' COUNSEL ........... 23

8.    DISTRIBUTION OF AND/OR DISBURSEMENTS FROM SETTLEMENT FUND ... 24

9.    DISBURSEMENTS PRIOR TO EFFECTIVE DATE........................................... 25

10.   DISTRIBUTION OF BALANCES REMAINING IN NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS .................................................................. 25

11.   ADMINISTRATION/MAINTENANCE OF SETTLEMENT FUND........................... 26

12.   RELEASE AND COVENANT NOT TO SUE .................................................... 29

13.   MOTION FOR PRELIMINARY APPROVAL .................................................... 31

14.   CLASS NOTICE ............................................................................................. 31

15.   PUBLICATION................................................................................................ 34

16.   MOTION FOR FINAL APPROVAL AND ENTRY OF FINAL JUDGMENT ............. 34

17.   BEST EFFORTS TO EFFECTUATE THIS SETTLEMENT......................................... 36

18.   EFFECTIVE DATE........................................................................................... 36

19.   OCCURRENCE OF EFFECTIVE DATE........................................................... 37

20.   FAILURE OF EFFECTIVE DATE TO OCCUR.................................................. 37

21.   TERMINATION............................................................................................... 37

22.   EFFECT OF TERMINATION ......................................................................... 39

23.   SUPPLEMENTAL AGREEMENT.................................................................... 40

24.   CONFIDENTIALITY PROTECTION................................................................ 41

25.   BINDING EFFECT ......................................................................................... 41

26.   INTEGRATED AGREEMENT......................................................................... 42

27.   NO CONFLICT INTENDED .......................................................................... 42

28.   NO PARTY IS THE DRAFTER ...................................................................... 42

29.   CHOICE OF LAW .......................................................................................... 43

30.    EXECUTION IN COUNTERPARTS ................................................................................. 43

31.    SUBMISSION TO AND RETENTION OF JURISDICTION ......................................... 43

32.    CONTRIBUTION AND INDEMNIFICATION .............................................................. 43

33.    RESERVATION OF RIGHTS ....................................................................................... 44

34.    NOTICES ...................................................................................................................... 44

35.    AUTHORITY ................................................................................................................ 44

36.    DISPUTES OR CONTROVERSIES ............................................................................. 45

37.    STAY ............................................................................................................................ 47

THIS STIPULATION AND AGREEMENT OF SETTLEMENT (the **"Settlement Agreement"**) is made and entered into on May 27, 2022.  This Settlement Agreement is entered into on behalf of Moon Capital Partners Master Fund Ltd., Moon Capital Master Fund Ltd., Fund Liquidation Holdings, LLC, and any subsequently named plaintiff(s) (collectively, the "Representative Plaintiffs"), and the Settlement Class, by and through Plaintiffs' Counsel, and on behalf of Defendants Australia and New Zealand Banking Group, Ltd. ("ANZ"), Bank of America, N.A. ("BOA"), Barclays Bank PLC ("Barclays"), BNP Paribas, S.A. ("BNPP"), Commerzbank AG ("Commerzbank"), Crédit Agricole Corporate and Investment Bank ("CACIB"), DBS Bank Ltd. ("DBS"), MUFG Bank, Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.) ("MUFG"), Oversea-Chinese Banking Corporation Limited ("OCBC"), The Royal Bank of Scotland plc (n/k/a NatWest Markets plc) ("RBS"), Standard Chartered Bank ("SCB"), UBS AG ("UBS"), and United Overseas Bank Limited ("UOB") (collectively, the "Settling Defendants"), by and through their respective undersigned counsel of record in the Action.

WHEREAS, Representative Plaintiffs have filed a civil class action, *Fund Liquidation Holdings LLC, et al. v. Citibank, N.A., et al.*, No. 16-cv-05263 (AKH) (S.D.N.Y.), and have alleged, among other things, that Defendants, including Settling Defendants, from January 1, 2007, through at least December 31, 2011, acted unlawfully by, *inter alia*, manipulating, aiding and abetting the manipulation of, and conspiring, colluding or engaging in racketeering activities to manipulate the Singapore Interbank Offered Rate ("SIBOR"), the Singapore Swap Offer Rate ("SOR"), and the prices of SIBOR- and/or SOR-Based Derivatives, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq*., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and the common law;

WHEREAS, Representative Plaintiffs further contend that they and the Settlement Class suffered monetary damages as a result of Settling Defendants' and other Defendants' conduct;

WHEREAS, Settling Defendants deny the allegations of the Representative Plaintiffs and maintain that they have good and meritorious defenses to the claims of liability and damages made by Representative Plaintiffs;

WHEREAS, neither party hereby makes any admission as to the merits of the Action or the strength of the opposing parties' positions;

WHEREAS, arm's-length settlement negotiations have taken place between Representative Plaintiffs, Plaintiffs' Counsel, Settling Defendants, and Settling Defendants' counsel, and this Settlement Agreement has been reached, subject to the final approval of the Court;

WHEREAS, Settling Defendants agree to cooperate with Representative Plaintiffs and Plaintiffs' Counsel to the extent expressly set forth below in this Settlement Agreement;

WHEREAS, Plaintiffs' Counsel conducted an investigation of the facts and the law regarding the Action, considered the Settlement set forth herein to be fair, reasonable, adequate and in the best interests of Representative Plaintiffs and the Settlement Class, and determined that it is in the best interests of the Settlement Class to enter into this Settlement Agreement in order to avoid the uncertainties of complex litigation and to assure a benefit to the Settlement Class;

WHEREAS, Settling Defendants, while continuing to deny the claims asserted against them in the Action and maintaining that they have good and meritorious defenses thereto, have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and distraction of burdensome and protracted litigation, thereby putting this controversy to rest and

avoiding the risks inherent in complex litigation and to obtain complete dismissal of the Action as to Settling Defendants and a release of claims as set forth herein;

WHEREAS, Representative Plaintiffs, for themselves individually and on behalf of each Settling Class Member, and Settling Defendants agree that neither this Settlement Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendants or of the truth of any of the claims or allegations in the Action;

NOW, THEREFORE, Representative Plaintiffs, on behalf of themselves and the Settlement Class by and through Plaintiffs' Counsel, and Settling Defendants, by and through the undersigned counsel, agree that the Action and Released Claims be settled, compromised, and dismissed on the merits and with prejudice as to Settling Defendants and without costs as to Representative Plaintiffs, the Settlement Class, or Settling Defendants, subject to the approval of the Court, on the following terms and conditions:

## 1.      Terms Used In This Agreement

The words and terms used in this Stipulation and Settlement Agreement that are expressly defined below shall have the meaning ascribed to them.

(A)     **"Action"** means *Fund Liquidation Holdings LLC, et al. v. Citibank, N.A., et al.*, No. 16-cv-05263 (AKH) (S.D.N.Y.) and any actions that may be consolidated thereunder in the future.

(B)     **"Agreement"** or **"Settlement Agreement"** means this Stipulation and Agreement of Settlement, together with any exhibits attached hereto, which are incorporated herein by reference.

(C)     **"Any"** means one or more.

(D)    **"Authorized Claimant"** means any Settling Class Member who, in accordance with the terms of this Agreement, is entitled to a distribution from the Net Settlement Fund pursuant to any Distribution Plan or order of the Court.

(E)    **"Business Days"** means any days from Monday through Friday, inclusive, that are not public holidays in the State of New York, as provided in Section 24 of the New York General Construction Law.

(F)    **"Class"** or **"Settlement Class"** means all Persons (including both natural persons and entities) who purchased, sold, held, traded, or otherwise had any interest in SIBOR- and/or SOR-Based Derivatives during the Class Period, provided that, if Representative Plaintiffs expand the Class in any subsequent amended complaint, class motion, or settlement, the defined Class in this Agreement shall be expanded so as to be coterminous with such expansion.  Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

(G)    **"Class Member"** means a Person who is a member of the Class.

(H)    **"Class Period"** means the period of January 1, 2007 through December 31, 2011.

(I)    **"Class Notice"** means the form of notice of the proposed Settlement to be distributed to the Settlement Class as provided in this Agreement.

(J)    **"Cooperation Materials"** means those materials specified in Section 4(F) of this Settlement Agreement.

(K)    **"Court"** means the United States District Court for the Southern District of New York.

4

(L)     **"Defendants"** means the defendants currently or formerly named in the Action and any parties that may be added to the Action as defendants through amended or supplemental pleadings.

(M)     **"Distribution Plan"** means the plan of allocation of the Net Settlement Fund developed by Representative Plaintiffs and Plaintiffs' Counsel and submitted to the Court for approval, whereby the Net Settlement Fund shall in the future be distributed to Authorized Claimants.

(N)     **"Effective Date"** means the date when this Settlement Agreement becomes final as set forth in Section 18 of this Settlement Agreement.

(O)     **"Escrow Agent"** means any Person designated by Plaintiffs' Counsel with the consent of Settling Defendants (which consent shall not be unreasonably withheld) and approved by the Court to act as escrow agent for the Settlement Fund, who Plaintiffs' Counsel anticipates will be Citibank, N.A.

(P)      **"Execution Date"** means the date on which this Agreement is executed by the last Party to do so.

(Q)     **"Fairness Hearing"** means a hearing scheduled by the Court following the issuance of the Preliminary Approval Order to consider the fairness, adequacy and reasonableness of the proposed Settlement and Settlement Agreement under Rule 23 of the Federal Rules of Civil Procedure.

(R)     **"Final"** means, with respect to any court order, including, without limitation, the Final Approval Order and Final Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. An order becomes "Final" when: (i) no appeal has been filed and the

5

prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired. Any appeal or other proceeding pertaining solely to any order adopting or approving the Distribution Plan, and/or any order issued in respect of an application for attorneys' fees and expenses pursuant to Sections 5 and 6 below, shall not in any way delay or prevent the Final Judgment from becoming Final.  For purposes of this provision, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind.

(S)     **"Final Approval Order"** means an order from the Court, the form of which shall be mutually agreed upon by the Parties and submitted to the Court, approving of the Settlement following (i) preliminary approval of the Settlement Agreement, (ii) the issuance of the Class Notice pursuant to the Preliminary Approval Order, and (iii) the Fairness Hearing.

(T)     **"Final Judgment"** means the order of judgment and dismissal of the Action with prejudice as to Settling Defendants, the form of which shall be mutually agreed upon by the Parties and submitted to the Court for approval thereof.

(U)     **"Incentive Award"** means any award by the Court to Representative Plaintiffs as described in Section 5.

(V)     **"Investment Vehicles"** means any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans.

(W)    **"Net Settlement Fund"** means the Settlement Fund less Court-approved disbursements, including: (i) notice, claims administration and escrow costs; (ii) any attorneys' fees and/or expenses awarded by the Court; (iii) any Incentive Award(s) awarded by the Court; and (iv) all other expenses, costs, taxes and other charges approved by the Court.

(X)    **"Other Settlement"** means any settlement Representative Plaintiffs reach with any other Defendant involving the Action that will be submitted to the Court for notice and approval purposes at the same time as this Settlement.

(Y)    **"Parties"** means Settling Defendants and Representative Plaintiffs collectively, and "**Party**" applies to each individually.

(Z)    **"Person"** means a natural person, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint-stock company, estate, legal representative, trust, unincorporated association, proprietorship, municipality, state, state agency, entity that is a creature of any state, any government, governmental or quasi-governmental body or political subdivision, authority, office, bureau, agency or instrumentality of the government, any business or legal entity, or any other entity or organization; and any spouses, heirs, predecessors, successors, representatives or assigns of any of the foregoing.

(AA)   **"Plaintiffs' Counsel"** means Lowey Dannenberg, P.C.

(BB)   **"Preliminary Approval Order"** means an order by the Court, the form of which shall be mutually agreed upon by the Parties and submitted to the Court, issued in response to the Motion for Preliminary Approval in Section 13 providing for, *inter alia*, preliminary approval of the Settlement, including certification of the Settlement Class for purposes of

the Settlement only, and for a stay of all proceedings in the Action against Settling Defendants until the Court renders a final decision on approval of the Settlement.

(CC)    **"Proof of Claim and Release"** means the form to be sent to Class Members, upon further order(s) of the Court, by which any Class Member may make a claim against the Net Settlement Fund.

(DD)    **"Released Claims"** means those claims described in Section 12 of this Settlement Agreement.

(EE)    **"Released Parties"** means the Settling Defendants and each of their respective predecessors, successors and assigns, their past, present, and future direct and indirect parents, subsidiaries, and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Settling Defendants), shareholders (in their capacity as shareholders of Settling Defendants), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.

(FF)    "**Releasing Parties**" means each and every Representative Plaintiff, FrontPoint Asian Event Driven Fund, L.P., and Sonterra Capital Master Fund, Ltd., and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators

8

and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment under the Net Settlement Fund. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party.  For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring or release claims on behalf of Settling Class Members, relating to their transactions in SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR and/or SOR held by Representative Plaintiffs, FrontPoint Asian Event Driven Fund, L.P., and Sonterra Capital Master Fund, Ltd., or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.).

(GG)   **"Representative Plaintiffs"** means Moon Capital Partners Master Fund Ltd., Moon Capital Master Fund Ltd., Fund Liquidation Holdings LLC, and any other Person named as a plaintiff in the Action who was not subsequently withdrawn as a named plaintiff, and any named plaintiff who may be added to the Action through amended or supplemental pleadings.  This Settlement Agreement is entered into with each and every Representative Plaintiff.  In the event that one or more Representative Plaintiff(s) fails to secure Court approval to act as a Representative Plaintiff, the validity of this Settlement Agreement as to the remaining Representative Plaintiffs, the Settlement Class, and Plaintiffs' Counsel shall be unaffected.

(HH)    **"Settlement"** means the settlement of the Released Claims set forth herein.

(II)    **"Settlement Administrator"** means any Person that the Court approves to perform the tasks necessary to provide notice of the Settlement to the Class and to otherwise administer the Settlement Fund, as described further herein.

(JJ)    **"Settlement Amount"** means ninety-one million U.S. dollars ($91,000,000.00).

(KK)    **"Settlement Fund"** means the Settlement Amount plus any interest that may accrue.

(LL)    **"Settling Class Members"** means Representative Plaintiffs and other members of the Settlement Class who do not timely and validly exclude themselves from the Settlement pursuant to FED. R. CIV. P. 23(c) and in accordance with the procedure to be established by the Court.

(MM)   **"SIBOR"** means the Singapore Interbank Offered Rate.

(NN)    **"SIBOR- and/or SOR-Based Derivatives"** means (i) a SIBOR- and/or SOR-based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.[1]; (ii) an option on a SIBOR- and/or a SOR-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iii) a Singapore Dollar currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iv) a SIBOR- and/or SOR-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S; and/or (v) a SIBOR- and/or SOR-based foreign exchange swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.

---

[1] For the avoidance of doubt, all references herein to transactions of any kind entered into by a Person "through a location within the U.S." include transactions that by operation of a forum selection clause or other contractual provision provide for jurisdiction in any state or federal court within the U.S. in the event of a dispute.

(OO)   **"SOR"** means the Singapore Swap Offered Rate.

(PP)   **"U.S. Person"** means a citizen, resident, or domiciliary of the United States or its territories; a corporation, including a limited liability company, either incorporated or headquartered in the United States or its territories; a partnership created or resident in the United States or its territories; any other Person or entity created and/or formed under the laws of the United States, including any state or territory thereof; or any other Person or entity residing or domiciled in the United States or its territories.

## 2.    Settlement Class

(A)    Representative Plaintiffs will file an application seeking the certification of the Settlement Class as described herein pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Notwithstanding the sentence in Section 1(F) above that "[e]xcluded from the Settlement Class are the Defendants (as defined in Section 1(L) herein) and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government," and solely for purposes of this Settlement and this Settlement Class, the Parties agree that Investment Vehicles are not excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class.  Under no circumstances may any Defendant (or any of their direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution for its own account from the Settlement Fund through an Investment Vehicle.

(B)     The Parties' agreement as to certification of the Class is solely for purposes of effectuating the Settlement and for no other purpose.  Settling Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification, if the Settlement set forth in this Settlement Agreement does not receive the Court's Final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective for any other reason.  The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement does not receive the Court's Final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void *ab initio*.  This Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

(C)     Unless the Settlement is terminated, Settling Defendants shall take no position with respect to any motion for class certification that Representative Plaintiffs anticipate filing and/or file in connection with their claims against other Defendants in the Action.  Nothing in this Settlement Agreement shall preclude Settling Defendants from opposing motions for class certification or from taking positions in actions other than the Action.

12

### 3.        Settlement Payment

Settling Defendants shall pay by wire transfer to the Escrow Agent the Settlement Amount within thirty (30) Business Days after the Court grants the Preliminary Approval Order.  The Settling Defendants have agreed amongst themselves as to the share of the Settlement Amount for which each Settling Defendant shall be responsible.  It is the intent of all parties that these amounts shall remain confidential.  However, in the event of a dispute regarding the allocation or payment of the Settlement Amount or upon request by the Court, the Settling Defendants may confidentially disclose the details of their allocation to Representative Plaintiffs and/or the Court, to the extent necessary and relevant to the dispute.  Each Settling Defendant shall be responsible solely for the payment of its share of the Settlement Amount, and in no event shall any Settling Defendant have any responsibility or liability for the payment of any portion of another Settling Defendant's share of the Settlement Amount, provided that, if one or more Settling Defendants does not satisfy their payment obligations such that the full Settlement Amount has not been deposited into the Escrow Account pursuant to the terms of this Section, then Section 21(D) shall apply and Representative Plaintiffs may elect to terminate this Settlement Agreement as to all Settling Defendants after the applicable cure period. The foregoing thirty (30) Business Day time period for payment of the Settlement Amount shall not begin to run unless and until Plaintiffs' Counsel have provided appropriate wire instructions and a Form W-9 to Settling Defendants' counsel.  All interest earned by any portion of the Settlement Amount paid into the Settlement Fund shall be added to and become part of the Settlement Fund.  Upon occurrence of the Effective Date, no funds may be returned to Settling Defendants through a reversion or other means.  The Escrow Agent shall only act in accordance with instructions by Plaintiffs' Counsel with notice to Settling Defendants' counsel, except as otherwise provided in this Agreement.  Other than the payment of the Settlement

Amount as set forth in this Section 3, Settling Defendants shall have no responsibility for any interest, costs, or other monetary payment, including any attorneys' fees and expenses, taxes, or costs of notice or claims administration, except that Settling Defendants shall be responsible for notice as required by 28 U.S.C. § 1715, as set forth in Section 14(C).

### 4.     Settling Defendants' Cooperation

(A)     Settling Defendants have agreed to provide Representative Plaintiffs with Cooperation Materials as enumerated below for the purposes of developing the Distribution Plan and providing notice to the Settlement Class.  Any dispute concerning whether Settling Defendants have performed their obligation to provide Representative Plaintiffs with such Cooperation Materials that the Parties cannot themselves resolve by meeting and conferring shall be decided in accordance with the alternative dispute resolution process set forth in Section 36 below.

(B)     Notwithstanding any other provision in this Agreement, Settling Defendants shall have no obligation to produce any document or provide any information that is privileged under the attorney-client privilege, work-product doctrine, joint-defense privilege, common interest doctrine, bank examination privilege, and/or other applicable privilege or immunity from disclosure.  None of the cooperation provisions set forth herein are intended to, nor do they waive any such privileges or immunities.  Settling Defendants agree that their counsel will meet with Plaintiffs' Counsel as is reasonably necessary to discuss any applicable privilege.  Any disputes regarding privilege that cannot be resolved amongst the Parties shall be reserved for resolution pursuant to the alternative dispute resolution procedures set forth in Section 36 below.  At a reasonable time to be negotiated in good faith in the event of a privilege dispute that cannot otherwise be resolved, Settling Defendants agree to provide Representative Plaintiffs, through Plaintiffs' Counsel, with (a) privilege logs for any relevant documents reasonably requested by

14

Representative Plaintiffs as cooperation discovery in accordance with this Settlement Agreement that Settling Defendants withhold on the basis of any privilege, doctrine, immunity or regulatory objection, if and to the extent such privilege logs are reasonably necessary to establish the basis for Settling Defendants' withholding of the documents; and (b) any existing privilege logs for documents that Settling Defendants withheld from governmental authorities, as applicable, as part of any investigation into Settling Defendants' alleged manipulation of SIBOR and/or SOR, to the extent such privilege logs relate to documents reasonably requested by Representative Plaintiffs as Cooperation Materials herein if and to the extent such privilege logs are reasonably necessary. Settling Defendants' production of existing privilege logs, if any, will be made in such a way so as not to identify the governmental authority or authorities to which Settling Defendants provided the logged documents.  The Parties agree that their counsel shall meet and confer with each other regarding any dispute as to the privileges and protections described in this Section.  To the extent the Parties cannot resolve any such disputes, they shall be reserved for resolution pursuant to the alternative dispute resolution procedures set forth in Section 36 below.  If any document protected by the attorney-client privilege, work-product doctrine, the common interest doctrine, the joint defense privilege, the bank examination privilege, and/or any other applicable privilege or protection is accidentally or inadvertently produced, Representative Plaintiffs shall, upon notice from Settling Defendants, promptly cease reviewing the document and shall return the document and all copies of it to Settling Defendants' counsel within five (5) Business Days.  Representative Plaintiffs and Plaintiffs' Counsel shall also delete or destroy the portions of any other documents or work product which refer to or summarize the document.  The document shall not be used or referred to in any way by Representative Plaintiffs or Plaintiffs' Counsel, and its production shall

in no way be construed to have waived any privilege, protection or restriction attached to such document or information.

(C)     Notwithstanding any other provision in this Agreement, Settling Defendants shall have no obligation to produce any document or provide any information that (i) is restricted from disclosure under any applicable domestic or foreign data protection, privacy, bank secrecy, blocking statute, state secrets, or other law or obligation, or under any court order or order, regulation, policy or other rule of any regulatory agency or governmental body restricting disclosure of such information; (ii) consists of communications with any domestic or foreign regulator relating to a governmental investigation; or (iii) is subject to an applicable foreign authority declining a request under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") for international judicial assistance in obtaining such documents or information from the Settling Defendants.  In the event that Plaintiffs' Counsel reasonably request documents or information otherwise within the scope of the Cooperation Materials to be provided under this Section that Settling Defendants reasonably believe in good faith to be restricted from disclosure under any applicable domestic or foreign data protection, privacy, bank secrecy, blocking statute, state secret, or other law or obligation, or under any court order or order, regulation, policy or other rule of any regulatory agency or governmental body restricting disclosure of such information and the restriction can be avoided without undue burden to Settling Defendants through a reasonable workaround, such as by removing, redacting or anonymizing identifying information, Settling Defendants shall cooperate in good faith with Representative Plaintiffs to implement such a workaround.  If any Settling Defendant reasonably believes in good faith that applicable foreign law requires production in accordance with the procedure set forth in Chapter II, Article 17 of the Hague Convention ("Chapter II"), the Settling

Defendant will meet and confer with  Plaintiffs' Counsel regarding the basis for such belief and to seek Plaintiffs' Counsel's consent to production in accordance with Chapter II, which consent shall not be unreasonably withheld.  If production will be made in accordance with Chapter II, the Settling Defendant shall bear all costs relating to the Chapter II process, and Representative Plaintiffs will provide reasonable assistance, including the submission of joint motion papers to the Court.

(D)     Notwithstanding any other provision of this Agreement, in the event that Settling Defendants believe that Plaintiffs' Counsel has requested cooperation of a kind or to an extent that is not reasonable or not within the scope of Settling Defendants' obligations as set forth herein, Settling Defendants' counsel and Plaintiffs' Counsel agree to meet and confer with each other regarding such disagreement and, if they are unable to resolve the disagreement, to seek resolution pursuant to the alternative dispute resolution procedures set forth in Section 36 below.

(E)     Plaintiffs' Counsel agree to use any and all of the information and documents obtained from Settling Defendants only for the purpose of the Action.  For the avoidance of doubt, Plaintiffs and Plaintiffs' Counsel expressly agree that the documents, materials and/or information provided by Settling Defendants, including without limitation oral presentations, may be used directly or indirectly by Plaintiffs' Counsel solely in connection with the prosecution of the Action and for the purposes of developing the Distribution Plan and providing notice to the Settlement Class, but may not be used directly or indirectly by any Person for the institution or prosecution of the Action or any other action or proceeding against any Released Party or for any other purpose whatsoever, including, but not limited to, actions or proceedings in jurisdictions outside the United States.

(F)      **Document Production.**   Subject to the restrictions set forth above, and for the purposes of developing the Distribution Plan and providing notice to the Settlement Class, Settling Defendants will provide reasonable cooperation to Representative Plaintiffs by producing to Plaintiffs' Counsel the following categories of documents, to the extent that any such documents exist, in an equivalent format to that in which they were produced to governmental authorities, including any reasonably accessible metadata included in such production or, with respect to any documents not previously produced to governmental authorities, in a format to be agreed, to the extent that such documents are reasonably available and accessible to Settling Defendants and have not already been produced to Representative Plaintiffs in the Action.[2]   Unless otherwise indicated, the time period of the documents subject to production shall be January 1, 2007 through December 31, 2011.  Settling Defendants shall produce to Plaintiffs' Counsel:

(i)      Reasonably available trade data pertaining to Settling Defendants' transactions conducted in SIBOR- and/or SOR-Based Derivatives for the years 2007 through 2011, that meet the parameters to be agreed upon by Settling Defendants and Plaintiffs' Counsel, which parameters may take into account the time period during which the Settling Defendants served on the SIBOR and/or SOR panels;

(ii)     Reasonably available contact information for counterparties to SIBOR- and/or SOR-Based Derivatives transacted with the Settling Defendants during the Class Period, to the extent not prevented from doing so by any court order or any foreign or domestic law, regulation, policy, or other rule of any regulatory agency or governmental body restricting disclosure of such information, and to the extent

---

[2] Without limiting the generality of the foregoing, documents, data or other information that can only be retrieved from backup tapes or other similar sources that would be burdensome and expensive to utilize are not "reasonably available."

18

such counterparties and their respective contact information can be reasonably identified based on the records that the Settling Defendants have in their possession, custody, or control.  Such information will be provided in accordance with the parameters set forth in Section 4(G) of this Agreement and, in all events, sufficiently in advance of the deadline to complete notice to the Settlement Class.

(G)     Subject to the restrictions set forth above, Representative Plaintiffs may request as Cooperation Materials such further documents and information described below from the Settling Defendants as are reasonably available and accessible to the Settling Defendants and are not unduly burdensome to locate and produce and reasonably needed to either (a) litigate claims against any non-settling Defendants, or (b) to effectuate the Settlement:

(i)      Reasonably available trade data pertaining to Settling Defendants' transactions in Singapore Dollar-denominated inter-bank money market instruments for the years 2006 through 2011, that meet the parameters to be agreed upon by Settling Defendants and Plaintiffs' Counsel, which parameters may take into account the time period during which the Settling Defendants served on the SIBOR and/or SOR panels; and

(ii)     Reasonably available documents and data reflecting each Settling Defendant's daily SIBOR and/or SOR reset calendar and daily SIBOR and/or SOR risk exposure during the Class Period, which time period is to be negotiated and which parameters may take into account the time period during which the Settling Defendants served on the SIBOR and/or SOR panels.

The Settling Defendants will consider such requests in good faith, but the Settling Defendants need not agree to produce any material or information in response to any such requests.  In the

19

event that the Settling Defendants believe Plaintiffs' Counsel has unreasonably requested cooperation pursuant to this sub-section, or Plaintiffs' Counsel believes the Settling Defendants have unreasonably withheld cooperation pursuant to this sub-section, the Settling Defendants and Plaintiffs' Counsel agree to meet and confer regarding such disagreement and seek resolution if necessary pursuant to the alternative dispute resolution procedures set forth in Section 36 below.  If such alternative dispute resolution is sought, the disputed aspect of cooperation shall be held in abeyance until such resolution by the procedures set forth in Section 36, and such abeyance shall not constitute a breach of the Settlement Agreement.

(H)     Plaintiffs' Counsel shall tailor its requests for the production of documents, if any, with a view toward minimizing unnecessary burdens and costs to the Settling Defendants in connection with collecting, reviewing and producing materials that have not already been collected in the course of the Action, related settlements, reports and/or investigations by governmental authorities.

(I)     **Timing of Production.** Production of documents and data pursuant to this Section 4 will be made on a rolling basis, to begin within fifteen (15) Business Days of the issuance by the Court of the Preliminary Approval Order.[3]

(J)     **Continuation, Scope, and Termination of Settling Defendants' Obligation.** Settling Defendants' obligations to cooperate are continuing until and shall terminate upon the earlier of: (i) the date when final judgment has been rendered with no remaining rights of appeal, in the Action against all defendants; or (ii) four (4) years after the Court enters the Preliminary Approval Order.

---

[3] Absent entry of an order by the Court directing ANZ to produce the Cooperation Materials to Representative Plaintiffs, any production obligations for ANZ shall only relate to documents not subject to privacy protection or confidentiality obligations under Australian law.

(K)     No later than sixty (60) days following the final conclusion of all aspects of this Action, including any appeals, rights to appeal and the administration of settlements, Representative Plaintiffs agree to return or destroy all documents and information produced by Settling Defendants, so certified in writing, following a written request by Settling Defendants.

## 5.     Payment of Attorneys' Fees and Reimbursement of Expenses, and Application for Incentive Award

(A)     Subject to Court approval, Representative Plaintiffs and Plaintiffs' Counsel shall be reimbursed and paid solely out of the Settlement Fund for all fees and expenses including, but not limited to, attorneys' fees, and past, current or future litigation expenses, and any Incentive Award approved by the Court.  Settling Defendants shall have no responsibility for any costs, fees, or expenses incurred for or by Representative Plaintiffs' or Class Members' respective attorneys, experts, advisors, agents, or representatives.  Nothing in this provision shall expedite the date(s) for Settling Defendants' payment as set forth in Section 3.

(B)     Plaintiffs' Counsel may apply to the Court for an award from the Settlement Fund of attorneys' fees, plus interest.  Plaintiffs' Counsel also may apply to the Court for reimbursement from the Settlement Fund of Plaintiffs' Counsel's litigation expenses, plus interest.  Settling Defendants shall take no position with respect to Plaintiffs' Counsel's motion for attorneys' fees and expenses.  Representative Plaintiffs may make an application to the Court for an award in connection with their representation of the Settlement Class in this litigation, which amount constitutes the Incentive Award.

(C)     The Released Parties shall have no responsibility for, and no liability with respect to, the attorneys' fees, litigation expenses, or Incentive Awards that the Court may award in the Action.

(D)     The procedures for, and the allowance or disallowance by the Court of, any application for approval of fees, expenses and costs or an Incentive Award (collectively, "Fee and Expense Application") are not part of the Settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Agreement.  Any order or proceeding relating to a Fee and Expense Application, or the reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Judgment and the Settlement of the Action as set forth herein.  No order of the Court or modification or reversal on appeal of any order of the Court concerning any Fee and Expense Application or the Distribution Plan shall constitute grounds for termination of this Agreement.

(E)     Prior to the Fairness Hearing, Plaintiffs' Counsel and Representative Plaintiffs shall file any motions seeking awards from the Settlement Fund for payment of attorneys' fees and reimbursement of costs and expenses, and for the payment of an Incentive Award as follows:

(i)     Plaintiffs' Counsel shall seek attorneys' fees of no more than one-third of the Settlement Fund;

(ii)    Plaintiffs' Counsel shall seek reimbursement for their costs and expenses incurred as of the date the Motion for Final Approval and Entry of Final Judgment is filed pursuant to Section 16; and

(iii)   Representative Plaintiffs may make an application to the Court for an award in connection with their representation of the Settlement Class in this litigation, which amount constitutes the Incentive Award.

(F)     Upon the Court's approval of an award of attorneys' fees, costs and expenses, such approved amount from Subsections (E)(i) and (E)(ii), above, shall be paid from the Escrow

22

Account within ten (10) Business Days after their approval by the Court.  If an event occurs that will cause the Settlement Agreement not to become Final pursuant to Section 18 or if Representative Plaintiffs or Settling Defendants terminate the Settlement Agreement pursuant to Sections 21 through 23, then within ten (10) Business Days after receiving written notice of such an event from counsel for Settling Defendants or from a court of appropriate jurisdiction, Plaintiffs' Counsel shall refund to the Settlement Fund any attorneys' fees, costs and expenses (not including any non-refundable expenses as described in Section 9(B)) that were withdrawn plus interest thereon at the same rate at which interest is accruing for the Settlement Fund.

### 6.    Application for Approval of Fees, Expenses, and Costs of Settlement Fund Administration

Plaintiffs' Counsel may apply to the Court, at the time of any application for distribution to Authorized Claimants, for an award from the Settlement Fund of attorneys' fees for services performed and reimbursement of expenses incurred in connection with the administration of the Settlement after the date of the Fairness Hearing.  Plaintiffs' Counsel reserves the right to make additional applications to the Court for payment from the Settlement Fund for attorneys' fees for services performed and reimbursement of expenses incurred.  Any such applications are subject to Court approval.

### 7.    No Liability for Fees and Expenses of Plaintiffs' Counsel

The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment(s) to Plaintiffs' Counsel for attorneys' fees, costs and expenses and/or to any other Person who may assert some claim thereto, or any fee and expense award the Court may make in the Action.

8.        **Distribution of and/or Disbursements from Settlement Fund**

The Settlement Administrator, subject to such supervision and direction by the Court and/or Plaintiffs' Counsel as may be necessary, shall administer the Proof of Claim and Release forms submitted by the Settling Class Members and shall oversee the distribution of the Settlement Fund pursuant to the Distribution Plan.  Upon the Effective Date (or earlier if provided in Section 9 herein), the Settlement Fund shall be applied in the order and as follows:

(i)        to pay costs and expenses associated with the distribution of the Class Notice and administration of the Settlement as provided in this Section and Section 6, including all costs and expenses reasonably and actually incurred in assisting Class Members with the filing and processing of claims against the Net Settlement Fund at any time after Settling Defendants make payments described in Section 3;

(ii)        to pay Escrow Agent costs;

(iii)        to pay taxes assessed on the Settlement Fund, and tax preparation fees in connection with such taxes;

(iv)        to pay any attorneys' fees, costs and expenses approved by the Court upon submission of a Fee and Expense Application, as provided in Section 5;

(v)        to pay the amount of any Incentive Award for Representative Plaintiffs, as provided in Section 5; and

(vi)        to pay the Net Settlement Fund to Authorized Claimants as allowed by the Agreement, any Distribution Plan, or order of the Court.

9.        **Disbursements Prior to Effective Date**

(A)      Except as provided in Subsection (B) herein or by Court order, no distribution to any Class Member or disbursement of fees, costs and expenses of any kind may be made from the Settlement Fund until the Effective Date.  As of the Effective Date, all fees, costs and expenses and Incentive Awards as approved by the Court may be paid out of the Settlement Fund.

(B)      Upon written notice to the Escrow Agent by Plaintiffs' Counsel with a copy to Settling Defendants, the following may be disbursed prior to the Effective Date: (i) reasonable costs of Class Notice and administration may be paid from the Settlement Fund as they become due (up to a maximum of $1,750,000); (ii) reasonable costs of the Escrow Agent may be paid from the Settlement Fund as they become due; (iii) taxes and tax expenses may be paid from the Settlement Fund as they become due; and (iv) Plaintiffs' Counsel's attorneys' fees and costs and expenses as approved by the Court (in accordance with Section 5(F)). In the event the Settlement is terminated or does not become final for any reason, Settling Defendants shall be entitled to return of all such funds, plus all interest accrued thereon, except for up to $1,750,000 for reasonable costs of Class Notice and administration that have been actually incurred and/or disbursed prior to the date the Settlement was terminated or otherwise does not become final for any reason, on the terms specified in Section 22.

(C)      Plaintiffs' Counsel will attempt in good faith to minimize the costs of the Escrow Agent, Class Notice and administration.

10.        **Distribution of Balances Remaining in Net Settlement Fund to Authorized Claimants**

This is not a claims-made settlement.  The Net Settlement Fund shall be distributed to Authorized Claimants and, except as provided in Section 9(B), there shall be no reversion to Settling Defendants.  The distribution to Authorized Claimants shall be in accordance with the

Distribution Plan that has been or hereafter is to be approved by the Court upon such notice to the

Class as may be required.  Plaintiffs' Counsel will develop the Distribution Plan that will be

submitted to the Court.  Settling Defendants shall take no position with respect to the Distribution

Plan or any revisions to the Distribution Plan.  The Distribution Plan is not a part of this Agreement.

No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the later

of (i) the Effective Date, or (ii) the date by which the Distribution Plan has received final approval

and the time for any further appeals with respect to the Distribution Plan has expired.  Should there

be any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed

checks, or otherwise), Plaintiffs' Counsel shall submit an additional plan of allocation to the Court

for its approval.

### 11.        Administration/Maintenance of Settlement Fund

The Settlement Fund shall be maintained by Plaintiffs' Counsel under supervision of the

Court and shall be distributed solely at such times, in such manner, and to such Persons as shall be

directed by subsequent orders of the Court (except as provided for in this Agreement) consistent

with the terms of this Settlement Agreement.  The Parties intend that the Settlement Fund be treated

as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 *et seq.*

Each of the Settling Defendants shall be a "transferor" within the meaning of Treasury Regulation

§ 1.468B-1(d)(1) to the Settlement Fund including, without limitation, with respect to the

Settlement Amount; and the Escrow Agent and/or Settlement Administrator shall be the

"administrator" of the Settlement Fund within the meaning of Treasury Regulation §1.468B-

2(k)(3) and shall be responsible for causing the filing of all tax returns required to be filed by or

with respect to the Settlement Fund, paying from the Settlement Fund any taxes owed by or with

respect to the Settlement Fund, and complying with any applicable information reporting or tax

withholding requirements imposed by applicable law on or with respect to the Settlement Fund. Plaintiffs' Counsel shall ensure that the Settlement Fund at all times complies with Treasury Regulation § 1.468B-1 in order to maintain its treatment as a qualified settlement fund.  To this end, Plaintiffs' Counsel shall ensure that the Settlement Fund is approved by the Court as a qualified settlement fund and that any Escrow Agent, Settlement Administrator or other administrator of the Settlement Fund complies with all requirements of Treasury Regulation § 1.468B-2.  Any failure to ensure that the Settlement Fund complies with Treasury Regulation § 1.468B-2, and the consequences thereof, shall be the sole responsibility of Plaintiffs' Counsel, and Settling Defendants and their counsel shall have no responsibility or liability for any act, omission, or determination of the Escrow Agent or the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

The Settlement Fund shall be invested exclusively in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund and bank accounts that are either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government.  The proceeds of these accounts shall be reinvested in similar instruments at their then current market rates as they mature.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

Any Class Member who does not submit a valid proof of claim and release form will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Settlement Agreement and the settlement, including the terms of

the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for herein, and will be barred from bringing any action or proceeding against the Released Parties concerning the Released Claims.

Neither the Settling Defendants nor the Released Parties shall have any role or interest in, or responsibility or liability to any Person for, the administration or allocation of any part of the Settlement Fund, including the solicitation, review, or evaluation of Proofs of Claim and Release by Representative Plaintiffs, Plaintiffs' Counsel, or their designated representatives or agents, or any other part of the claims administration process.   Neither the Settling Defendants nor the Released Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to:  (i) any act, omission, or determination of the Escrow Agent or any other Person, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) any Distribution Plan; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any taxes and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

All proceedings with respect to the administration, processing, and determination of claims and Proofs of Claim and Release by Settling Class Members and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be determined by the Settlement Administrator and subject to review by the Court.

## 12.        Release and Covenant Not To Sue

(A)      The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties concerning any SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR or SOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of SIBOR and/or SOR under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to SIBOR and/or SOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law).  The

29

following claims shall not be released by this Settlement: (i) any claims against former employees of Settling Defendants arising solely from those former employees' conduct that occurred while not employed by Settling Defendants; (ii) any claims against the named Defendants in this Action other than the Released Parties; or (iii) any claims against any Defendant not affiliated with Settling Defendants who may be subsequently added in this Action.  For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

Although the foregoing release is not a general release, such release constitutes a waiver of any and all rights arising under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.  Releasing Parties shall be deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts.  In entering and making this Agreement, the Parties assume the risk of any

mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

Upon the Effective Date, each of the Releasing Parties shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties and the Releasing Parties agree and covenant not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in prosecuting any Released Claims against any Released Party.

### 13.        Motion for Preliminary Approval

As soon as practicable after the Execution Date, at a time to be mutually agreed by Settling Defendants and Plaintiffs' Counsel, Plaintiffs' Counsel shall submit this Settlement Agreement to the Court and shall file a motion for entry of the Preliminary Approval Order.

### 14.        Class Notice

(A)        Plaintiffs' Counsel shall be responsible for selecting a Settlement Administrator to be approved by the Court, and Settling Defendants shall not object to Plaintiffs' Counsel's selection.  Subject to approval by the Court, in accordance with FED. R. CIV. P. 23(e), Plaintiffs' Counsel shall provide reasonable notice of the Settlement (the "Class Notice") to the Class Members whose identities can be determined after reasonable efforts, with notice of the date of the Fairness Hearing.  The Class Notice may be sent solely for this Settlement or combined with notice of Other Settlements.  The Class Notice shall explain the general terms of the Settlement Agreement, the general terms of the proposed Distribution Plan, the general terms of the Fee and Expense Application, and a description of Class Members' rights to object to the Settlement, request exclusion from the Class and appear at the Fairness Hearing.  The text of the Class Notice shall be agreed upon by the Parties before its submission to the Court for approval thereof.  The cost of providing the Notice to Class Members in the manner set forth above shall be paid out of

the Settlement Fund, meaning the Settlement Amount plus any interest that may accrue, and the Settlement Administrator, as directed by Plaintiffs' Counsel, shall administer dissemination of the Notice.

(B)     Settling Defendants agree to provide Plaintiffs' Counsel with the reasonably available contact information for counterparties to SIBOR- and/or SOR-Based Derivatives who transacted with the Settling Defendants during the Class Period, to the extent not prevented from doing so by any court order or any law, regulation, policy, or other rule of any regulatory agency or governmental body restricting disclosure of such information as described in Section 4(F) above.  But, if necessary as a result of applicable domestic or foreign data protection, privacy, bank secrecy, blocking statute, state secret, or other law or obligation, or under any court order or order, regulation, policy or other rule of any regulatory agency or governmental body restricting disclosure of such information, including but not limited to (if applicable to the Settling Defendant) requirements that limit notice only to those clients with whom a business relationship still exists, Representative Plaintiffs agree that Settling Defendants may, at their sole discretion, opt to provide, or have a third-party agent or agents provide, the Class Notice to any counterparties to SIBOR- and/or SOR-Based Derivatives Settling Defendants transacted with during the Class Period who cannot be included in the general class-wide notice process.  Alternatively, Settling Defendants may, at their sole discretion, directly provide counterparty information only to the Settlement Administrator for purposes of distributing the Class Notice, to the extent that Settling Defendants reasonably conclude in good faith that such steps are required or advisable based on such counterparty information being subject to any applicable domestic or foreign data protection, privacy, bank secrecy, blocking statute, or other law or obligation, or any court order or order, regulation, policy or other rule of any regulatory agency or governmental body restricting

32

disclosure of such information.  If Settling Defendants exercise their discretion to provide Class Notice pursuant to this Section, Settling Defendants shall complete such notice no later than the date set by the Court.  In the event that any Settling Defendant requires additional time to provide counterparty information to the Settlement Administrator, provide the Class Notice directly to counterparties, or have a third-party agent provide the Class Notice to counterparties, due to applicable domestic or foreign data protection, privacy, bank secrecy, blocking statute, state secret or other law or obligation, or under any court order or order, regulation, policy or other rule of any regulatory agency or governmental body restricting disclosure of such information, the Settling Defendant may confer with Plaintiffs' Counsel and seek leave of the Court, as may be necessary, for a reasonable extension of applicable deadlines, including the Fairness Hearing.  Representative Plaintiffs reserve all rights with respect to any request for an extension of the deadlines.  All reasonable fees, costs, and expenses of the Settling Defendants or the Settling Defendants' third-party agent(s) in mailing the Class Notice to any counterparties will be paid from the Settlement Fund.  Such reasonable fees, costs, and expenses of the Settling Defendants or the Settling Defendants' third-party agent(s) shall not exceed $1,300,000.

(C)     In the event that the Court preliminarily approves the Settlement, Settling Defendants shall bear the costs and responsibility for timely serving notice of the Settlement as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.  Settling Defendants shall also cause copies of such CAFA notices and proof of service of such notices to be provided to Plaintiffs' Counsel.

(D) In the event that the Settlement is not approved, Representative Plaintiffs will not be required to return to Settling Defendants any sums actually paid from the Settlement Fund for the reasonable costs of Class Notice, up to a maximum of $1,750,000.

### 15.        Publication

Plaintiffs' Counsel shall cause to be published a summary in accord with the Class Notice submitted to the Court by the Parties and approved by the Court.  Settling Defendants shall have no responsibility for providing publication or distribution of the Settlement or any notice of the Settlement to Class Members or for paying for the cost of providing notice of the Settlement to Class Members except as provided for in Section 9(B).  The Parties shall mutually agree on any content relating to Settling Defendants that will be used by Plaintiffs' Counsel and/or the Settlement Administrator in any Settlement-related press release or other media publication, including on websites.

### 16.        Motion for Final Approval and Entry of Final Judgment

(A)        After Class Notice is issued, and prior to the Fairness Hearing, Plaintiffs' Counsel shall move for entry of a Final Approval Order and Final Judgment:

(i)        finally certifying solely for settlement purposes the Settlement Class;

(ii)        finding that the Class Notice constituted the best notice practicable under the circumstances and complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

(iii)        finally approving this Settlement Agreement and its terms as being a fair, reasonable and adequate settlement of the Settlement Class' claims under Rule 23 of the Federal Rules of Civil Procedure;

(iv)     directing that, as to the Released Parties, the Action be dismissed with prejudice and without costs as against the Settling Class Members;

(v)     discharging and releasing the Released Claims as to the Released Parties;

(vi)     barring claims by any Person against the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise;

(vii)     determining pursuant to FED. R. CIV. P. 54(b) that there is no just reason for delay and directing that the judgment of dismissal shall be final and appealable;

(viii)     reserving the Court's continuing and exclusive jurisdiction over the Settlement and this Agreement, including the administration and consummation of this Agreement; and

(ix)     containing such other and further provisions consistent with the terms of this Agreement to which Settling Defendants and Representative Plaintiffs expressly consent in writing.

(B)     Prior to the Fairness Hearing, as provided in Section 5, Plaintiffs' Counsel will timely request by separate motion that the Court approve its Fee and Expense Application. The Fee and Expense Application and the Distribution Plan are matters separate and apart from the Settlement between the Parties. If the Fee and Expense Application or the Distribution Plan are not approved, in whole or in part, it will have no effect on the finality of the Final Approval Order

approving the Settlement and the Final Judgment dismissing the Action with prejudice as to the Released Parties.

### 17.      Best Efforts to Effectuate This Settlement

The Parties agree to cooperate with one another to the extent reasonably necessary to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Agreement.

### 18.      Effective Date

Unless terminated earlier as provided in this Settlement Agreement, this Settlement Agreement shall become effective and final as of the date upon which all of the following conditions have been satisfied:

(A)      The Settlement Agreement has been fully executed by Settling Defendants and Representative Plaintiffs through their counsel;

(B)      The Court has certified a Settlement Class, and entered the Preliminary Approval Order, substantially in the form to be agreed to by the Parties, approving this Settlement Agreement, and approving the program and form for the Class Notice;

(C)      Class Notice has been issued as ordered by the Court;

(D)      The Court has entered the Final Approval Order finally approving the Settlement Agreement in all respects as required by Rule 23(e) of the Federal Rules of Civil Procedure; however, this required approval does not include the approval of the Fee and Expense Application and the Distribution Plan;

(E)      The Court has entered its Final Judgment of dismissal with prejudice as to the Released Parties with respect to Representative Plaintiffs and Settling Class Members; and

(F)     Upon the occurrence of the later of the following: (i) the resolution of any and all appeals regarding the Settlement (subject to Section 21 below), or (ii) the time to appeal or seek permission to appeal from the approval of the Settlement has expired.

## 19.     Occurrence of Effective Date

Upon the occurrence of all of the events in Section 18, any and all remaining interest or right of Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Net Settlement Fund shall be transferred from the Escrow Agent to the Settlement Administrator at the written direction of Plaintiffs' Counsel.

## 20.     Failure of Effective Date to Occur

If any of the conditions specified in Section 18 are not satisfied, this Agreement may be terminated, subject to and in accordance with Section 21, unless the Parties mutually agree in writing to continue with it for a specified period of time.

## 21.     Termination

(A)     Settling Defendants shall have the right, but not the obligation, in their sole discretion, to terminate this Settlement Agreement by providing written notice to Plaintiffs' Counsel within twenty-five (25) Business Days of any of the following events:

(i)      the Court enters an order declining to enter the Preliminary Approval Order or the Final Approval Order in any material respect;

(ii)      the Court enters an order refusing to approve the Settlement Agreement or any material part of it;

(iii)      the Court enters an order declining to enter the Final Judgment and order of dismissal in any material respect;

(iv)      the Court enters an alternative judgment;

(v)      the Final Judgment and order of dismissal is modified or reversed by a court of appeal or any higher court in any material respect; or

(vi)      an alternative judgment is modified or reversed by a court of appeal or any higher court in any material respect.

(B)      Plaintiffs' Counsel, acting on behalf of the Representative Plaintiffs, shall also have the right, but not the obligation, in their sole discretion, to terminate this Settlement Agreement by providing written notice to Settling Defendants' counsel within twenty-five (25) Business Days of any of the following events, provided that the occurrence of the event substantially deprives Plaintiffs of the benefit of the Settlement:

(i)      the Court enters an order declining to grant Representative Plaintiffs' Motion for Preliminary Approval pursuant to Section 13 or the Motion for Final Approval pursuant to Section 16 in any material respect;

(ii)      the Court enters an order refusing to approve the Settlement Agreement or any material part of it;

(iii)      the Court enters an order declining to enter the Final Judgment and order of dismissal in any material respect;

(iv)      the Court enters an alternative judgment;

(v)      the Final Judgment and order of dismissal is modified or reversed by a court of appeal or any higher court in any material respect;

(vi)      an alternative judgment is modified or reversed by a court of appeal or any higher court in any material respect; or

(vii)         Settling Defendants, for any reason, fail to comply with Section 3 and fail to cure such non-compliance as contemplated by Section 21(D) below.

(C)     Notwithstanding the Parties' respective termination rights under paragraphs (A) and (B) of this Section, if the Court declines to approve Plaintiffs' Motion for Preliminary Approval under Section 13 because the Settlement Agreement does not contain a plan for providing Class Notice to the Settlement Class or because the Court identifies a reason or basis that can be remedied by providing additional information to the Court, the Parties agree to meet and confer within ten (10) Business Days after such an order is issued to use their best efforts to effectuate the terms of the Settlement and to facilitate the renewed filing of Plaintiffs' Motion for Preliminary Approval.

(D)     In the event that Settling Defendants, for any reason, fail to comply with Section 3, on ten (10) Business Days' written notice to Settling Defendants' counsel, during which ten-day period Settling Defendants shall have the opportunity to cure the default without penalty, Representative Plaintiffs, by and through Plaintiffs' Counsel, may terminate this Settlement Agreement or elect to enforce it as provided by the Federal Rules of Civil Procedure.

## 22.        Effect of Termination

Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Agreement should terminate or be cancelled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not finally approved by the Court or the Final Judgment is reversed or vacated following any appeal:

(A)     Within ten (10) Business Days after written notification of such event is sent by counsel for Settling Defendants or Plaintiffs' Counsel to all Parties and the Escrow Agent, the

Settlement Amount, and all interest earned in the Settlement Fund, will be refunded, reimbursed, and repaid by the Escrow Agent to Settling Defendants, except as provided in Section 9(B).

(B)     The Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to Settling Defendants, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund;

(C)     The Parties shall be returned, to the maximum extent possible, to their respective positions in the Action as of immediately prior to the Execution Date of this Settlement Agreement, with all of their respective legal claims and defenses preserved as they existed at that time; and

(D)     Upon termination of this Settlement Agreement:

(i)     this Agreement shall be null and void and of no further effect, and none of Settling Defendants, the Representative Plaintiffs, or members of the Settlement Class shall be bound by any of its terms;

(ii)     any and all releases shall be of no further force and effect;

(iii)     the Parties shall be restored to their respective positions in the Action as of the Execution Date, with all of their respective legal claims and defenses preserved as they existed on that date; and

(iv)     any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

## 23.        Supplemental Agreement

In addition to the provisions contained in Section 21(A) herein, Settling Defendants shall have the right, but not the obligation, in their sole discretion, to terminate this Agreement pursuant to the Supplemental Agreement as to Settling Defendants ("Supplemental Agreement") to be

executed by the parties contemporaneously with the execution of this Agreement.   The Supplemental Agreement shall not be submitted to the Court except in the event of a dispute thereunder or if requested by the Court, in which case the Parties shall seek to file it only under seal.

### 24.      Confidentiality Protection

Representative Plaintiffs, Plaintiffs' Counsel, and Settling Defendants agree to keep private and confidential the terms of this Settlement Agreement, except for disclosure at the Court's direction or disclosure *in camera* to the Court, until this document is filed with the Court, provided, however, that nothing in this Section shall prevent Settling Defendants from making any disclosures it deems necessary to comply with any relevant laws, subpoena or other form of judicial process.   Nothing in this provision shall preclude Settling Defendants from disclosing, without notice to Plaintiffs' Counsel, the fact, amount, or terms of the Settlement as a result of a good faith determination that such disclosure is required or advisable pursuant to bank regulatory requirements, SEC requirements (or the requirements of comparable authorities in other jurisdictions), listing or exchange requirements, or other legal or regulatory requirements, or from disclosing the fact, amount, or terms of the Settlement to their regulators, insurers, or external auditors.

### 25.      Binding Effect

(A)      The Parties intend this Settlement Agreement to be binding upon, and inure to the benefit of, the successors and assigns of Settling Defendants, the Released Parties, the Representative Plaintiffs, and Settling Class Members.   The Parties enter into this Settlement Agreement with full knowledge that adverse or favorable court decisions and/or other events, including those pertaining to any of the Representative Plaintiffs' capacity to serve as litigants or

41

class representatives, may take place in the future that might affect the positions of either or both parties, including prior to Final Approval of the Settlement.  The Parties intend to be bound by this Settlement Agreement notwithstanding the possibility or occurrence of any such future events or changes in position.

(B)     The waiver by any Party of any breach of this Settlement Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

## 26.        Integrated Agreement

This Settlement Agreement, including any exhibits hereto and agreements referenced herein, contains the entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and is not subject to any condition not provided for or referenced herein.   This Settlement Agreement supersedes all prior or contemporaneous discussions, agreements, and understandings among the Parties to this Settlement Agreement with respect hereto.  This Settlement Agreement may not be modified in any respect except by a writing that is executed by all the Parties hereto.

## 27.        No Conflict Intended

The headings used in this Settlement Agreement are for the convenience of the reader only and shall not have any substantive effect on the meaning and/or interpretation of this Settlement Agreement.

## 28.        No Party is the Drafter

None of the Parties shall be considered to be the drafter of this Settlement Agreement or any provision herein for the purpose of any statute, case law, or rule of interpretation or construction that might cause any provision to be construed against the drafter.

### 29.        Choice of Law

All terms within the Settlement Agreement and its exhibits hereto shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of law principles, including N.Y. General Obligations Law § 15-108.

### 30.        Execution in Counterparts

This Settlement Agreement may be executed in one or more counterparts.  Facsimile and scanned/PDF signatures shall be considered valid signatures.  All executed counterparts shall be deemed to be one and the same instrument.  There shall be no agreement until the fully signed counterparts have been exchanged and delivered on behalf of all Parties.

### 31.        Submission to and Retention of Jurisdiction

The Parties, Released Parties, and the Settlement Class irrevocably submit, to the fullest extent permitted by law, to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement, or the exhibits hereto.  For the purpose of such suit, action, or proceeding, to the fullest extent permitted by law, the Parties, Released Parties and the Settlement Class irrevocably waive and agree not to assert, by way of motion, as a defense, or otherwise, any claim or objection that they are not subject to the jurisdiction of such Court, or that such Court is, in any way, an improper venue or an inconvenient forum or that the Court lacked the authority to approve this Settlement Agreement or enter any of the orders contemplated hereby.

### 32.        Contribution and Indemnification

This Settlement Agreement is expressly intended to absolve the Released Parties of any claims for contribution, indemnification, or similar claims from other Defendants in the Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted

under the law of New York or any other jurisdiction that might be construed or deemed to apply for claims of contribution, indemnification, or similar claims against any Released Party. Notwithstanding the foregoing, should any court determine that any Defendant is or was legally entitled to any kind of contribution or indemnification from any Released Parties arising out of or related to the Released Claims, the Releasing Parties agree that any money judgment subsequently obtained by the Releasing Parties against any such Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for contribution, indemnification, or similar claims against a Released Party.

### 33.        Reservation of Rights

This Settlement Agreement does not settle or compromise any claims by Representative Plaintiffs or any Class Member asserted against any Defendant or any potential defendant other than Settling Defendants and the Released Parties.  The rights of any Class Member against any other Person other than the Released Parties are specifically reserved by Representative Plaintiffs and the Class Members, subject to Section 32.

### 34.        Notices

All notices and other communications under this Settlement Agreement shall be sent to the Parties to this Settlement Agreement at their address set forth on the signature page herein, or such other address as each party may designate for itself, in writing, in accordance with this Settlement Agreement.

### 35.        Authority

In executing this Settlement Agreement, Plaintiffs' Counsel represent and warrant that they have been fully authorized to execute this Settlement Agreement on behalf of the Representative Plaintiffs and the Settlement Class (subject to final approval by the Court after notice to all Class

Members), and that all actions necessary for the execution of this Settlement Agreement have been taken. Settling Defendants represent and warrant that the undersigned are fully empowered to execute the Settlement Agreement on behalf of Settling Defendants, and that all actions necessary for the execution of this Settlement Agreement have been taken.

## 36. Disputes or Controversies

(A)      Any dispute or controversy arising out of or relating to the cooperation or termination provisions of this Settlement Agreement shall be resolved first by discussion among counsel for the Parties and, failing that, by confidential mediation, or, if mediation fails to resolve the dispute, by arbitration, in each case administered by a sole neutral agreed upon by all Parties at JAMS, Inc. ("JAMS"), formerly known as Judicial Arbitration and Mediation Services, or such other alternative dispute resolution organization as all parties shall agree (together, the "Mediation Provider"), and the mediator shall be selected and agreed upon by the Parties. If the Parties are unable to agree on the mediator within thirty (30) calendar days from the date on which either party first notifies the Mediation Provider of its request for mediation, the Mediation Provider shall appoint the mediator. The seat of mediation shall be New York, New York. If mediation fails to resolve the dispute, it shall be decided by arbitration, in each case administered by a sole neutral arbitrator agreed upon by all Parties at the Mediation Provider in accordance with its procedures and Comprehensive Arbitration Rules & Procedures then in effect ("Rules") and in accordance with the Expedited Procedures in those Rules (or such other alternative dispute resolution organization as all parties shall agree), except as modified herein. If the Parties are unable to agree on the sole neutral within thirty (30) calendar days from the date on which the alternative dispute resolution process is commenced, the Mediation Provider shall appoint the sole neutral. The seat of arbitration shall be New York, New York. Any application challenging the results of the

arbitration shall be heard by the United States District Court for the Southern District of New York or, if subject-matter jurisdiction is lacking, the Supreme Court of the State of New York located in New York County.  In the event of a dispute over whether a requested production of Cooperation Materials may result in contravention of foreign law by a Settling Defendant, the reasonableness of the relevant Settling Defendant position may be determined exclusively by reference to applicable foreign law.

(B)     Any such mediation and/or arbitration shall be conducted on a strictly confidential basis, and the Parties shall not disclose the existence or nature of any claim; any documents, correspondence, briefing, exhibits, or information exchanged or presented in connection with any claim; or any rulings, decisions, or results in the context of arbitration (collectively, "Arbitration Materials") to any third party, with the sole exception of the Parties' respective legal counsel (who shall also be bound by these confidentiality terms) or to the extent that such disclosure is required or advisable pursuant to bank regulatory requirements, SEC requirements, or other legal or regulatory requirements.

(C)     Subject to any timely challenges under this Section, the arbitral decision shall be final and binding upon the parties hereto.  Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction.  Except as the Rules may provide, the Parties shall share the Mediation Provider's administrative fees and the mediator's or arbitrator's fees and expenses.  Each Party shall be responsible for such Party's attorneys' fees and costs except as otherwise provided by any applicable statute or other law.  Either Party may commence litigation in any state or federal court of competent jurisdiction located in New York County, New York to obtain injunctive relief in aid of arbitration, to compel arbitration, or to confirm or vacate an arbitrator's award.  The Parties agree to take all steps necessary to protect the confidentiality of

the Arbitration Materials in connection with any such proceeding, agree to use their best efforts to file all confidential information (and documents containing confidential information) under seal, and agree to the entry of an appropriate protective order encompassing the confidentiality terms of any settlement agreement.  The seat of arbitration shall be New York, New York.

**37.**      **Stay**

The Parties stipulate and agree that all proceedings and deadlines in the Action (including with respect to discovery, except with respect to Settling Defendants' cooperation obligations as provided in Section 4 above) between Representative Plaintiffs and Settling Defendants shall be stayed pending the Court's entry of the Preliminary Approval Order.  The stay will automatically be dissolved if (a) the Court does not enter the Preliminary Approval Order, the Final Approval Order, or the Final Judgment, or (b) the Court enters the Final Approval Order and the Judgment and appellate review is sought and, on such review, the Final Approval Order or the Final Judgment is finally vacated, modified, or reversed, unless the Parties, in their sole discretion within thirty (30) calendar days from the date of the mailing of such ruling to such Parties, provide written notice to all other Parties hereto of their intent to proceed with the Settlement under the terms of the Preliminary Approval Order, the Final Approval Order, or the Final Judgment, as modified by the Court or on appeal.

[*remainder of page intentionally left blank*]

Dated:  May 27, 2022

By: _____

Vincent Briganti
Geoffrey M. Horn
LOWEY DANNENBERG, P.C.
44 South Broadway
White Plains, New York 10601
Telephone: (914) 997-0500
vbriganti@lowey.com

*Counsel for Representative Plaintiffs and the Proposed Class*

Dated: May 27, 2022

By: _Penny Shane /sro_

Penny Shane
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
shanep@sullcrom.com

Brendan P. Cullen
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Telephone: (650) 461-5600
cullenb@sullcrom.com

*Counsel for Defendant Australia and New Zealand Banking Group, Ltd.*

Dated  May 26, 2022          By:   _____

Lawrence J. Portnoy
Arthur J. Burke
Paul S. Mishkin
Adam G. Mehes
DAVIS POLK & WARDELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
lawrence.portnoy@davispolk.com
arthur.burke@davispolk.com
paul.mishkin@davispolk.com
adam.mehes@davispolk.com

*Counsel for Defendant Bank of America, N.A.*

50

Dated: **May 26**, 2022

By: _Matthew J. Porpora / gsc_

Jeffrey T. Scott
Matthew J. Porpora
Stephen H. O. Clarke
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
scottj@sullcrom.com
porporam@sullcrom.com
clarkest@sullcrom.com

*Counsel for Defendant Barclays Bank PLC*

Dated:  May 26, 2022                  By: _____

Jayant W. Tambe
Kelly A. Carrero
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
jtambe@jonesday.com
kacarrero@jonesday.com

*Counsel for Defendant BNP Paribas, S.A.*

Dated:  May 26, 2022          By: _____
                                   David R. Gelfand
                                   MILBANK LLP
                                   55 Hudson Yards
                                   New York, New York 10001
                                   Telephone: (212) 530-5000
                                   dgelfand@milbank.com

                                   Mark D. Villaverde
                                   MILBANK LLP
                                   2029 Century Park East, 33rd Floor
                                   Los Angeles, California 90067
                                   Telephone: (424) 386-4000
                                   mvillaverde@milbank.com

                                   *Counsel for Defendant Commerzbank AG*

Dated: _MAY 27_, 2022          By: _____
                                    Andrew Hammond
                                    Kimberly Anne Havlin
                                    WHITE & CASE LLP
                                    1221 Avenue of the Americas
                                    New York, New York 10020
                                    Telephone: (212) 819-8200
                                    ahammond@whitecase.com
                                    kim.havlin@whitecase.com

                                    Daryl S. Lew
                                    WHITE & CASE LLP
                                    701 Thirteenth Street, NW
                                    Washington, D.C. 20005
                                    Telephone: (202) 626-3600
                                    dlew@whitecase.com

                                    *Counsel for Defendant Crédit Agricole Corporate
                                    and Investment Bank*

Dated:   May 27, 2022          By: _____
                                   Erica S. Weisgerber
                                   Matthew D. Forbes
                                   DEBEVOISE & PLIMPTON LLP
                                   919 Third Avenue
                                   New York, New York 10022
                                   Telephone: (212) 909-6000
                                   eweisgerber@debevoise.com
                                   mforbes@debevoise.com

                                   *Counsel for Defendant DBS Bank Ltd.*

Dated: 5/26 , 2022      By: _Christopher M. Viapiano / JoH_

                                          Christopher M. Viapiano
                                          SULLIVAN & CROMWELL LLP
                                          1700 New York Avenue, N.W., Suite 700
                                          Washington, D.C. 20006
                                          Telephone: (202) 956-7500
                                          viapianoc@sullcrom.com

*Counsel for Defendant MUFG Bank, Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.)*

Dated:  May 26, 2022                By: _____
                                        C. Fairley Spillman
                                        AKIN GUMP STRAUSS HAUER & FELD LLP
                                        2001 K Street, N.W.
                                        Washington, D.C. 20036
                                        Telephone: (202) 887-4409
                                        fspillman@akingump.com

                                        *Counsel for Defendant Oversea-Chinese Banking
                                        Corporation Limited*

Dated: __May 26__, 2022        By: _____

David S. Lesser
Laura Harris
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, New York 10036
Telephone: (212) 556-2100
dlesser@kslaw.com
lharris@kslaw.com

G. Patrick Montgomery
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
2nd Floor
Washington, D.C. 20006
Telephone: (202) 737-0500
pmontgomery@kslaw.com

*Counsel for Defendant The Royal Bank of Scotland plc (n/k/a NatWest Markets plc)*

Dated: May 26 , 2022

By: _____

Marc J. Gottridge
Lisa J. Fried
HERBERT SMITH FREEHILLS NEW YORK LLP
450 Lexington Avenue
14th Floor
New York, New York 10017
Telephone: (917) 542-7600
marc.gottridge@hsf.com
lisa.fried@hsf.com

Benjamin A. Fleming
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
benjamin.fleming@hoganlovells.com

*Counsel for Defendant Standard Chartered Bank*

Dated: May 26, 2022                    By: _____
                                           Mark A. Kirsch
                                           Eric J. Stock
                                           Jefferson E. Bell
                                           GIBSON, DUNN & CRUTCHER LLP
                                           200 Park Avenue
                                           New York, New York 10166
                                           Telephone: (212) 351-4000
                                           mkirsch@gibsondunn.com
                                           estock@gibsondunn.com
                                           jbell@gibsondunn.com

                                           *Counsel for Defendant UBS AG*

Dated: May 26 , 2022

By: *Michael G. Considine*
    Michael G. Considine
    Dale C. Christensen, Jr.
    Thomas Ross Hooper
    SEWARD & KISSEL LLP
    One Battery Park Plaza
    New York, New York 10004
    Telephone: (212) 574-1200
    considine@sewkis.com
    christensen@sewkis.com
    hooper@sewkis.com

    *Counsel for Defendant United Overseas Bank Limited*