UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund L.P., MOON CAPITAL PARTNERS MASTER FUND LTD., and MOON CAPITAL MASTER FUND LTD., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-v.-<br><br>CITIBANK, N.A., BANK OF AMERICA, N.A., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, UBS AG, BNP PARIBAS, S.A., OVERSEA-CHINESE BANKING CORPORATION LTD., BARCLAYS BANK PLC, DEUTSCHE BANK AG, CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, CREDIT SUISSE AG, STANDARD CHARTERED BANK, DBS BANK LTD., ING BANK, N.V., UNITED OVERSEAS BANK LIMITED, AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, COMMERZBANK AG, AND JOHN DOES NOS. 1-50,<br><br>Defendants. | Docket No. 16-cv-05263 (AKH) |

[~~AMENDED PROPOSED~~] ORDER
PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT WITH
CITIGROUP INC. AND CITIBANK, N.A., SCHEDULING A HEARING FOR
FINAL APPROVAL THEREOF, AND APPROVING THE PROPOSED FORM
AND PROGRAM OF NOTICE TO THE CLASS

Plaintiffs Fund Liquidation Holdings LLC (as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund L.P.), Moon Capital Partners Master Fund Ltd., and Moon Capital Master Fund Ltd. (collectively, "Representative Plaintiffs") and the Settlement Class, having applied for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Defendants Citibank, N.A. and Citigroup Inc. (collectively, "Citi") in accordance with the Stipulation and Agreement of Settlement entered into on May 22, 2018 (the "Settlement Agreement") between Representative Plaintiffs and Citi; the Court having read and considered the Settlement Agreement and accompanying documents; and Representative Plaintiffs and Citi (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this ___ day of _____, 20___, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1. Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto, and the Settlement contained therein under 28 U.S.C. § 1331.

3. Solely for purposes of the Settlement, the Settlement Class is hereby preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment. The Settlement Class is defined as:

> All Persons (including both natural persons and entities) who purchased, sold, held, traded, or otherwise had any interest in SIBOR- and/or SOR-based

Derivatives[1] during the period of January 1, 2007 to December 31, 2011 (the "Class Period"). Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

4. Notwithstanding the sentence above that "[e]xcluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government," and solely for purposes of this Settlement and this Settlement Class, Investment Vehicles[2] are not to be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants. However, to the extent that Citi directly or indirectly held a beneficial interest in an Investment Vehicle, that interest held by Citi in the Investment Vehicle is excluded from the Settlement Class.

5. The Court hereby appoints Lowey Dannenberg, P.C. as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlement.

7. Fund Liquidation Holdings LLC, Moon Capital Partners Master Fund Ltd., and Moon Capital Master Fund Ltd. are hereby appointed as representatives of the Settlement Class.

---

[1] "SIBOR- and/or SOR-Based Derivatives" means (i) a SIBOR- and/or SOR-based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (ii) an option on a SIBOR- and/or a SOR-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iii) a Singapore Dollar currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iv) a SIBOR- and/or SOR-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S; and/or (v) a SIBOR- and/or SOR-based foreign exchange swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.

[2] "Investment Vehicles" means any investment company, separately managed account or pooled investment fund managed or advised by Citi or an affiliate, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans as to which Citi or its affiliates acts as an investment advisor or otherwise may be a fiduciary.

2

8. A hearing will be held on or about November 29, 2022 at 12 [a.m./p.m] in AKH Courtroom 14D of this Courthouse before the undersigned to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and venue of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Class Members, other than that which may be posted at the Court or on the Settlement website at www.siborsettlement.com.

9. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

10. The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The terms of the Distribution Plan, the Supplemental Agreement, and the Proof of Claim and Release also are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

11. All proceedings in this Action as to Citi, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

12. All Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined: (i) from filing, commencing, prosecuting,

3

intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

13. Within thirty (30) days after entry of this Order, the Settlement Administrator shall cause copies of the long form notice, in the form (without material variation) of Exhibit _ to the Declaration of Vincent Briganti dated May 27, 2022 (the "Briganti Decl."), to begin being mailed by United States first class mail, postage prepaid, as described in the proposed notice program attached to the Declaration of Linda V. Young, dated May 13, 2022 (the "Young Decl."). ECF No. 473-7. The foregoing mailings shall be substantially completed no later than September 19, 2022.

14. Commencing no later than thirty (30) days after entry of this Order, the Settlement Administrator shall cause to be published a short form notice, without material variation from Exhibit _ to the Briganti Decl., as described in the proposed notice program attached to the Young Decl. ECF No. 473-7. Prior to the Effective Date of the Settlement, all reasonable notice and administration costs up to $500,000 may be paid as set forth in the Settlement Agreement without further order of the Court.

15. The Settlement Administrator shall maintain a Settlement website, www.siborsettlement.com, beginning on the first date of publication notice to the Class and

4

remaining until the termination of the administration of the Settlement. The website shall include copies of the Settlement Agreement (including exhibits), this Order, the long form and short form notices, the motion for preliminary approval and all exhibits attached thereto, and the Distribution Plan, and shall identify important deadlines and provide answers to frequently asked questions. The website may be amended as appropriate during the course of the administration of the Settlement.

16. The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

17. The Court approves, in form and substance, the long form notice, the short form notice, and the website as described herein. The Class Notice plan specified herein: (i) is the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency and status of this Action and of their right to participate in, object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and Due Process.

18. On or before October 3, 2022, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 13-16 of this Order.

19. Any Class Member and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses or incentive awards, or the Final Approval Order and Final Judgment, or who

otherwise wishes to be heard, may participate personally or through his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and Citi's counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Class Member or any governmental entity shall be considered by the Court unless, not later than October 17, 2022, the Class Member or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on Class Counsel and counsel of record for Citi) a statement of the objection, as well as the specific legal and factual reasons for each objection, including all support that the objecting Class Member or the governmental entity wishes to bring to the Court's attention and all evidence the objecting Class Member or governmental entity wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) the name, address, telephone number and email address of the Person or entity objecting and must be signed by the objector (an attorney's signature is not sufficient); (2) a heading that refers to this Action by case name and case number (*Fund Liquidation Holdings LLC, et al. v. Citibank, N.A., et al.*, No. 1:16-cv-05263 (AKH) (S.D.N.Y.)); (3) a statement of the Class Member's or governmental entity's objection or objections, and the specific legal and factual basis for each objection argument, including any legal and evidentiary support the Class Member or governmental entity wishes to bring to the Court's attention; (4) whether the objection applies only to the objecting Person or entity, a specific subset of the Class, or the entire Class; (5) documentary proof of the objecting Person's or entity's membership in the Settlement Class including a description of the SIBOR- and/or SOR-Based Derivatives transactions entered into by the Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the counterparty to the transaction, the date of the transaction, the type of the

6

transaction, any transaction identification numbers, the rate, and the notional amount of the transaction); (6) a statement of whether the objecting Person or entity intends to participate at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, telephone number, and email address; (7) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years; and (8) a description of any and all evidence the objecting Person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; and all exhibits intended to be introduced at the Fairness Hearing. Persons or entities who have timely submitted a valid Request for Exclusion are not Class Members and are not entitled to object.

20. Any objection to the Settlement submitted by a Class Member or governmental entity pursuant to paragraph 19 of this Order must be signed by the Class Member or governmental entity (or his, her, or its legally authorized representative), even if the Class Member or governmental entity is represented by counsel. The right to object to the proposed Settlement must be exercised individually by a Class Member or governmental entity, or the Person's or entity's attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Class Member's or governmental entity's legally authorized representative.

21. Objectors may, in certain circumstances, be required to make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

22. Any Class Member or governmental entity that fails to object in the manner described in paragraphs 19-21 of this Order shall be deemed to have waived the right to object

(including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement shall be completed no later than fourteen (14) days before the Fairness Hearing. Class Counsel, Citi's counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than seven (7) days before the Fairness Hearing.

23. Any Request for Exclusion from the Settlement by a Class Member must be sent in writing by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) to the Settlement Administrator at the address in the long form notice and received no later than October 17, 2022 (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

(a) the name, address, telephone number, and email address of the Person or entity seeking exclusion, and in the case of entities, the name, telephone number, and email address of the appropriate contact person;

(b) a statement that such Person or entity requests to be excluded from the Settlement Class in this Action (*Fund Liquidation Holdings LLC, et al. v. Citibank, N.A., et al.*, No. 16-cv-05263 (AKH) (S.D.N.Y.)); and

(c) one or more document(s) sufficient to prove membership in the Settlement Class, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative.

With respect to the kinds of documents that are requested under subsection (d) of this Paragraph, any Class Member seeking to exclude himself, herself or itself from the Settlement Class is also requested to and may opt to provide one or more documents(s) evidencing eligible trading in SIBOR- and/or SOR-Based Derivatives during the Class Period (including for each transaction, the date, time and location of the transaction, the instrument type, direction (*i.e.*, purchase or sale) of the transaction, the counterparty, any transaction identification numbers, and the total amount

8

transacted (in Singapore Dollars (SGD))).

24. Any Request for Exclusion from the Settlement submitted by a Class Member pursuant to paragraph 23 of this Order must be signed by the Class Member (or his, her, or its legally authorized representative), even if the Class Member is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a Class Member's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information listed in paragraph 23 of this Order, complies with this paragraph 24, and is received by the Exclusion Bar Date, as set forth in the Class Notice. The Parties may seek discovery, including by subpoena, from any Class Member who submits any Request for Exclusion limited to information the Parties require for purposes of determining whether the confidential provision setting forth certain conditions under which the Settlement may be terminated if potential Class Members who meet certain criteria exclude themselves from the Settlement Class has been triggered.

25. Any Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Class Member never received actual notice of the Action or the proposed Settlement.

26. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log or Request for Exclusion to Class Counsel and Citi's counsel as requested.

9

27. The Settlement Administrator shall furnish Class Counsel and counsel for Citi with copies of any and all objections, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one (1) Business Day of receipt thereof.

28. Within five (5) Business Days following the Exclusion Bar Date, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the opt-out list. The Settlement Administrator shall provide counsel for Citi and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one (1) Business Day after receipt by the Settlement Administrator and, in no event, later than five (5) Business Days after the Exclusion Bar Date. Class Counsel shall file the opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

29. All Proofs of Claim and Release shall be submitted by Class Members to the Settlement Administrator as directed in the long form notice and must be postmarked no later than thirty (30) days after the Fairness Hearing.

30. To effectuate the Settlement and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the long form notice and the short form notice), a toll-free interactive voice response telephone system and call center, and a website for the purpose of communicating with Class Members; (b) effectuating the Class Notice plan, including by running potential Class Members' addresses through the

National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Class Members, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among Class Members; (e) determining the timeliness of each Proof of Claim and Release submitted by Class Members, and the adequacy of the supporting documents submitted by Class Members; (f) corresponding with Class Members regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the timeliness and validity of all Requests for Exclusion received from Class Members; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and counsel for Citi; and (j) providing Class Counsel and counsel for Citi with copies of any Requests for Exclusion (including all documents submitted with such requests).

31.    The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Net Settlement Fund and shall maintain a copy of all electronic communications related to the Settlement for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

32.    The Court preliminarily approves the establishment of the Settlement Fund defined in the Settlement Agreement (the "Settlement Fund") as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

33.    The Court appoints A.B. Data, Ltd. to act as Escrow Agent for the Settlement Fund.

34.     Neither the Settlement Agreement (nor any of its exhibits), whether or not it shall become Final, nor any negotiations, documents, and discussions associated with it, nor the Preliminary Approval Order nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Citi; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any manipulation or artificiality of the prices for SIBOR- and/or SOR-Based Derivatives; (e) any fault or omission of Citi in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (f) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (including its exhibits), whether or not it shall become Final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which such documents are asserted as a defense. All rights of Citi and Representative Plaintiffs are reserved and retained if the Settlement does not become Final in accordance with the terms of the Settlement Agreement.

35.     Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement on or before October 3, 2022; and reply papers, if any, shall be filed no later than seven (7) days before the Fairness Hearing.

36. If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

37. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Class Members, other than that which may be posted at the Court or on the Settlement website, www.siborsettlement.com.

38. In the event that the Settlement is terminated in accordance with its provisions, such terminated Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

39. If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

40. The Court's preliminary certification of the Settlement Class and appointment of Representative Plaintiffs as class representatives, as provided herein, are without prejudice to, or waiver of, the rights of any non-settling Defendant to contest any other request by Representative Plaintiffs to certify a class. The Court's findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in the Action, or appoint class representatives, and no Person may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

41. Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

**IT IS SO ORDERED.**

Signed this ___ day of _____, 20__, at the Courthouse for the United States District Court for the Southern District of New York.

The Honorable Alvin K. Hellerstein
United States District Judge

14