# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund L.P., MOON CAPITAL PARTNERS MASTER FUND LTD., and MOON CAPITAL MASTER FUND LTD., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CITIBANK, N.A., BANK OF AMERICA, N.A., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, UBS AG, BNP PARIBAS, S.A., OVERSEA-CHINESE BANKING CORPORATION LTD., BARCLAYS BANK PLC, DEUTSCHE BANK AG, CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, CREDIT SUISSE AG, STANDARD CHARTERED BANK, DBS BANK LTD., ING BANK, N.V., UNITED OVERSEAS BANK LIMITED, AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, COMMERZBANK AG, AND JOHN DOES NOS. 1-50, <br><br> Defendants. | Docket No. 16-cv-05263 (AKH) |

**REPLY IN SUPPORT OF REPRESENTATIVE PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS AND PLAINTIFFS' COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF <u>EXPENSES AND PLAINTIFFS' REQUEST FOR INCENTIVE AWARDS</u>**

**I.      INTRODUCTION**

After more than 31,800 copies of the mailed notice have been distributed to potential Class Members, **not one** objection has been filed and **only one** opt-out request has been received.

The over-the-counter ("OTC") derivatives market in which SIBOR- and/or SOR-Based Derivatives traded is comprised almost entirely of sophisticated institutional investors. Unlike futures contracts, OTC derivatives are traded between two parties and not through an exchange or intermediary. Most OTC derivatives transactions are governed by an ISDA Master Agreement. *See In re Lehman Bros. Holdings Inc.*, No. 08-13555 SCC, 2015 WL 7194609, at *1 n.1 (S.D.N.Y. Sept. 16, 2015) (ISDA Master Agreements "serve[] as the contractual foundation for more than 90% of derivatives transactions globally"). The parties to an OTC derivatives transaction, like SIBOR- and/or SOR-Based Derivatives, must have the financial wherewithal and sophistication to mitigate credit risk by stipulating the terms and conditions under which they are required to post collateral to each other pursuant to an ISDA Master Agreement. As a result, typically only well-resourced institutional investors engage in these transactions.[1]

Given their resources, institutional investors have the means to assess the adequacy of the Settlements and to engage legal counsel to challenge the fairness of the Settlements, attorneys' fees and expenses and any incentive awards. That not a single one of these knowledgeable and well-resourced Class Members has objected to the Settlements and Plaintiffs' Counsel's fee and expense request is therefore particularly telling. Such an overwhelmingly positive reaction by the Class "is entitled to great weight by the Court" and supports granting final approval of the

---

[1] Only a small number of individuals have sufficient credit to merit having an ISDA Master Agreement to trade OTC derivatives. For background, *see* Alastair March, *Inside the World's Most Elite (and Secret) Traders' Club*, BLOOMBERG, Mar. 3, 2018, *available at*: https://www.bloomberg.com/news/features/2018-05-03/inside-the-world-s-most-elite-and-secret-traders-club. According to the article, at least $25 million in assets would be required to have an ISDA Master Agreement, and fewer than 12 individuals have been identified with ISDA Master Agreements.

Settlements and granting the requested fee, expenses and Incentive Awards. *In re Veeco Instruments Inc. Sec. Litig*., No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007); *see also Vaccaro v. New Source Energy Partners L.P*., No. 15cv8954 (KMW), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017).

**II.     THE SETTLEMENTS SHOULD BE GRANTED FINAL APPROVAL**

    **A.     The Reaction of the Settlement Class Supports Final Approval of the Settlements**

As set forth in the Final Approval Motion, the Settlements are recommended by experienced counsel and are the product of arm's-length negotiations. *See* Mem. in Support of Mot. for Final Approval of Class Action Settlements at 7-12 (ECF No. 527). This Court has already thoroughly reviewed the merits of each Settlement, as well as the fairness of the proposed distribution plan, at the preliminary approval stage. *See* ECF Nos. 518 (May 19, 2022 Hearing Transcript), 528-2 (June 9, 2022 Hearing Transcript), 509-515 (Preliminary Approval Orders). Plaintiffs implemented a comprehensive Notice Plan to inform class members of their rights and options. The objection and opt-out periods ended on October 31, 2022 with no objections filed by Class Members. Decl. of Jack Ewashko on Behalf of A.B. Data, Ltd. Regarding Requests for Exclusion dated November 7, 2022 ("Ewashko Opt-Out Decl.") ¶ 8 (ECF No. 535-1). Only one potential Class Member chose to opt-out from the Settlements at the end of the Notice Period. Ewashko Opt-Out Decl. ¶ 6.

The lack of objections to or significant opt outs from the Settlements independently supports a finding of that the Settlements are fair. *See Maley v. Del Glob. Techs. Corp*., 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002) (stating that "the lack of objections may well evidence the fairness of the Settlement"). Given the size and sophistication of the Class and the comprehensiveness of the Notice Plan, the single opt-out reflects the overwhelming support the

Settlements have from the Class. That approval by the Class carries significant weight where Class Members are almost entirely composed of sophisticated institutional investors with significant stakes in the outcome of the litigation. *See In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728(CM)(SDA), 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("Institutional investors are often sophisticated and possess the incentive and ability to object. Accordingly, the absence of objections by these sophisticated class members is further evidence of the fairness of the Settlement."); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020); *In re Bisys Sec. Litig.*, No. 04 Civ. 3840 (JSR), 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting lack of objections by class members "who presumably had the means, the motive, and the sophistication to raise objections").

Accordingly, the reaction of the Class to the Settlements, like the other *Grinnell* factors and Rule 23(e)(2)(A) factors discussed in the Final Approval Motion, supports final approval of the Settlements.

### B. The Settlement Class's Reaction Supports Granting the Requested Attorney Fees, Expenses and Incentive Awards

Class Members had sufficient time and materials from which to make an informed decision about whether to object to the requested awards.  The Class Notice informed Class Members of the terms of the proposed Settlement and Distribution Plan and how to submit a claim for possible payment from the Settlement. It further advised that Lead Counsel would seek an award of attorneys' fees in an amount not to exceed 33.33% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $750,000, and potential Incentive Awards of up to $500,000 in the aggregate.  Decl. of Jack Ewashko on Behalf of A.B. Data, Ltd. Regarding

3

Notice Administration dated October 10, 2022 ("Ewashko Notice Decl.") Ex. A at 19 (ECF No. 528-3). The Class Notice also informed Class Members of their right to object to the proposed Settlement, the Distribution Plan, the request for fees and expenses, or the incentive awards; the deadline for submitting claims; and the deadline for objections and opt-outs. *Id*. at 26.

Notably, Plaintiffs' Counsel ultimately requested less in the way of fees, expenses and incentive awards than what was listed in the Class Notice: 25% of the Settlement Fund for attorneys' fees, $179,945.33 for Litigation Expenses, and $375,000 in the aggregate as Incentive Awards for the three Representative Plaintiffs. *See* Mem. of Law in Support of Plaintiffs' Counsel's Mot. for an Award of Attorneys' Fees and Reimbursement of Expenses and Plaintiffs' Request for Incentive Awards at 1 (ECF No. 529). The Court-appointed Settlement Administrator uploaded Plaintiffs' preliminary and final approval motions to the Settlement Website soon after they were filed, giving Settlement Class Members ample time to review and evaluate the requests prior to the objection and opt out deadline. *See* Ewashko Notice Decl. ¶ 21 (ECF No. 528-3).

Just as the absence of objections and opt-outs weighs heavily in favor of final approval of the Settlements, so too does it support granting the attorneys' fees, expenses, and incentive awards requested. *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 804 (S.D. Tex. 2008) (since institutional investors in particular have the capacity to scrutinize the proposals, the lack of objections demonstrates a "general acceptance of the requested fee amount by all the pension funds and . . . institutional investors [which in turn] strongly supports the reasonableness" of the proposed fee). Sophisticated institutional investors' lack of objections to the proposed fee award indicates that the award is not excessive or disproportionate. *See In re AOL Time Warner, Inc. Sec.*, No. 02 CIV. 5575 (SWK), 2006 WL 3057232, at *17 (S.D.N.Y. Oct. 25, 2006) ("The competing poles of public policy consideration are the encouragement of counsel to accept worthy

4

engagements and the discouragement of excessive lawyer compensation. These two objectives can be reconciled.").

## CONCLUSION

For the foregoing reasons, Representative Plaintiffs respectfully request that the Court finally approve the Settlements and the Distribution Plan, finally certify the Settlement Class, and enter the proposed Final Approval Orders and Final Judgments dismissing with prejudice the claims against the Settling Defendants. Plaintiffs' Counsel further respectfully request that the Court approve their motion for attorneys' fees and payment of litigation costs, and Plaintiffs' request for Incentive Awards.

Dated: November 21, 2022
White Plains, New York

**LOWEY DANNENBERG, P.C.**

By: */s/ Vincent Briganti*
Vincent Briganti
Geoffrey M. Horn
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel.: 914-997-0500
Fax: 914-997-0035
E-mail: vbriganti@lowey.com
E-mail: ghorn@lowey.com

*Counsel for Representative Plaintiffs and the Proposed Class*