ECF 545

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund L.P., MOON CAPITAL PARTNERS MASTER FUND LTD., and MOON CAPITAL MASTER FUND LTD., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A., BANK OF AMERICA, N.A., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, UBS AG, BNP PARIBAS, S.A., OVERSEA-CHINESE BANKING CORPORATION LTD., BARCLAYS BANK PLC, DEUTSCHE BANK AG, CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, CREDIT SUISSE AG, STANDARD CHARTERED BANK, DBS BANK LTD., ING BANK, N.V., UNITED OVERSEAS BANK LIMITED, AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, COMMERZBANK AG, AND JOHN DOES NOS. 1-50,<br><br>Defendants. | Docket No. 16-cv-05263 (AKH) |

[~~PROPOSED~~]
### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., BANK OF AMERICA, N.A., BARCLAYS BANK PLC, BNP PARIBAS, S.A., COMMERZBANK AG, CRÉDIT AGRICOLE CORPORATE AND INVESTMENT BANK, DBS BANK LTD., MUFG BANK, LTD. (F/K/A THE BANK OF TOKYO-MITSUBISHI UFJ, LTD.), OVERSEA-CHINESE BANKING CORPORATION LIMITED, THE ROYAL BANK OF SCOTLAND PLC (N/K/A NATWEST MARKETS PLC), STANDARD CHARTERED BANK, UBS AG, AND UNITED OVERSEAS BANK LIMITED

This matter came for a duly-noticed hearing on November 29, 2022 (the "Fairness Hearing"), upon Representative Plaintiffs'[1] Motion for Final Approval of Class Action Settlement with Australia and New Zealand Banking Group, Ltd. ("ANZ"), Bank of America, N.A. ("BOA"), Barclays Bank PLC ("Barclays"), BNP Paribas, S.A. ("BNPP"), Commerzbank AG ("Commerzbank"), Crédit Agricole Corporate and Investment Bank ("CACIB"), DBS Bank Ltd. ("DBS"), MUFG Bank, Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.) ("MUFG"), Oversea-Chinese Banking Corporation Limited ("OCBC"), The Royal Bank of Scotland plc (n/k/a NatWest Markets plc) ("RBS"), Standard Chartered Bank ("SCB"), UBS AG ("UBS"), and United Overseas Bank Limited ("UOB") (collectively, the "Settling Defendants") in the action captioned *Fund Liquidation Holdings LLC, et al. v. Citibank, N.A., et al.*, No. 16-cv-05263 (AKH) (S.D.N.Y.) (the "Action"), which was consented to by the Settling Defendants (together with Representative Plaintiffs, the "Parties"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.     This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 27, 2022 between Representative Plaintiffs and Settling Defendants, ECF No. 499-1 (the "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

---

[1] The "Representative Plaintiffs" are Fund Liquidation Holdings, LLC (as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund L.P.), Moon Capital Partners Master Fund Ltd., and Moon Capital Master Fund Ltd.  Unless otherwise noted, ECF citations are to the docket in this Action, Docket No. 16-cv-05263 (AKH) (S.D.N.Y.).

2.      Upon the Effective Date of the Settlement, the Action, including each claim in the

Action, is hereby dismissed with prejudice on the merits as to Settling Defendants (but not any

other Defendant) without fees or costs except as provided by the terms of the Settlement.

3.      Upon the Effective Date of the Settlement, the Action shall be dismissed fully,

finally and in its entirety against Settling Defendants.

4.      Upon the Effective Date of the Settlement, the Releasing Parties[2] shall be deemed

to have, and by operation of this Final Judgment have, finally and forever released and discharged

from and covenanted not to sue the Released Parties[3] for any and all manner of claims, including

unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands,

judgments, suits, obligations, debts, set-offs, rights of recovery, or liabilities for any obligations of

any kind whatsoever (however denominated), whether class, derivative, or individual, in law or

equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature,

---

[2] "Releasing Parties" means each and every Representative Plaintiff, FrontPoint Asian Event Driven Fund, L.P., and Sonterra Capital Master Fund, Ltd., and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment under the Net Settlement Fund. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring or release claims on behalf of Settling Class Members, relating to their transactions in SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR and/or SOR held by Representative Plaintiffs, FrontPoint Asian Event Driven Fund, L.P., and Sonterra Capital Master Fund, Ltd., or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.). *See* Settlement Agreement § 1(FF).

[3] "Released Parties" means the Settling Defendants and each of their respective predecessors, successors and assigns, their past, present, and future direct and indirect parents, subsidiaries, and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Settling Defendants), shareholders (in their capacity as shareholders of Settling Defendants), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. *See* Settlement Agreement § 1(EE).

2

for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties concerning any SIBOR- and/or SOR-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to SIBOR or SOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of SIBOR and/or SOR under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to SIBOR and/or SOR(including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law).

5.      The following claims shall not be released by the Settlement: (i) any claims against former employees of Settling Defendants arising solely from those former employees' conduct that occurred while not employed by Settling Defendants; (ii) any claims against the named Defendants in this Action other than the Released Parties; or (iii) any claims against any Defendant not affiliated with Settling Defendants who may be subsequently added in this Action. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based

3

solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

6.      Although the foregoing release is not a general release, the foregoing release constitutes a waiver by the Parties and each Settling Class Member of any and all rights and provisions under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.  Releasing Parties and Settling Class Members shall be deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of the Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts.  In entering and making this Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

7.      Upon the Effective Date, each of the Releasing Parties shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties and agrees

and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in prosecuting any Released Claims against any Released Party.

8.      The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to the Settling Defendants shall be final and entered forthwith.

**IT IS SO ORDERED.**

Signed this _29_ day of _November_, 2022.

Hon. Alvin K. Hellerstein
United States District Judge

5