IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC, as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund L.P., MOON CAPITAL PARTNERS MASTER FUND LTD., and MOON CAPITAL MASTER FUND LTD., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A., BANK OF AMERICA, N.A., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, UBS AG, BNP PARIBAS, S.A., OVERSEA-CHINESE BANKING CORPORATION LTD., BARCLAYS BANK PLC, DEUTSCHE BANK AG, CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, CREDIT SUISSE AG, STANDARD CHARTERED BANK, DBS BANK LTD., ING BANK, N.V., UNITED OVERSEAS BANK LIMITED, AUSTRALIA AND NEW ZEALAND BANKING GROUP, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, COMMERZBANK AG, AND JOHN DOES NOS. 1-50,<br><br>Defendants. | Docket No. 16-cv-05263 (AKH) |

[REVISED PROPOSED]
### ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This matter came for a duly-noticed hearing on November 29, 2022 (the "Fairness Hearing"), upon Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses ("Fee and Expense Application") in the above-captioned action (the "Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and

adequate notice of the settlement agreements between Representative Plaintiffs'[1] and Settling Defendants[2] (the "Settlement Agreements") having been given to the Settlement Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein, having found the settlement of the Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Court has personal jurisdiction over Plaintiffs and Settling Defendants and all Settlement Class Members who have not timely and validly requested exclusion, and subject matter jurisdiction over the Action to approve the Settlement Agreements and all exhibits attached thereto.

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. The Court hereby awards Plaintiffs' Counsel attorneys' fees of $38,864,500.00 (25% of the total Settlement Funds), and litigation expenses of $179,945.33, together with interest for the same time period and at the same rate as earned by the Settlement Funds until paid, which shall be paid out of the Settlement Funds.

---

[1] Representative Plaintiffs are Fund Liquidation Holdings, LLC, individually and as assignee and successor-in-interest to FrontPoint Asian Event Driven Fund, L.P., Moon Capital Partners Master Fund Ltd., and Moon Capital Master Fund Ltd. (hereinafter and collectively "Plaintiffs"). Unless otherwise noted, ECF citations are to the docket in *Fund Liquidation Holdings LLC, et al. v. Citibank, N.A., et al.*, No. 16-cv-05263 (AKH) (S.D.N.Y.) and internal citations and quotation marks are omitted. In addition, unless otherwise defined, capitalized terms herein have the same meaning as in the Settlement Agreements. ECF Nos. 473-1, 473-2, 473-3, 473-4, 473-5, 473-6, and 499-1.

[2] "Settling Defendants" include (1) Citibank, N.A. and Citigroup Inc., (2) JPMorgan Chase & Co., (3) The Hongkong and Shanghai Banking Corporation Limited, (4) Credit Suisse AG, (5) Deutsche Bank AG, (6) ING Bank N.V., (7) Australia and New Zealand Banking Group, Ltd., (8) Bank of America, N.A., (9) Barclays Bank PLC, (10) BNP Paribas, S.A., (11) Commerzbank AG, (12) Crédit Agricole Corporate and Investment Bank, (13) DBS Bank Ltd., (14) MUFG Bank, Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.), (15) Oversea-Chinese Banking Corporation Limited, (16) The Royal Bank of Scotland plc (n/k/a NatWest Markets plc), (17) Standard Chartered Bank, (18) UBS AG, and (19) United Overseas Bank Limited.

4. Plaintiffs' Counsel is hereby authorized to allocate the attorneys' fees among Plaintiffs' Counsel and Goldstein & Russell, P.C., in a manner in which, in Plaintiffs' Counsel's judgment, reflects the contributions of such counsel to the institution, prosecution, appeal and settlement of the Action.

5. In making this award of attorneys' fees and payment of litigation expenses, the Court has considered and found that:

    a. the Settlement Agreements with Settling Defendants have created a fund of $155,458,000 in cash that Settling Defendants have paid into escrow pursuant to the terms of the Settlement Agreements;

    b. Class Members who or which submit valid Proofs of Claim and Release will benefit from the Settlements reached because of the efforts of Plaintiffs' Counsel;

    c. Plaintiffs' Counsel has prosecuted the Action and achieved the settlement with skill, perseverance, and diligent advocacy;

    d. The Action involves numerous complex factual and legal issues and was actively litigated and, in the absence of the Settlements, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

    e. Had Plaintiffs' Counsel not achieved the Settlements with Settling Defendants, there would remain a significant risk that Plaintiffs and the Settlement Class may have recovered less or nothing from Settling Defendants;

  f. The contingent nature, risks and complexity of the Action favor the fee awarded above;

  g. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

  h. Notice was disseminated stating that Plaintiffs' Counsel would be moving for attorneys' fees of not more than $51,819,333.33 (which is one-third of the Settlement Funds) and payment of litigation expenses and costs not to exceed $750,000, plus interest; and

  i. The amount of attorneys' fees awarded and expenses to be paid from the Settlement Funds are fair and reasonable in view of the applicable legal principles and the particular facts and circumstances of the Action.

6. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

7. In the event the Settlement Agreements are terminated, or the Effective Date does not occur in accordance with the terms of the Settlement Agreements, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

8. Pursuant to the Settlement Agreements, the attorneys' fees and expense awards are independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlements and are also independent of the Court's consideration of the Distribution Plan.

9. The attorneys' fees and payment of expenses awarded herein shall be paid to Plaintiffs' Counsel from the Settlement Funds as follows, subject to the terms, conditions, and obligations of the Settlement Agreements which terms, conditions, and obligations are incorporated herein:

   a. The award for payment of expenses shall be paid on December 30, 2022;

   b. One-third (1/3) of the attorneys' fee award shall be paid on January 20, 2023;

   c. One-third (1/3) of the attorneys' fee award shall be paid on July 14, 2023; and

   d. One-third (1/3) of the attorneys' fee award shall be paid upon the first distribution of the Settlement Funds to Authorized Claimants, which will occur no later than September 29, 2023.

**IT IS SO ORDERED.**

Signed this 29 day of November, 2022.

Honorable Alvin K. Hellerstein
United States District Judge

5